Mark L. Smith (#213829)
msmith@smithwashburn.com
**SMITH WASHBURN, LLP**
500 South Grand Ave., Suite 1450
Los Angeles, CA 90071
Telephone:   (213) 418-2390
Facsimile:   (213) 418-2399

*Attorneys for Reflex Media, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>v.<br><br>DOE NO. 1, an individual d/b/a www.PredatorsAlerts.com; DOE NO. 2, an individual d/b/a www.PredatorAlerts.com; DOE NO. 3, an individual d/b/a www.PredatorAlerts.co; DOE NO. 4, an individual d/b/a www.PredatorExposed.com; ARMAN ALI, an individual d/b/a/ D4 SOLUTIONS BD; MARCA GLOBAL, LLC, a Colorado limited liability company d/b/a www.InternetReputation.com; WEB PRESENCE, LLC, a Nevada limited liability company d/b/a www.EraseMugshots.com, www.NetReputation.com, www.GuaranteedRemoval.com, and www.ReputationLawyers.com; and DOES 5-50, inclusive,<br><br>        Defendants. | Case No. 4:18-cv-5018<br><br>**FIRST AMENDED COMPLAINT FOR COMPUTER FRAUD AND ABUSE, UNAUTHORIZED ACCESS TO COMPUTERS, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Reflex Media, Inc. ("**Reflex Media**"), hereby brings this complaint against Doe No. 1 d/b/a www.PredatorsAlerts.com ("**PredatorsAlerts.com**"), Doe No. 2 d/b/a www.PredatorAlerts.com ("**PredatorAlerts.com**"),  Doe No. 3 d/b/a PredatorAlerts.co ("**PredatorsAlerts.co**"), Doe No. 4 d/b/a www.PredatorExposed.com ("**PredatorExposed.com**," and together with PredatorsAlerts.com, PredatorAlerts.com, and PredatorAlerts.co, the "**Extortion Websites**"), Arman Ali d/b/a D4 Solutions BD ("**D4**

Solutions"), Marca Global, LLC d/b/a www.InternetReputation.com ("**Marca Global**"), Web Presence LLC d/b/a www.EraseMugShots.com,   www.NetReputation.com, www.GuaranteedRemoval.com, and www.ReputationLawyers.com[1] (collectively, "**Web Presence**," and together with "**Marca Global**," the "**Removal Sites**") and Does 5–50 (all defendants collectively, "**Defendants**"), and allege as follows:

## INTRODUCTION

1.     This case is about a country-wide extortion scheme being perpetrated by Defendants against Reflex Media and some of its customers.

2.     Reflex    Media    operates    several    dating    websites,    including www.SeekingArrangement.com[2] ("**SeekingArrangement.com**").

3.     Based on information and belief, Defendants' scheme essentially works as follows:

a.     Some Defendants join SeekingArrangement.com and pose as legitimate members for the purpose of gathering other members' personal identifying information, including photos, email addresses, phone numbers, and locations. For example, a Defendant may join SeekingArrangement.com and pose as an attractive woman seeking to date successful men. Defendants then entice the male user to provide them with certain personal identifying information.

b.     That personal identifying information is then posted to the Extortion Websites, where the SeeingArrangement.com members (the "**SA Members**") are victimized by Defendants' extortion scam by being accused of offering sex for money and associated with child predation.[3]

c.     The targeted SA Members are then referred to the Removal Sites, where

---

[1]  Although www.ReputationLawyers.com brands itself as a law firm, even saying they have "practice areas" in its term of use, their website explains: "This term and service site do not provide legal services. We are not lawyers or a law firm and we do not provide legal advice."
[2]  Reflex Media also owns and operates www.Seeking.com, which has assumed all internet traffic from SeekingArrangement.com, for the purposes of this complaint, Seeking.com and SeekingArrangement.com are one and the same.
[3]  Each webpage on the Extortion Websites contains an embedded video depicting an adult male preying on a female child.

they are told that the posting can be removed for a fee that generally ranges from a few hundred to even thousands of dollars.[4]

d.     As explained below, many of the SA Members victimized by this scam also receive text messages advising them that their information has been posted on the Extortion Websites, sometimes, they also receive threats that the posting will be more widely disseminated (*e.g.*, on mainstream social media) if they do not pay the Removal Sites to remove the posting.

4.     Defendants' illegal operation has caused harm to Reflex Media and the SA Members. Accordingly, Reflex Media has brought this action and respectfully requests that the Court bring an end to Defendants' illegal conduct.

## **PARTIES**

5.     Plaintiff Reflex Media is a Nevada corporation, whose principal place of business is in Las Vegas, Nevada. As noted above, Reflex Media operates several dating websites, including SeekingArrangement.com.

6.     Defendant Doe No. 1 is the owner/operator of PredatorsAlerts.com, a website that, while operational and used for the scheme complained on herein, was hosted in San Francisco, California.

7.     Defendant Doe No. 2 is the owner/operator of PredatorAlerts.com, which based on information and belief, is a sister-website to PredatorsAlerts.com. While operational and used for the scheme complained of herein, PredatorAlerts.com was hosted in Miami, Florida.

8.     Defendant Doe No. 3 is the owner/operator of PredatorAlerts.co, which based on information and belief, is a sister-website to PredatorsAlerts.com, this is the only operational website currently known to Plaintiff. PredatorAlerts.co is hosted in San Francisco, California.

9.     Defendant Doe No. 4 is the owner/operator of PredatorExposed.com, which based on information and belief, is a sister-website to PredatorsAlerts.com. While

---

[4] The Removal Websites' activities likely constitute money laundering in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957.

operational and used for the scheme complained of herein, PredatorExposed.com was hosted in Manassas, Virginia.

10.     Arman Ali is an individual residing in Rajshahi, Bangladesh, and upon information and belief, does business under the fictious name "D4 Solutions BD." D4 Solutions claims to be an "IT firm engaged in the field of software product, web solutions, web training [] and consultancy . . ." However, based on information and belief, D4 Solutions creates fake profiles on dating websites, including SeekingArrangement.com, for the purpose of creating decoy accounts that he uses to collect other users' names, phone numbers, locations and photos and then uses or sells that information to the Extortion Websites.

11.     Defendant Marca Global, LLC, is a Colorado limited liability company with its principal place of business in Greenwood Village, Colorado. Based on information and belief, Marca Global, LLC, owns and operates InternetReputation.com, which offers paid content removal services from the Extortion Websites and sends targeted solicitations for its services to the SA Members after they are posted on the Extortion Websites.

12.     Defendant Web Presence LLC is a Nevada limited liability company whose principal place of business is Sarasota, Florida. Based on information and belief, Web Presence LLC owns and operates GuaranteedRemoval.com, NetReputation.com and RepuationLawyers.com, which offer paid content removal services from the Extortion Websites and sends targeted solicitations for its services to the SA Members after they are posted on the Extortion Websites.

13.     Defendants Does 5 through 50 are persons and entities whose true identities are currently unknown but who participate in, and are in some manner responsible for, the illegal extortion scheme described herein (the "**Extortion Scheme**"). Reflex Media suspects that these persons and entities may include, but are not limited to: Minc LLC, an Ohio limited liability company that owns and operates www.DefamationRemovalLaw.com; RemoveSlander.com LLC, a Louisiana limited liability company that owns and operates www.RemoveSlander.com; Maxxphire Branding

Agency LLC, a Louisiana limited liability company; Remove Reports LLC, a Delaware limited liability company; Pierre Zarokian, a California resident who, based on information and belief, operates www.ReputationStars.com and www.FixBadReputation.com; Profit Marking Inc., a Canadian corporation that owns and operates www.123Remove.com, www.GuaranteedRemovals.com, and www.TheReputationFirm.com; and Selfobsessed Online Private Limited, an Indian corporation that owns and operates www.Defamed.com. All of these suspected persons and/or entities offer paid removal services from the Extortion Websites.

14.    Reflex Media is informed and believes that at all times referenced herein, each Defendant was or is the agent, employee, partner, co-venturer, joint venturer, successor-in-interest, alter ego, and/or co-conspirator of each and all of the other Defendants and was acting within the course and scope of said agency, employment, partnership, co-venture, joint venture, relationship and/or conspiracy. Reflex Media is further informed and believes, and on that basis alleges, that each Defendant acted in concert with, and with the consent of, each of the other Defendants, and that each Defendant ratified or agreed to accept the benefits of the conduct of each of the other Defendants. Reflex Media is further informed and believes, and on that basis alleges, that each Defendant actively and knowingly participated in the furtherance of the wrongful acts alleged herein, directed the wrongful acts alleged herein, benefitted from the wrongful acts alleged herein, and/or used the entity-Defendants in a willful and intentional manner to carry out the wrongful acts alleged herein.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Reflex Media's claim against Defendants arises under the Computer Fraud and Abuse Act, 18 USC § 1030 *et seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, under the doctrine of supplemental jurisdiction.

16.    Personal jurisdiction exists over PredatorsAlerts.com because, based on

information and belief, www.PredatorsAlerts.com is a website hosted in this judicial district that functions as the centerpiece of the Extortion Scheme. Indeed, based on information and belief, from this judicial district PredatorsAlerts.com directs, oversees and benefits from the other Defendants' conduct complained of herein. Additionally, PredatorsAlerts.com has posted and victimized California residents, including residents of this district. And, based on information and belief, PredatorsAlerts.com, and/or their agents, have created fake profiles on SeekingArrangement.com and represented themselves to be California residents, even representing themselves to be residents of this judicial district. As such, this Court may exercise personal jurisdiction over PredatorsAlerts.com without offending traditional notions of fair play and substantial justice.

17.    Personal jurisdiction exists over PredatorAlerts.com, PredatorAlerts.co and PredatorExposed.com because, based on information and belief, www.PredatorAlerts.com, PredatorAlerts.co and www.PredatorExposed.com are owned and/or operated entirely by, or with substantial assistance from, PredatorsAlerts.com[5] and each of them, by and through their employees and/or agents, have victimized California residents, including residents of this judicial district. In addition, each of them have created fake profiles on SeekingArrangement.com and represented themselves to be California residents, even representing themselves to be residents of this judicial district. As such, this Court may exercise personal jurisdiction over PredatorAlerts.com, PredatorAlerts.co and PredatorExposed.com without offending traditional notions of fair play and substantial

---

[5] Indeed, even though there have been at least four Extortion Websites, and those websites sometimes did not overlap in their existence on the Internet, www.PredatorsAlerts.com, PredatorAlerts.com, and PredatorExposed.com all share overlapping content with PredatorAlerts.co, including backdating the postings of various SA Members on PredatorAlerts.co to the day they were posted on the other Extortion Website(s), even though PredatorsAlerts.co was not yet in existence on those dates. Additionally, every SA Member that has reported that they have paid for removal services does not appear on PredatorAlerts.co, while the vast majority who did not report paying for removal services do appear. Therefore, Plaintiff believes that: 1) the Extortion Websites may be owned by the same person or entity and use a "central bank" of data that they use in their Extortion Scheme, and 2) the Removal Websites have an agreement with the Extortion Websites to ensure that those who pay for their services do not appear on other Extortion Websites associated with the scheme.

justice.

18.     Personal jurisdiction exists over Defendant Marca Global because, Marca Global advertises to California residents, including residents of this judicial district. See **Exhibits 1, 2 and 3**.[6] Furthermore, based on information and belief, Marca Global, by and through its employees and/or agents, has advertised its removal services through text messages (as further explained below) to at least one SA Member who is a California resident and who has a phone number with a California area code. Marca Global, by and through its employees and/or agents, has also sent text messages advertising its services using a number with a California area code. As such, this Court may exercise personal jurisdiction over Marca Global without offending traditional notions of fair play and substantial justice.

19.     Personal jurisdiction exists over Defendant Web Presence because, based on information and belief, Web Presence, by and through their employees and/or agents, have advertised their removal services through text messages (as further explained below) to California residents who have phone numbers with California area codes, including area codes indicating that they emanate from this judicial district. Additionally, based on information and belief, Web Presence, by and through their employees and/or agents have used a phone number with a 415 area code, which indicates that it emanates from San Francisco, California, a city in this judicial district, to send some of the removal advertisement text messages complained of herein. As such, this Court may exercise personal jurisdiction over Web Presence without offending traditional notions of fair play and substantial justice.

20.     Furthermore, all Defendants named herein are subject to personal jurisdiction in this judicial district because their conduct complained of herein emanates from a conspiracy that is directed, overseen and driven by PredatorsAlerts.com. In addition, personal jurisdiction is appropriate over those Defendants engaged in the mining of

---

[6] InternetReputation.com advertises that California.Arrests.org "currently only focuses on five counties in California." California.Arrests.org focuses on Mendocino County, a county in this judicial district.

personal information from SeekingArrangement.com, including D4 Solutions, because, based on information and belief, they sell that content to PredatorsAlerts.com and mine California residents' personal identifying information (including residents of this judicial district), thereby expressly aiming or targeting their tortious conduct at California and this judicial district. Similarly, the Removal Sites generate "clients" from the tortious acts of PredatorsAlerts.com which stem from this judicial district and, based on information and belief, the Removal Websites must obtain an "arbitration license" to remove content from the Extortion Websites. Based on information and belief, this "arbitration license" is a business relationship that allows the Removal Sites to remove content from the Extortion Websites in exchange for a portion of the revenues generated by the Removal Sites back to the Extortion Websites. As such, this Court may exercise personal jurisdiction over all Defendants without offending traditional notions of fair play and substantial justice.

21.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred within this judicial district, substantial injury occurred in this district, and Defendants are otherwise subject to the Court's personal jurisdiction in this district.

## GENERAL ALLEGATIONS

### DEFENDANTS' UNAUTHORIZED ACCESS TO SEEKINGARRANGEMENT.COM

22.     As mentioned above, at least some Defendants (each a "**Data Miner**" or collectively, the "**Data Miners**") are creating fake profiles on SeekingArrangement.com (the "**Decoy Profiles**") that they use to meet and communicate with SA Members for the purpose of collecting their names, phone numbers, locations, and photos so that they and/or other Defendants can post that information on the Extortion Websites.

23.     The Decoy Profiles have been shut down by Reflex Media as they have been identified and the Data Miners have been permanently banned from using SeekingArrangement.com for any purpose.

24.     Nevertheless, the Data Miners continue to return to SeekingArrangement.com and gain, or attempt to gain, unauthorized access to the website using fake email accounts

and virtual private network technology. This "whack-a-mole" pattern continues today and detracts valuable resources from Reflex Media's regular operations to prevent their illegal actions.

25.     Based on information and belief, Defendant D4 Solutions is a Data Miner that actually sells SA Member data to another person or entity, who, based on information and belief, is one of the Defendants named in this complaint.

26.     In fact, according to D4 Solutions, for every 100 personal profiles mined from SeekingArrangement.com, his agents will be paid 200 Bangladeshi taka (approximately $2.50 USD).

THE EXPOSURE AND EXTORTION

27.     The SA Member information collected by the Data Miners is then posted to one or more of the Extortion Websites. As explained above, much of SA Member information and other data used on one of the Extortion Websites has been used on the other Extortion Websites. In all (or nearly all) cases, the SA Member information, once posted to one (or a multiple of the Extortion Websites), is tied to a claim that the profiled victim "pays money for sex," or some similar defamatory accusation.

28.     In some cases, the posting is accompanied by a countdown clock and demand that appears as follows:



**If no arbitration is taken before countdown expired, then this predator's post will be posted on social media websites such as Google, Bing, Facebook and Twitter.**

////

////

////

29.     Accompanying each SA Member's personal identifying information posted to the Extortion Websites is a hyperlink that appears as follows:

**CLICK HERE**

# REMOVE MY NAME

30.     On PredatorsAlerts.com, clicking on this link took the visitor to http://predatorsalerts.com/removal-policy/, where the following internet content removal service providers were listed: DefamationRemovalLaw.com, InternetReputation.com, RemoveSlander.com, RemoveReports.com, ReputationLawyers.com, ReputationStars.com, "Fix Bad Reputation," and "Defamed."

31.     On PredatorAlerts.com, clicking on this link took the visitor to http://predatoralerts.com/removal-policy/, where the following internet content removal service providers were listed: ReputationLawyer.com, "Internet Reputation," "Remove Slander," "Guaranteed Removals," "Defamed," "Reputation Stars," and "Fix Bad Reputation."

32.     On PredatorAlerts.co, clicking on this link takes the visitor to http://predatoralerts.com/removal-policy/, where the following internet content removal service providers were listed: DefamationRemovalLaw.com Internetreputation.com, RemoveSlander.com, RemoveReports.com, ReputationLawyers.com, ReputationStars.com, "Fix Bad Reputation," and "Defamed."

33.     On PredatorExposed.com, clicking on this link will take the visitor to http://predatorexposed.com/removal-policy/, where the following internet content removal service providers are listed: Minclaw.com, 123Remove.com,

RemoveOnlineInformation.com, Maxxphirepr.com, Removemugshots.net, GreatOnlineReputation.com, "Fix Bad Reputation," and "Defamed."

34.     On PredatorExposed.com, the foregoing removal websites advertise that they can remove a person posted or "exposed" on one of the Extortion Websites in 24 hours to 30 days for a removal fee ranging from $600 to $2,400.

35.     Based on these guarantees and quick turnaround times, and the facts below regarding the representations made by the various internet content removal service providers (including the Removal Sites), Plaintiff believes that the Extortion Websites and the Removal Websites have an agreement that allows the Removal Sites to remove content (possibly unilaterally) from the Extortion Websites in exchange for payment, with the understanding that the Extortion Websites will generate clients for the Removal Websites.

36.     The President of Remove Reports LLC, Martin Horan, which owns and operates RemoveReports.com, has claimed (several times) that his company has an "arbitration license" with at least two of the Extortion Websites. One of those claims was made in an email to a SA Member, part of which appears below:



4811-5790-5784, v. 1

37.    The Extortion Websites describe the internet content removal service providers listed on their websites, including the Removal Websites as "arbitration services."

38.    Indeed, the webpage https://removereports.com/removal/predatorsalerts-com/ states, in part:

> "[Y]ou need not worry when Remove Reports has your back. Our healthy relationship with Predators Alerts lets us do the task in few hours. They only require our verbal agreement to remove the complaints from their website. We have expertise in dealing with complaint sites and have grown our relationships with more than 135 websites from around the world. You would not be turned down with Remove Reports."

See **Exhibit 4**.

39.    Another internet content removal service, RemoveSlander.com, was named in a media report as having paid another extortion website, Florida.Arrests.org. In that case, individuals that were "exposed" on Florida.Arrests.org could—in exchange for $9.95—receive automated removal of mugshots, for $19.90 an expedited automated removal, and for $399, Google de-indexing.

See **Exhibit 5**.

40.    InternetReputation.com has also issued a press release stating that it can "Remove California Mugshots Instantly" from California.Arrests.org (a website related to Florida.Arrests.org). See **Exhibit 2**.

41.    In a separate press release, InternetReputation.com advertised that it could guarantee record removal from MugshotsOnline.com and BustedMugshots.com, stating, in part: "InternetReputation.com can remove records from both sites, and no proof of innocence is required. The photos and all of the arrest details are deleted, and the links in Google go dead, so the photos won't show up in searches." See **Exhibit 6**.

42.    Based on information and belief, the Removal Sites also send text messages to the SA Members posted on the Extortion Websites to alert them that their information

has been "exposed" and to offer their services. The following are several text messages that were sent/received[7]:

- "You and I were posted. Your number and pics are on the site predatoralerts.com for offering to pay for sex. I used internetreputation.com to delete it quickly."

- "[Y]ou and I were posed on www.predatoralerts.com/[phone number of SA Member] for offering money to girls online for sex I used netreputation.com to get it deleted. They are good"

- "You and I were posted on predatoralerts.com/[phone number of SA Member] for offering money to girls online for sex. I used netreputation.com to get it deleted right away."

- "You and I were posted on predatorsalerts.com/[phone number of SA Member] for offering girls money online for sex. I used guaranteedremoval.com 833-873-0360 to get it deleted[.]"

43.   One SA Member reported that after receiving a text advertising Marca Global's InternetReputation.com (identical to the text message in the first bullet point above), that he was sent a text message stating "are u really paying girls for sex? why r u on predatoralerts.com get it removed bc once people repost u on predatorswatch.com and myex.com it will be harder."

44.   MyEx.com was a revenge porn and extortion site that was shut down by the Federal Trade Commission and the State of Nevada in January 2018. Marca Global's InternetReputation.com is identified in the FTC/Nevada complaint as an arbitration service "communicated to consumers through links or emails . . ." and "[t]hrough these services or otherwise, Defendants demanded payments of $499 up to $2,800 from consumers for removal of intimate images and personal information posted on the website." See **Exhibit 7**.

---

[7] These text message advertisements were sent in violation of California's anti-spam laws, the CAN-SPAM Act, and/or the Telephone Consumer Protection Act, depending on whether the sender used a phone or computer to transmit the text messages.

45.     PredatorsWatch.com is also an extortion website, much like that of the Extortion Websites complained of herein that has been described by the San Diego Free Press as "a website infamous for labeling innocent people as pedophiles or child abusers." Doug Porter, San Diego Free Press, *Internet 'Predator' Scam Targets Local Journalists* (April, 6,2017) *available at* https://sandiegofreepress.org/2017/04/internet-predator-scam-targets-local-journalists/, a copy of this article as also attached as **Exhibit 8**. InternetReputation.com is listed as an "arbitration service" on the PredatorsWatch.com webpage http://www.predatorswatch.com/removal/. Two of the "arbitration services" are marked as having had their accounts suspended, InternetReputation.com is not suspended. See **Exhibit 9**.

46.     The San Diego Free Press' article singled out InternetReputation.com and, in response, a commenter using the name "InternetReputation.com" wrote, in part:

> "PredatorsWatch.com has historically not been willing to deal directly with individuals, such as Barbara. We have no input or influence over their policies. We can however advocate on behalf of numerous individuals, simultaneously, to create enough volume and momentum to encourage the offending site to remove false information. This is the only way these websites have proven to be responsive. Our pricing is driven by the arbitrary amount quoted by the website. While this type of service is not our main service, we offer it because individuals deserve the right to defend and protect themselves online. We derive little economic benefit from providing this service. However, it is part of a complete solution for helping individuals defend themselves online."

See **Exhibit 8**.

47.     A       YouTube       video       found       at https://www.youtube.com/watch?v=gZet_E-ozA8 shows part two of an exposé about PredatorsWatch.com and InternetReputation.com and includes audio of a statement made by a representative of InternetReputation.com. In the video, the

representative states, in part: "Once we get enough people to them [PredatorsWatch.com] and they start responding and they realize that there's something there, then yes, they will tell us whatever it is and then we'll come back and we'll have that be the established price for it."

48.     Further, a purported former employee wrote (in part) on GlassDoor.com's webpage for InternetReputation.com the following:

> "This company is extremely unethical. They sell you on how they help people and they sell customers on the same thing. In reality they're the ones that put the mugshots or ripoff reports online in the first place, then extort people hundreds of thousands to get things taken down"

See **Exhibit 10**.

49.     One SA Member reported that they received a text message stating that he was posted to PredatorsAlerts.com for "paying women for sex" and then, directly after, received texts that stated "remove Arrest Records and Personal Information from the internet i[n] 72 hours. EraseMugshots.com is a full-service Online Privacy firm. Call 866.601.6803" and "remove Personal Information and Personal Information from the internet i[n] 72 hours. NetReputation.com is a full-service Online Privacy firm. Call 866.989.8163[.]"[8]

////
////
////
////
////
////
////
////

---

[8] EraseMugshots.com and NetReputation.com are owned and operated by Defendant Web Presence.

50.     Another SA Member reported that they were sent a text message advertising NetReputation.com and then contacted NetReputation.com in an email, to which the NetReputation.com representative stated they could remove the content in 72 hours. That text message and email were redacted by the SA Member and shared with Reflex Media; both are shown below:



51.     Another SA Member reported that his information was removed from PredatorsAlerts.com within twenty minutes of paying a $699 removal fee to Web Presence through GuaranteedRemoval.com. The SA Member provided proof of payment to Web Presence, a redacted version appears below. This SA member does not appear on PredatorAlerts.co, the only known Extortion Website currently in operation.



52.     Other text messages have included threats to make referrals to law enforcement and/or the SA Members' employers.

53.     The Removal Sites knew or should have known that they are facilitating illegal payments to the Extortion Websites because the websites specialize in this field and even describe the type of content posted to the Extortion Websites as "illegal," "defamation," "blackmail," "slander," and "extortion." See **Exhibits 11, 12, 13, 14, 15, 16 and 17**. Also troubling is that the internet content removal service providers, including the Removal Websites, do not inquire whether the information posted about the victims is true or not. They just request payment.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Computer Fraud and Abuse Act (18 U.S.C. § 1030)**
*Against All Defendants*

54.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

55.     Based on information and belief, certain Defendants named herein including D4 Solutions and/or their agents subscribed to SeekingArrangement.com for the purpose of creating Decoy Profiles that were used to surreptitiously gather or "mine" SA Members' personal identifying information and photos.

56.     Certain Defendants engaged in such data mining were caught, removed from SeekingArrangement.com and prohibited from returning to SeekingArrangement.com.

57.     Based on information and belief, thereafter Defendants personally, or through their agents, returned to SeekingArrangement.com where they created new Decoy Profiles and continued to mine SA Members' personal identifying information.

58.     In other words, these Defendants accessed SeekingArrangement.com without authorization and stole personal identifying information of the SA Members.

59.     Reflex Media's computers, which host and operate SeekingArrangement.com, constitute "protected computers" as that term is defined in 18 U.S.C. § 1030(e)(2).

60.     As described above, Defendants conspired to commit and attempted to commit violations of 18 U.S.C. § 1030(a)(7)(B) and (C) in violation of 18 U.S.C. § 1030(b).

61.     As described herein, the Removal Websites were aware that the Extortion Websites planned to extort individuals on www.PredatorsAlerts.com, www.PredatorAlerts.com, www.PredatorAlerts.co, and www.PredatorExposed.com to obtain profits from the Removal Services. Each Defendant intended for this extortion to be committed and/or cooperated in the execution of this plan. The violations of 18 U.S.C. § 1030(a)(7)(B) and (C) in violation of 18 U.S.C. § 1030(b), by and through data miners, including D4 Solutions, was a part of this plan. Therefore, each and every one of the Defendants is liable for these acts.

62.     Defendants' conduct has caused loss, as defined in 18 U.S.C. § 1030(e)(11) of more than $5,000 to Reflex Media during a one-year period.

**SECOND CAUSE OF ACTION**
**Unauthorized Access to Computers (Cal. Penal Code § 502)**
*Against All Defendants*

63.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

64.     SeekingArrangement.com is hosted and operated using a series of computers,

computer networks and computer systems, as defined in Cal. Penal Code § 502.

65.    As described above, certain of the Defendants named herein and/or their agents subscribed to SeekingArrangement.com for the purpose of creating Decoy Profiles that were used to surreptitiously gather or "mine" SA Members' personal identifying information and photos.

66.    Certain Defendants engaged in such data mining were caught, removed from SeekingArrangement.com and prohibited from returning to SeekingArrangement.com.

67.    Based on information and belief, thereafter Defendants personally, or through their agents, returned to SeekingArrangement.com where they created new Decoy Profiles and continued to mine SA Members' personal identifying information.

68.    In other words, these Defendants accessed, and without permission, (i) used Reflex Media's data in order to perpetrate a scheme to defraud SeekingArrangement.com's customers; (ii) took and made use of data from Reflex Media's computers, computer system and/or computer network, (iii) used Reflex Media's computer services, and (iv) accessed Reflex Media's computers, computer system and/or computer network.

69.    As described herein, the Removal Websites were aware that the Extortion Websites planned to extort individuals on www.PredatorsAlerts.com, www.PredatorAlerts.com, www.PredatorAlerts.co, and www.PredatorExposed.com to obtain profits from the Removal Services. Each Defendant intended for this extortion to be committed and/or cooperated in the execution of this plan. Unauthorized access to computers, by and through data miners, including D4 Solutions, was a part of this plan. Therefore, each and every one of the Defendants is liable for these acts.

70.    Defendants' conduct has caused Reflex Media to suffer damages in an amount to be proven at trial.

71.    Reflex Media also seeks attorneys' fees, as allowed by § 502(e)(2) and an award of punitive or exemplary damages as permitted by § 502(e)(4).

////

////

### THIRD CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage
*Against All Defendants*

72.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

73.     At all times relevant to this action, Reflex Media had a prospective contractual relationship with the customers of its website, SeekingArrangement.com, and a reasonable probability in the continuation of those business relationships.

74.     Defendants had knowledge of these relationships because they—or their agents and/or co-conspirators—subscribed as members of SeekingArrangment.com for the purpose of mining SA Members' personal identifying information. Additionally, based on information and belief, Defendants, including the Removal Website Defendants, knew or should have known of these relationships. Indeed, a representative for a removal service provider, Minc LLC, wrote to one SA member:

> "Most of the clients I talk to that [are] posted on this site [are] also using some
> sort of online dating service. We have seen a lot of clients tell me they signed
> up for seeking arrangements. We don't know what the connection is between
> online dating and this site but this is something I have seen and heard over the
> past 4 months."

75.     Defendants intentionally, or with substantial certainty, interfered with the relationship between Reflex Media and the SA Members by stealing and posting their information to the Extortion Websites and sending text messages to alert them that they could be removed by paying a fee, causing many of SA Members to end their relationship with Reflex Media and subscription to SeekingArrangement.com. Additionally, Reflex Media, in many cases, had to offer free membership months to clients after they complained about Defendants acts.

76.     Even though SeekingArrangement.com is not in existence for prostitution (or child predation), the targeted actions of Defendants against SA Members and the stated goals of the Extortion Websites (below), it is obvious that Defendants intended to interfere with the economic relationship between Reflex Media and SA Members. The Extortion

Websites state on their "FAQ" webpages the following:

"Why are you doing this?

Since the internet is a platform that makes it easy for men and women to promote and feed the sex industry. We are here to do our part in slowing it down. On a daily basis, we get emails from men and women who thanked us from saving them [] from being victimized. The countless numbers of wives who thank us for helping them find out the truth about their spouses. The thanks we get everyday are endless… Its sad but our community is happy to help. []you shouldnt be online offering men and women money for sex."

77.     Defendants' above-described conduct has caused actual disruption to the relationship between Reflex Media and its customers.

78.     As a result, Reflex Media has been damaged in an amount to be proven at trial.

79.     As described herein, the Removal Websites were aware that the Extortion Websites planned to extort individuals on www.PredatorsAlerts.com, www.PredatorAlerts.com, www.PredatorAlerts.co, and www.PredatorExposed.com to obtain profits from the Removal Services. Each Defendant intended for this extortion to be committed and/or cooperated in the execution of this plan. Interference in the economic relationship between Reflex Media and SA Members was a part of this plan. Therefore, each and every one of the Defendants is liable for these acts.

## FOURTH CAUSE OF ACTION
### Negligent Interference with Prospective Economic Advantage
*Against All Defendants*

80.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

81.     At all times relevant to this action, Reflex Media had a prospective contractual relationship with the customers of its website that probably would have resulted in a future economic benefit to Reflex Media.

82.     Based on information and belief, Defendants, including the Removal Website

Defendants, knew or should have known, of these relationships. Indeed, a representative for a removal service provider, Minc LLC, wrote to one SA member:

> "Most of the clients I talk to that [are] posted on this site [are] also using some sort of online dating service. We have seen a lot of clients tell me they signed up for seeking arrangements. We don't know what the connection is between online dating and this site but this is something I have seen and heard over the past 4 months."

83.    Defendants knew or should have known that this relationship would be disrupted if they failed to act with reasonable care.

84.    Accordingly, Defendants failed to act with reasonable care.

85.    Defendants engaged in wrongful conduct by stealing and posting their information to the Extortion Websites and sending text messages to alert them that they could be removed by paying a fee, causing many SA Members to end their relationship with Reflex Media and subscription to SeekingArrangement.com.  Additionally, Reflex Media, in many cases, had to offer free membership months to clients after they complained about Defendants acts.

86.    Defendants' above-described conduct has caused actual disruption to the relationship between Reflex Media and its customers.

87.    As a result, Reflex Media has been damaged in an amount to be proven at trial.

88.    Defendants' wrongful conduct was a substantial factor in causing Reflex Media's harm.

89.    As described herein, the Removal Websites were aware that the Extortion Websites planned to extort individuals on www.PredatorsAlerts.com, www.PredatorAlerts.com,  www.PredatorAlerts.co,  and  www.PredatorExposed.com  to obtain profits from the Removal Services. Each Defendant intended for this extortion to be committed and/or cooperated in the execution of this plan. Therefore, each and every one of the Defendants is liable for these acts.

## FIFTH CAUSE OF ACTION
## Common Law Unfair Competition
### *Against All Defendants*

90.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

91.     The aforementioned acts of Defendants, including intentionally and/or negligently interfering with Reflex Media's prospective economic advantage with its SA Members, constitutes unfair competition in violation of the common law of the State of California.

92.     Based on information and belief, Defendants committed the acts alleged herein oppressively, fraudulently, maliciously and in conscious disregard of Plaintiffs' rights within the meaning of Cal. Civ. Code § 3294. Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the California common law in an amount sufficient to punish, deter, and make an example of Defendants.

93.     Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount not yet determined.

94.     Based on information and belief, Defendants intend to continue their acts unless restrained by this Court.

95.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount to be proven at trial.

96.     As described herein, the Removal Websites were aware that the Extortion Websites planned to extort individuals on www.PredatorsAlerts.com, www.PredatorAlerts.com, www.PredatorAlerts.co, and www.PredatorExposed.com to obtain profits from the Removal Services. Each Defendant intended for this extortion to be committed and/or cooperated in the execution of this plan. Unlawful, unfair or fraudulent business acts or practices were a part of this plan. Therefore, each and every one of the Defendants is liable for these acts.

////

////

4811-5790-5784, v. 1

## SIXTH CAUSE OF ACTION
### Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)
*Against All Defendants*

97.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

98.     As described above, Reflex Media has lost customers as a result of the Defendants' conduct described herein.

99.     Defendants' unauthorized access to SeekingArrangement.com, use of SA Members' personal identifying information and then extortion of a fee to remove such information from the Extortion Websites is illegal and qualifies as "any unlawful, unfair or fraudulent business act or practice."

100.    Reflex Media hereby requests that the Court enjoin Defendants from further engaging in such conduct and asks that Defendants be ordered to account for and permanently destroy any SA Member's personally identifying information mined from SeekingArrangement.com.

101.    As described herein, the Removal Websites were aware that the Extortion Websites planned to extort individuals on www.PredatorsAlerts.com, www.PredatorAlerts.com, www.PredatorAlerts.co, and www.PredatorExposed.com to obtain profits from the Removal Services. Each Defendant intended for this extortion to be committed and/or cooperated in the execution of this plan. Unlawful, unfair or fraudulent business acts or practices were a part of this plan. Therefore, each and every one of the Defendants is liable for these acts.

## PRAYER FOR RELIEF

WHEREFORE, Reflex Media prays for judgment against Defendants as follows:

1.     Enter judgment against Defendants, jointly and severally, in favor of Reflex Media for each of the aforementioned causes of action;

2.     Adjudge that Defendants and each of their agents (and subagents) and any other persons or entities working in concert or in participation with them be enjoined during the pendency of this action and thereafter permanently from:

a.   Extorting Reflex Media's customers;

b.   Using any image, word, phone number of other identifying information collected from Reflex Media's websites for any purpose;

c.   Accessing any of Reflex Media's websites;

d.   Otherwise competing unfairly with Reflex Media in any manner; and

e.   Continuing to perform in any manner whatsoever any of the other acts complained of in this complaint.

3.   Adjudge that Defendants, within fourteen (14) days after service of the judgement requested herein, be required to file with this Court and serve upon Reflex Media's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

4.   Adjudge that Reflex Media recover from Defendant their actual damages and/or damages allowed by statute in an amount to be determined at trial;

5.   Adjudge that Defendants be required to account for any profits that are attributable to their acts complained of herein;

6.   Adjudge that Reflex Media recover punitive and/or treble damages from Defendants;

7.   Adjudge that Reflex Media be awarded its costs incurred in connection with this action, including its reasonable attorneys' fees and investigative expenses;

8.   Impose a constructive trust on all of Defendants' funds and assets that arise out of the acts complained of herein; and

9.   Adjudge that Reflex Media recover all such other relief as the Court deems just and proper.

////

////

////

////

////

4811-5790-5784, v. 1

## DEMAND FOR JURY TRIAL

Reflex Media hereby demands jury by trial.


DATED: October 16, 2018                    **SMITH WASHBURN, LLP**

                                           _____/s/ Mark L. Smith_____
                                           Mark L. Smith
                                           *Attorneys for Reflex Media, Inc.*

4811-5790-5784, v. 1

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on October 16, 2018, I caused true and correct copies of the

3

forgoing **FIRST AMENDED COMPLAINT** to be served via CM/ECF to the following:

4

5

6       Jacob Song
        KUTAK ROCK LLP
7       5 Park Plaza, Suite 1500
        Irvine, CA 92617-8595
        Email: jacob.song@kutakrock.com
8

9       Chad T. Nitta, *Pro Hac Vice*
        Blair E. Kanis, *Pro Hac Vice*
        KUTAK ROCK LLP
10      1801 California Street, Suite 3000
        Denver, CO 80202
11      Email:chad.nitta@kutakrock.com
                blair.kanis@kutakrock.com
12

13      *Attorneys for Marca Global, LLC*

14      Donald H. Cram
        Bernard J. Kornberg
15      SEVERSON & WERSON
        One Embarcadero Center, Suite 2600
16      San Francisco, California 94111
        Email: bjk@severson.com

17      Michelle L. Mozdzen
        Christopher Ingle
18      MAY, POTENZA, BARAN & GILLESPIE, P.C.
        Chase Tower, 201 N. Central Ave., 22nd Floor
19      Phoenix, AZ 85004
        Email: mmozdzen@maypotenza.com
20              cingle@maypotenza.com

21      *Attorneys for Web Presence, LLC*

22

23                                    _____/s/ Melina Hernandez_____

24

25

26

27

28