UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REFLEX MEDIA, INC.,
  Plaintiff,
  v.
DOE NO. 1, et al.,
  Defendants.

Case No. 18-cv-05018-PJH

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO TRANSFER**

Re: Dkt. No. 35

  There are several motions pending in this action. Defendant Marca Global, LLC ("Marca") has filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and has moved to transfer this action under 28 U.S.C. § 1404 to the United States District Court for the District of Colorado. See Dkt. 35. Defendant Web Presence, LLC ("Web Presence") has also filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), as well as a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

  Those motions came on for hearing before this court on December 19, 2018. Plaintiff Reflex Media, Inc. ("Reflex") appeared through its counsel, Mark Smith and Joseph Schaeffer. Marca appeared through its counsel, Blair Kanis, and Web Presence appeared through its counsel, Michelle Mozden, Bernard Kornberg, and Christopher Ingle. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby TRANSFERS this action to the United States District Court for the District of Nevada.

## BACKGROUND

  Reflex, a Nevada corporation, which has its principal place of business in Las

1  Vegas, operates several dating websites, including SeekingArrangement.com.  Dkt. 33,
2  First Amended Complaint (the "FAC"), ¶¶ 2, 5.  Reflex alleges that it has been the target
3  of a data mining operation operated out of Bangladesh by defendant Arman Ali d/b/a D4
4  Solutions.  Id. ¶¶ 10, 22, 23, 25.  According to the FAC, the data miners "create[ ] fake
5  profiles on SeekingArrangement.com (the 'Decoy Profiles') that they use to meet and
6  communicate with [SeekingArrangement.com] [ ] Members[, "SA Members,"] for the
7  purpose of collecting" identifying information.  Id. ¶ 22.

8  The information obtained by the Data Miners is then posted to one or more
9  "Extortion Websites," the operators of which plaintiff also names as Doe defendants.
10 FAC ¶¶ 6-9, 27-33.  Extortion Websites tie the identifying information to a claim that the
11 profiled victim pays money for sex, or some similar defamatory accusation.  Id. ¶ 27.
12 Each Extortion Website profile is accompanied by a hyperlink captioned "Click Here[:]
13 Remove My Name."  Id. ¶ 29.  That link takes visitors to each Extortion Website's
14 respective removal policy page, which in turn has links to various removal service
15 providers, including websites run by Marca and Global Presence.  Id. ¶¶ 30-33.
16 According to the FAC, victims of the above scheme, including unidentified SA members,
17 can then pay removal service providers like Marca and Global Presence a fee to have
18 their information removed from the Extortion Websites.  Id. ¶¶ 35-53.

19 In general, plaintiff asserts that Ali, the Extortion Websites, and Marca and Global
20 Presence are acting in an ongoing conspiracy to perpetrate the above scheme and that
21 doing so has harmed Reflex's relationship with its customers.  Id. ¶¶ 4, 20, 53.
22 Accordingly, plaintiff asserts each of its six causes of action against all of the defendants.
23 Id. ¶¶ 54-101.

24 However, being unable to locate the Does operating the Extortion Websites or
25 serve Ali, plaintiff has only served Marca and Global Presence.  Marca is a Colorado
26 limited liability company with its principal place of business in Colorado.  FAC ¶ 11.  Web
27 Presence is a Nevada limited liability company with its principal place of business in
28 Florida.  FAC ¶ 12.  Both Marca and Web Presence have submitted uncontradicted

2

declarations that they do not have offices or operations in California, do not have any employees who live in California, and do not pay for any advertising or marketing efforts in California. Dkt. 35-2 ¶¶ 4-6; Dkt. 41-2 ¶¶ 6-9.

Indeed, the entire action appears to only have two California connections, and only one of those is a current connection. First, a now defunct Extortion Website, PredatorsAlerts.com, operated by defendant Doe 1, was allegedly hosted in San Francisco, California. FAC ¶ 6. Second, the Extortion Website operated by defendant Doe 3 is allegedly currently hosted in San Francisco, California. FAC ¶ 8. The FAC does not allege Doe 2 or Doe 3's citizenship, residence, or location from where they operate.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Before a court may transfer venue under 28 U.S.C. § 1404, it must find that: (i) the action is one that might have been brought in the transferee court and (ii) the convenience of the parties and the interest of justice favor the transfer." Thermolife Int'l, LLC v. Vital Pharm., Inc., No. CV142449RSWLAGRX, 2014 WL 12235190, at *2 (C.D. Cal. Aug. 15, 2014). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

While there is no rigid test to determine whether a court should grant a motion to transfer, courts may consider factors including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–

99 (9th Cir. 2000). Courts may examine all those factors, but "[n]o single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008).

The court finds that the above factors weigh in favor of transferring this action to the District of Nevada. As to the threshold issue, the court finds that plaintiff could have filed this action in the District of Nevada. Plaintiff is a Nevada corporation with its principal place of business in that state, one of the two served defendants is also a Nevada corporation, and it appears that the conduct and/or harm occurred in Nevada.

The Jones factors also weigh in favor of transferring this action to Nevada. The fourth and fifth factors weigh in favor of transfer because plaintiff does not allege that any party has any relevant contact with California and plaintiff's causes of action's relation to this forum is, at best, tenuous. Plaintiff merely asserts that some of its customers are residents of California. But plaintiff fails to show that those California residents were victims of the alleged scheme. More importantly, that conduct is directed at plaintiff's customers, not plaintiff itself. The conduct directed at plaintiff and which forms the basis of plaintiff's claims occurred in Nevada (or to a Nevada corporation with servers hosted elsewhere).

The sixth through eighth factors all weigh in favor of transfer for the same reason: Neither the parties nor the conduct have any discernable relevant connection to this forum and the opposite is true with respect to Nevada. Accordingly, many of the relevant witnesses and records are likely located in that district. The alleged harm likely occurred there. And, because two of the three present parties are incorporated in Nevada, litigation will likely be less expensive in that forum.

In fact, plaintiff only points to two connections to this state. First, plaintiff alleges that two of the Extortion Websites either are currently or were formerly hosted in this forum. Second, plaintiff provides a declaration attesting that the only active Extortion Website has 2,527 profiles of people who appear to live in California. Dkt. 42-27 ¶ 5.

Those tenuous connections do not weigh strongly in favor of any of the <u>Jones</u> factors. The same goes for the fact that plaintiff asserts California causes of action.

## CONCLUSION

Because this action could have originally been brought in the United States District Court for the District of Nevada and because the convenience factors weigh in favor of transfer, the court TRANSFERS this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a). In light of that decision, the court DECLINES to rule on any of the other pending motions.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge