Nicolas W. Spigner (CA Bar No. 312295)
SPIEGEL & UTRERA, P.C.
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, California 90045
Phone: (800) 603-3900
Fax: (800) 520-7800
Email: attorneyspigner@amerilawyer.com
*Pro Hac Vice*

Michael Carrigan (NV Bar No.: 9997)
SPIEGEL & UTRERA, P.A.
1785 E. Sahara Avenue, Suite 490
Las Vegas, NV 89104
Tel: (702) 364-2200
Fax: (702) 458-2100
attorneycarrigan@amerilawyer.com
*Associate Resident of Nevada Counsel*

*Attorneys for Aaron Wallace*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REFLEX MEDIA, INC., a Nevada corporation,

Plaintiff,

vs.

AARON WALLACE, an individual d/b/a www.PredatorsAlerts.com, www. PredatorAlerts.com, www. PredatorAlerts.co, and www.PredatorsAlert.com; DOE NO. 4, an individual d/b/a www.PredatorExposed.com; ARMAN ALI, an individual d/b/a D4 SOLUTIONS BD; MARCA GLOBAL, LLC, a Colorado limited liability company, d/b/a www.InternetReputation.com; et al,

Defendants.

**Case No.: 2:18-cv-02423-RFB-PAL**

Judge: Hon. Richard F. Boulware, II
Magistrate: Hon. Peggy A. Leen

**DEFENDANT AARON WALLACE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [FRCP 12(b)(6), 8(a)(2), 12(b)(1), and 12(b)(2)]**

PLEASE TAKE NOTICE that Defendant AARON WALLACE, through his attorneys,

SPIEGEL & UTRERA, P.A., will move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2), and (b)(6), before the Honorable Magistrate Judge Peggy A. Leen, United States District Court for the District of Nevada, at the United States District Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV 89101, on ___________________________, at ______________, or as soon thereafter as the matter may be heard, for an Order dismissing all of Plaintiff's claims against Aaron Wallace, and for other and further relief as the Court deems just and proper. In support, Aaron Wallace submits the Memorandum of Law which is incorporated below, the Declaration of Aaron Wallace, which is attached as Exhibit A, to this motion, the Courts entire file for this case, and any such oral and documentary evidence as may be submitted at the hearing on this motion.

DATED: April 2, 2019

Respectfully submitted,

SPIEGEL & UTRERA, P.C.
Attorneys for Defendant Aaron Wallace
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045

For the Firm:

By: *_/s/ Nicolas Spigner_* _
Nicolas W. Spigner, Esq.
Email: attorneyspigner@amerilawyer.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**PRELIMINARY STATEMENT**

Although Defendant Aaron Wallace ("Wallace") only recently became involved in this matter after being named in the Second Amended Complaint filed on February 26, 2019 ("SAC") (Dkt. 84), the SAC represents Plaintiff Reflex Media, Inc.'s ("Plaintiff") third bite of the apple. As more fully set forth herein, for the third time, Plaintiff's conclusory and unsupported allegations have failed to identify the owners of the "Extortion Websites", or provide any basis to support a claim for relief, personal jurisdiction, or subject matter jurisdiction over Wallace. As such, this District's well established precedent, as well as the traditional notions of fairness and substantial justice, necessitate this Court's dismissal of the SAC, with prejudice.

**II.**
**BACKGROUND**

**A. The First Complaint**

On August 16, 2018 Plaintiff filed a 13-page complaint ("Complaint"), alleging six causes of action: violation of the Computer Fraud and Abuse Act (18. U.S.C. § 1030 et seq.) (against all defendants); Unauthorized Access to Computers under Cal. Pen. Code § 502 (against all defendants); Intentional Interference with Prospective Business Advantage (against all defendants); Common Law Unfair Competition (against all defendants); Unfair Competition under Cal. Bus. & Prof. Code § 17200 et seq. (against all defendants); and, Civil Conspiracy (against all defendants), against Doe No. 1, an individual d/b/a www.PredatorsAlerts.com; Doe No. 2, an individual d/b/a www.PredatorExposed.com; Arman Ali d/b/a D4 Solutions BD ("D4"); Marca Global, LLC d/b/a www.InternetReputation.com ("Marca"); Web Presence LLC d/b/a www.NetReputation.com, www.GuaranteedRemoval.com, and

www.ReputationLawyers.com ("Web Presence"); and, Does 3—50. The Complaint was filed in the United States District Court for the Northern District of California (Case No. 4:18-cv-05018-DMR). Therein, Plaintiff alleges (on information and belief) that D4 creates fake profiles on Plaintiff's dating website, SeekingArrangement.com, for the purpose of creating decoy accounts used to collect other users' names, phone numbers, locations and photos and to uses or sells as part of a global extortion scheme. Complaint ¶ 18 (Dkt. 1).

**B. The First Amended Complaint**

On October 16, 2018 Plaintiff filed its 27 page First Amended Complaint (Dkt. 33) ("FAC"). The FAC contained the identical causes of action as in the Complaint, but named additional defendants: Doe No. 2, an individual d/b/a www.PredatorAlerts.com; Doe No. 3, an individual d/b/a www.PredatorAlerts.co; Doe No. 4, an individual d/b/a www.PredatorExposed.com; and, www.EraseMugshots.com, as an additional d/b/a's for Web Presence. Plaintiff also alleged that "Minc, LLC, an Ohio limited liability company that owns and operates www.DefamationRemovalLaw.com" along with several other "suspected persons and/or entities [who] offer paid removal services from the Extortion Websites". FAC, ¶ 13 (Dkt. 33). Plaintiff alleges that www.PredatorsAlerts.com, PredatorAlerts.com, PredatorExposed.com, and PredatorAlerts.co are: 1) owned and operated by the same person or entity; and, 2) have an agreement with the "Removal Websites" to ensure that such websites who pay for removal services not appear on other "Extortion Websites" associated with the scheme. FAC ¶ 17, fn. 5 (Dkt. 33).

Marca filed a Motion to Dismiss the FAC on October 30, 2018 (Dkt. 35). Thereafter Web Presence filed a Motion to Dismiss the FAC for Lack of Jurisdiction on November 8, 2018 (Dkt. 41). On December 19, 2018 proceedings on Marca and Web Presence's separate Motions to

Dismiss the FAC were held before the Hon. Judge Phyllis J. Hamilton. Therein, Judge Hamilton took the motions under consideration and ordered Plaintiff to file proofs of service on Doe defendants or a formal motion re extension of time to serve within 30 days. (Dkt. 59). On December 12, 2018, Judge Hamilton entered an order transferring this matter from the Northern District of California, to the District of Nevada. (Dkt. 61).

After the transfer, Plaintiff filed a Motion to Extend Discovery to identify and serve the Doe Defendants. (Dkt. 64). In the Reply in Support of Plaintiff's Motion for Additional Time to Conduct Discovery to Identify Doe Defendants and Amend the First Amended Complaint, Plaintiff stated: "Reflex located one Aaron Wallace, possibly responsible for operating at least some of the extortion websites. Mr. Wallace has in fact admitted (in a phone call) that he operated a predecessor to some of the extortion websites identified in this action, but claims to have divested himself from such prior to the events complained of here." (Dkt. 82). Plaintiff's Motion was granted by the Hon. Magistrate Judge Peggy A. Leen at the hearing held on February 19, 2019. (Dkt. 83). Plaintiff was given until February 26, 2019 to file an amended complaint against the Doe Defendant specified in open court.

**C. The Second Amended Complaint**

In the Second Amended Complaint filed on February 26, 2019 (Dkt. 84) ("SAC"), Plaintiff identifies a new Doe Defendant, www.PredatorsAlert.com alleges that www.PredatorsAlerts.com, www.PredatorsAlert.com, PredatorAlerts.com, and PredatorAlerts.co (collectively labeled as "Extortion Websites" in the SAC) are all d/b/a's of the newly identified Aaron Wallace. Plaintiff completely changes its legal theory, dispensing with the contention that the its conspiracy allegations are illustrated by the Removal Websites paying not to be advertised on the Extortion Websites (as indentified in the FAC) to hide their alleged conspiracy. Now

Plaintiff alleges that the Removal Websites paid the Extortion Websites (as identified in the SAC and adopted for reference hereinafter) *to be advertised thereon*, a completely opposite theory which somehow supports the same unfounded allegation of a worldwide extortion scheme directed against Plaintiff's members. Moreover, Plaintiff now alleges on information and belief, through unsupported conclusory and self-serving statements, that Wallace owned, operated, and directed the Extortion Websites.

Only now, because Plaintiff's case was on the verge of dismissal for failing to identify Doe Defendants, does Plaintiff allege that Wallace "directed" the Data Miner defendants to mine data, and claims that his involvement with the Extortion Websites was during the relevant time period.

## III.
## LEGAL ARGUMENT

### 1.
### PLAINTIFF'S SAC SHOULD BE DISMISSED BECAUSE IT LACKS SUFFICIENT FACTUAL ALLEGATIONS TO MAKE IT'S CLAIMS PLAUSIBLE

**A. Legal Standard**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). To survive a FRCP 12(b)(6) motion to dismiss, under Rule 8(a)(2), a plaintiff must plead *facts*, not conclusions, which, if accepted as true, state a *plausible* claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Though Rule 8 does not require "detailed

factual allegations," satisfactorily "showing" a plaintiff's entitlement to relief requires more than a bald accusation that the defendant harmed the plaintiff. *Id*., at 570. Merely alleging a cause of action, *i.e.*, a violation of the law, as a "factual" allegation also falls short of the Rule 8 standard: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, *the complaint has alleged--but it has not show[n]*-- that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis supplied).

A plaintiff cannot abuse the "short and plain statement" standard and do nothing more than re-name conclusions of liability as fact. "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id*. at 686. While a district court generally may not consider any material beyond the pleadings in ruling on a FRCP 12(b)(6) motion, a court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment under FRCP 56. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.2001). Here, Wallace relies on the SAC and the documents attached thereto and incorporated therein. Wallace has not yet answered the SAC, and therefore must also rely upon his Affidavit to show that he is not a proper party to this suit. Exhibit A. Wallace respectfully requests that this Court consider the Affidavit and, if it deems necessary, treat this motion as one for summary judgment.

**B. Plaintiff's Conclusory Allegations Do Not Amount to Sufficiently Well-Plead Facts Required by *Twombly* and *Iqbal***

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering such motions. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Mere recitals of the elements

of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 677. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 678. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted) ; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts are not required to make "unreasonable inferences" or "unwarranted deductions of fact" to save complaint from motion to dismiss).

Here, Plaintiff's SAC does not allege facts sufficient to sustain any cause of action under FRCP 8, *Iqbal*, or *Twombly.* Though somewhat jumbled and rambling, the SAC appears to allege violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA"). Plaintiff's SAC alleged that "*All Defendants*" committed four of the Crimes established by the CFAA, 18. U.S.C. §§ 1030(a)(2)(C), 1030(a)(4), 1030(a)(7)(B), and 1030(a)(7)(C)". SAC ¶ 81 (Dkt. 84). The allegations against Wallace are vague and conclusory because the Plaintiff has not plead any facts sufficient to allow the court to infer that he owned and/or operated the Extortion Websites allegedly responsible for its damages.

Plaintiff's claims against Wallace are premised on the unsupported inference that the Extortion Websites are "owned and directed" by Wallace, and D4 solutions is directed by Wallace. SAC ¶¶ 5(d) and 23 (Dkt. 84). All of Plaintiff's allegations of Wallace's control over the Extortion Websites and D4 Solutions, are based on information and belief, and thus do not constitute specific-enough facts to support any inference of a plausible claim to relief. *See* SAC ¶¶ 7, 15, 16, 23 (Dkt. 84). The only facts alleged to show Wallace's alleged ownership and

control over the Extortion Websites is Wallace's admitted former ownership of an unrelated, now shutdown website, ExposingJohns.com. Plaintiff alleges that Wallace's control over the Extortion Websites is proven by the July of 2015 email between Aaron Minc ("Minc"), an attorney and owner of Defamation Removal Law.com (collectively "DRL"), and someone with the email address exposingjohns@gmail.com. SAC ¶ 34 (Dkt. 84). The July 2015 email shows that DRL paid ExposingJohns.com to remove content from its website. Plaintiff inexplicably dedicated a significant amount of the SAC connecting Wallace to ExposingJohns.com, as Wallace has always maintained that he was one of the partner's who owned and operated ExposingJohns.com, but that he had no knowledge of or connection to the Extortion Websites. The Declaration of Aaron Wallace in Support of this Motion is attached hereto as **Exhibit A**, and incorporated by reference as if fully set forth herein. Additionally, Wallace informed Plaintiff's counsel that ExposingJohns.com was shutdown in 2015, and the content on ExposingJohns.com was posted by users of the website, which was a forum for people to discuss bad experiences and interactions resulting from on-line dating, as a warning to other potential online daters. **Exhibit A**; *see also* SAC ¶ 39 (Dkt. 84).

Wallace has identified an advertisement disguised as a news article, written by Minc, posted on his website (minclaw.com) on May 3, 2018 entitled "Remove Defamation From PredatorsAlerts.com Formerly ExposingJohns.com" ("Advertisement"). A true and correct copy of the Article written by Minc on May 3, 2018 is attached hereto as **Exhibit B**, and incorporated by reference as if fully set forth herein. Minc is the same person who Plaintiff has alleged took part in the alleged extortion scheme, and originally alleged ExposingJohns.com was the successor to PredatorAlerts.com, and yet failed to include in this lawsuit. A review of the Advertisement reveals that it does not contain any factual statements linking PredatorsAlerts.com

as the successor of ExposingJohns.com, much like the SAC it merely repeats the same unsupported conclusory statement: "PredatorsAlerts.com (originally ExposingJohns.com)". **Exhibit B**.

Essentially, the Plaintiff wants this court to adopt the same unsupported allegations made in the Advertisement regarding Wallace's alleged connection to the Extortion Websites. Plaintiff asks the court to ignore that ExposingJohns.com was a completely different website and infer that because Wallace worked with a website that removed content after being contacted by an attorney who is not a party, he somehow controlled the Extortion Websites  which posted content about its users years later. The inference Plaintiff asks the court to draw is illogical: that because Wallace owned a website that removed content at DRL's request in the past, he owns the Extortion Websites because they also removed content at DRL's request. Based on Plaintiff's faulty logic, one may infer that every website which charges for removal of content regarding allegations of sexual impropriety is owned and controlled by Wallace. Plaintiff also wants the court to ignore that despite the discovery extensions it was granted to identify doe defendants, it does not have any evidence supporting its belief that Wallace owned or operated the Extortion Websites.

In conclusion, the SAC must be dismissed with prejudice as against Wallace, as Plaintiff has had ample opportunities to plead sufficient facts  to raise an inference that Wallace is the owner and/or operator of the Extortion Sites, and failed to do so.

**2.**
**PLAINTIFF'S CASE SHOULD BE DISMISSED UNDER FRCP 12(b)(1) BECAUSE IT LACKS ARTICLE III STANDING TO SUE WALLACE**

**A.  Legal Standard**

The Article III case or controversy requirement of the Constitution limits federal courts'

subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing and that claims be "ripe" for adjudication. *Allen v. Wright*, 468 U.S. 737, 750 (1984). If a plaintiff has no standing, the court has no subject matter jurisdiction. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59 (1978). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[T]he irreducible constitutional minimum of standing contains three elements," all of which the party invoking federal jurisdiction bears the burden of establishing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000). First, the plaintiff must prove that he suffered an "injury in fact," *i.e.*, an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 560. Second, the ***plaintiff must establish a causal connection by proving that her injury is fairly traceable to the challenged conduct of the defendant***. *Id*. at 560-61 (emphasis added). Third, the plaintiff must show that her injury will likely, as opposed to merely speculative, that the injury be redressed by a favorable decision. *Id*. at 561.

**B. Plaintiff Cannot Establish a Causal Connection by Showing the Alleged Injury is Traceable to the Conduct of Wallace**

Here, as set forth in greater detail above, Plaintiff has not plead sufficient allegations to establish a causal connection showing its alleged injury is fairly traceable to Wallace. Wallace has no connection to the dispute here: He is neither the owner of the alleged Extortion Sites, nor has Defendant provided any proof for the conclusory allegation that he is.

//

//

//

## 3.
## WALLACE IS NOT THE OWNER OR OPERATOR OF THE EXTORTION WEBSITES

### A. The Few Cases Presented With the Instant Issue Have Uniformly Dismissed the Wrongly Named Defendant from the Pending Action

Not surprisingly, there is a defalcation of case-law addressing the present issue. The likely basis for this is simple: most reasonable parties, when informed that they have sued the wrong entity or person, simply amend their complaint to drop the wrongly-named defendant and add the correct party. A District Court in this Circuit held that when the named defendants are the wrong defendants, the appropriate remedy is to first move to dismiss for failure to state a claim, and after to move for summary judgment if necessary. *Velasquez v. Senko*, 643 F. Supp. 1172, 1177–78 (N.D. Cal. 1986). In an unreported decision from another District Court in this Circuit, a plaintiff's complaint was dismissed because it did not contain facts that would support holding the defendant liable. *See Glass v. Remodi*, No. 1:17-cv-00003-DAD-BAM, 2017 WL 698310, at *2 (E.D. Cal. Feb. 21, 2017).

In *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911 (11th Cir. 1982), Plaintiff sued the wrong defendant. Counsel for Jenkins Brickyard informed plaintiff's counsel that Jenkins never had employed Durrett and requested that he dismiss Jenkins. Even a cursory review of plaintiff's information revealed that he never had worked for Jenkins; it further established that plaintiff had filed the necessary pre-suit EEOC claim against the company for whom he actually had worked, Pullman Swindell. As here, plaintiff refused to dismiss the improperly named defendant. The *Jenkins* court granted summary judgment in defendant's favor and dismissed plaintiff's complaint. Similarly, in *Santiago v. Wood*, 904 F.2d 673 (11th Cir. 1990), the court dismissed plaintiff's complaint because she had named the wrong defendant. The court summarily disposed of plaintiff's claim, signaling that the dismissal of a party with no connection to a dispute is self-

evident. *See also McClenney v. Campellton-Graceville Hospital,* No. 5:98CV125-SPM, 1999 WL 639815 (N.D. Fla. Jun. 28, 1999) (court granted defendant's 12(b)(6) motion to dismiss because the plaintiff had sued the wrong entity).

Here, Wallace's counsel informed Plaintiff that Wallace is not a proper party to this suit and requested copies of the "documents showing [the Extortion Sites] and ExposingJohns.com, are, or previously were, owned, operated, or controlled by Aaron Wallace during times relevant to the allegations to this case". (Dkt. 84, ¶ 25); **Exhibit A**; a true and correct copy of the Declaration of Nicolas W. Spigner is attached hereto as **Exhibit C**, and incorporated by reference as is fully set forth herein. Inexplicably, neither Plaintiff nor its representatives have responded to that request. Just as in the above cases, Wallace has no connection to the dispute here: He is neither the owner of the alleged Extortion Sites, nor has Defendant provided any proof for such conclusory allegations. Indeed, Plaintiff's complaint is groundless with respect to Wallace. Inexplicably, however, Plaintiff refuses to dismiss Wallace, even though it has been informed of its error. Plaintiff should not be permitted to waste any more of Wallace's resources or this Court's time with such frivolity. Wallace should be immediately dismissed from this action with prejudice.

**4.**
**THIS COURT LACKS PERSONAL JURISDICTION OVER AARON WALLACE BECAUSE HE RESIDES IN FLORIDA AND HAS NO CONTACT WITH NEVADA**

Where no applicable federal statute governs personal jurisdiction, federal courts apply the law of the state in which the court sits. *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir.1993). Nevada's jurisdiction reaches the limits of due process set by the United States Constitution. Nev. Rev. Stat. § 14.065. Due process requires that "in order to subject a defendant to a judgment in personam, if he be not present within the territory of the

forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." ' *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Under the due process analysis, a state may exercise either general or specific jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). If a defendant's activities within the forum state are "continuous and systematic" or "substantial," the state has a sufficient relationship with the defendant to assert general jurisdiction. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 447 (1952). If a forum state cannot assert general jurisdiction over the defendant, it may still assert specific jurisdiction based on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. *See Data Disc, Inc. v. Systems Tech. Assocs., Incs.*, 557 F.2d 1280, 1287 (9th Cir.1977).

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re Western States Wholesale Natural Gas Antitrust Litigation v. Oneok, Inc.*, 715 F.3d 716, 741 (9th Cir.2013). Allegations based upon information and belief are insufficient to demonstrate personal jurisdiction. *See, e.g., Silverstein v. Experienced Internet.com, Inc.*, 2005 WL 1629935, *3 (N.D. Cal. July 11, 2005) (holding that plaintiff had failed to make an adequate showing of personal jurisdiction where all of the plaintiff's jurisdictional allegations in the complaint were based on information and belief and the plaintiff failed to submit other competent evidence that demonstrated personal jurisdiction). This is particularly true when, as in this case, Plaintiff has failed to submit any other affirmative evidence supporting the jurisdictional allegations in its Complaint. *See, e.g., Dubois v. All American Transport, Inc.*, 2006 WL 2054640, *4 (D. Or. July 24, 2006)(granting motion to dismiss for lack of personal jurisdiction and holding that "[i]n the

face of defendants' denial that defendant Elite is a successor to defendant AAT, plaintiff's mere assertion on information and belief that Elite is a successor corporation, unsupported by any evidence, is insufficient to make [a *prima facie*] showing.").

Here Plaintiff's entire Complaint, including its jurisdictional allegations against Wallace, is based on information and belief.  Plaintiff alleges, based on information and belief, Wallace is the "owner and operator of […] websites that have posted and victimized California and Nevada Residents," and "Data Miners including Armin Ali, at Aaron Wallace's direction, purposely targeted Reflex Media". (Dkt. 84, ¶ 15). Plaintiff has submitted no evidence or facts to support its claims based on information and belief in relation to Wallace's alleged control over Armin Ali. Plaintiff has only submitted evidence to which he asks the Court to infer Wallace's control over the Extortion Sites.

Wallace did not have any contact with Nevada as to render him essentially home there because he has had no contact with Nevada Residents. **Exhibits A** and **B**. The only "evidence" submitted by Plaintiff is his verified complaint. When the allegations contained in a verified complaint are based on personal knowledge, they are equivalent to an affidavit for purposes of a motion to dismiss for lack of personal jurisdiction. *Runnels v. Rosendale*, 499 F. 2d 733 (9th Cir. 1974). Wallace contends that he has never had any relationship or control over Armin Ali. The Plaintiff did not submit any factual support for the allegation, based on information and belief, that Wallace exercised control over Armin Ali in regard to the conduct complained of in the SAC. Plaintiff's allegations of jurisdiction are not the equivalent of an affidavit, because Plaintiff bases those allegations on "information and belief" rather than personal knowledge. *Id.*, at 735. Therefore, Wallace's declaration adequately rebuts Plaintiff's unsupported allegations, thus, Plaintiff has failed to establish a *prima facie* showing that Wallace has sufficient minimum

contacts with Nevada to permit the exercise of personal jurisdiction over him in Nevada.

**5.**
**LEAVE TO AMEND IS NOT WARRANTED**

Plaintiff should not be granted another opportunity to amend the SAC. A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Here, Plaintiffs have been given an opportunity to amend its complaint on two different occasions (Dkt. 33, and Dkt.83). Additionally, Plaintiff has been given additional time to conduct discovery to identify Doe Defendants (Dkt. 72). Plaintiff, by and through its lead counsel, told Wallace that he didn't think he was the owner and operator of the Extortion Websites. **Exhibit A**. Only now, that Plaintiff's case is on the verge of dismissal, does Plaintiff allege that Wallace "directed" the Data Miner defendants to mine data, and claims that his involvement with the Extortion Websites was during the relevant time period. Despite the three extensions of time previously afforded to the Plaintiff, it still has not corrected the deficiencies set forth above.

As plaintiff has failed to cure such deficiencies, in the interest of justice, the SAC must be dismissed with prejudice.

//

//

//

**IV.**
**CONCLUSION**

For the foregoing reasons, Defendant Aaron Wallace requests that the Court dismiss the entire Second Amended Complaint with prejudice.

DATED: April 2, 2019

Respectfully submitted,

SPIEGEL & UTRERA, P.C.
Attorneys for Defendant Aaron Wallace
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045

For the Firm:

By: */s/ Nicolas Spigner* _
Nicolas W. Spigner, Esq.
Email: attorneyspigner@amerilawyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner, as specified, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DATED: April 2, 2019

By: */s/ Nicolas Spigner* _
Nicolas W. Spigner, Esq.

**SERVICE LIST**

James D. Boyle, Esq.
Sean E. Story, Esq.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
jboyle@nevadafirm.com
sstory@nevadafirm.com
*Attorney for Marca Global, LLC*

Chad T. Nitta (*appearance pro hac vice*)
KUTAK ROCK LLP
1801 California St. Suite 300
Denver, CO 80202
Tel: (303) 297-2400
chad.nitta@kutakrock.com
blair.kanis@kutakrock.com
*Attorney for Marca Global, LLC*

Joseph A.Schaeffer, Esq.
SMITH WASHBURN, LLP
500 South Grand Avenue, Suite 1450
Los Angeles, California 90071
*Attorney for Plaintiff Reflex Media, Inc.*

Jean Schwartzer
Jean.schwartzer@gmail.com
LAW OFFICE OF JEAN SCHWARTZER
10620 Southern Highlands Parkway, Suite 110-473
Las Vegas, Nevada 89141
*Attorney for Plaintiff Web Presence, LLC*

Christopher B. Ingle
cingle@maypotenza.com
Michelle L. Mozdzen
mmpzdzen@maypotenza.com
MAY POTENZA BARAN GILLESPIE
201 North Central Avenue, 22nd Floor
Phoenix, Arizona 85004
*Attorneys for Plaintiff Web Presence, LLC*

Mark L Smith
msmith@smithwashburn.com
Jacob L. Fonnesbeck
jfonnesbeck@smithwashburn.com
SMITH WASHBURN, LLP
6871 Eastern Avenue, Suite 101
Las Vegas, Nevada 89119
*Attorney for Plaintiff Reflex Media, Inc.*