Nicolas W. Spigner (CA Bar No. 312295)
SPIEGEL & UTRERA, P.C.
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, California 90045
Phone: (800) 603-3900
Fax: (800) 520-7800
Email: attorneyspigner@amerilawyer.com
*Pro Hac Vice*

Michael Carrigan (NV Bar No.: 9997)
SPIEGEL & UTRERA, P.A.
1785 E. Sahara Avenue, Suite 490
Las Vegas, NV 89104
Tel: (702) 364-2200
Fax: (702) 458-2100
attorneycarrigan@amerilawyer.com
*Associate Resident of Nevada Counsel*

*Attorneys for Aaron Wallace*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>               Plaintiff,<br><br>   vs.<br><br>AARON WALLACE, an individual d/b/a www.PredatorsAlerts.com, www. PredatorAlerts.com, www. PredatorAlerts.co, and www.PredatorsAlert.com; DOE NO. 4, an individual d/b/a www.PredatorExposed.com; ARMAN ALI, an individual d/b/a D4 SOLUTIONS BD; MARCA GLOBAL, LLC, a Colorado limited liability company, d/b/a www.InternetReputation.com; et al,<br><br>               Defendants. | Case No.: 2:18-cv-02423-RFB-PAL<br><br>Judge: Hon. Richard F. Boulware, II<br><br>**RESPONSE OF DEFENDANT AARON WALLACE TO OBJECTIONS OF PLAINTIFF REFLEX MEDIA, INC. TO THE DECLARATIONS Of AARON WALLACE AND NICOLAS W. SPIGNER**<br><br>**HEARING REQUESTED** |

# I.
## INTRODUCTION

At the outset it should be noted that Plaintiff Reflex Media Inc.'s ("Plaintiff") objections to the Declaration of Aaron Wallace ("Wallace") in Support of ("Wallace Declaration")  his Motion to Dismiss ("Motion"), and the Declaration of Nicolas W. Spigner in Support of the Motion ("Counsel Declaration") are not well received.  It is the role of motions to argue and draw legal conclusions. It is a reflection of the boilerplate objections that Plaintiff has undertaken for virtually every line of the Wallace Declaration and more than half of the Counsel Declaration. Plaintiff has essentially made every objection cognizable to every line of the Declaration's to see what will stick. This is clear evidence that the objections, as a whole, are not well taken, and when apprized individually, are not well taken either. Rather, they reflect Plaintiff's complete lack of a defense to the underlying Motion, and facts to support its claims. Since the evidence lays bare Plaintiff's failure to conduct a reasonable investigation, these objections simply try to eliminate all of the damning evidence.

Either through confusion or an effort to mislead, Plaintiff has cast its objections as if the Declarations were filed in support of the Motion, only under FRCP 12(b)(6). Obviously it was not. Plaintiff ignores the fact that the Motion is made under FRCP 8(a)(2), 12(b)(1) and 12(b)(2).

Each of Plaintiff's Objections to the Declarations are separately addressed in the order they were set forth in the Objection.  The following numbered excerpts from the Motion and the Objections under them are copied verbatim from Plaintiff's Objections. Following each objection is Wallace's response thereto. As set forth in greater detail below, the Court must overrule all of Plaintiff's objections to the Wallace Declaration and Counsel Declaration.

//

//

Response to Objections
2:18-cv-02423-RFB-PAL

## II.
## RESPONSE TO OBJECTIONS TO WALLACE DECLARATION

### Plaintiff's Objection to Paragraph 6

"Paragraph 6: 'Up until sometime in 2015, I was one of several partners who operated a website called ExposingJohns.com ("EJ"). EJ was a website where users post content (e.g. Facebook) regarding negative experiences with dates they met over the internet.'

Reflex objects to Paragraph 6 as vague and misleading and therefore prejudicial, and also objects in that Mr. Wallace has not demonstrated that he is competent to testify as to everything that transpired on the EJ website. Fed. R. Evid. 401-403, 602, 801-802, and lack of foundation."

### Defendant's Response to Plaintiff's Objection to Paragraph 6

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401.  Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to exclusion under FRE 401 and 403. The testimony is relevant to the issue of  Wallace's alleged a connection to ExposingJohns.com,  as alleged in Plaintiff's Second Amended Complaint ("SAC").

Under FRE 601, every witness is competent unless the rules provide otherwise. Under FRE 602, a witness is competent to testify on issues within it's personal knowledge. In the First Paragraph of the Declaration, Wallace states that he is competent to testify based on personal knowledge and the Plaintiff has not stated why it alleges Wallace is not competent. Wallace is not purporting to "testify as to everything that transpired on the EJ website", the grounds for Plaintiff's objection. Wallace is testifying to the nature and purpose of ExposingJohns.com, and

Plaintiff has failed to argue why plaintiff was not competent regarding the specific testimony which it is objecting to.

An adequate foundation has been set out under Rule 602 of the Federal Rules of Evidence as the information provided is within the personal knowledge of the declarant, as stated in the first Paragraph of both Declarations. Further, any failing in foundation should go to the weight of the evidence and not preclude its admissibility.

The evidence provided in this paragraph is not hearsay under FRE 801(d)(2(D), it is a statement of a party opponent   in that it is based on the allegations in the SAC regarding Wallace's control of ExposingJohns.com.

***Plaintiff's Objection to Paragraph 7***

"Paragraph 7: 'Rep Ten, LLC, was a Florida limited liability company which was created to process payments from EJ. Rep Ten, LLC, was allowed to administratively dissolve in September of 2016 because EJ was shut down and it no longer served a purpose.'

Reflex objects to Paragraph 7 as vague and misleading and therefore prejudicial, and also objects in that Mr. Wallace has not demonstrated that he is competent to testify as to the purpose of the dissolution of Rep Ten or the cessation of operations of EJ. Fed. R. Evid. 401-403, 602, 801-802, and lack of foundation."

***Defendant's Response to Plaintiff's Objection to Paragraph 7***

Under FRE 401, evidence is relevant if it has  "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401.  Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to

exclusion under FRE 401 and 403. The testimony is relevant to the issue of Wallace's alleged relationship with Rep Ten, LLC, as alleged in the SAC.

Under FRE 601, every witness is competent unless the rules provide otherwise. Under FRE 602, a witness is competent to testify on issues within it's personal knowledge. In the First paragraph of the Declaration, Wallace states that he is competent to testify based on personal knowledge, and the Plaintiff has not stated why it alleges Wallace is not competent. Plaintiff's SAC alleges Wallace controlled Rep Ten, LLC, now it is alleging that Wallace is not competent to testify "as to the purpose of the dissolution of Rep Ten", without offering any supporting evidence for the legal conclusion that contradicts the SAC.

An adequate foundation has been set out under Rule 602 of the Federal Rules of Evidence as the information provided is within the personal knowledge of the declarant, as stated in the first Paragraph of both Declarations. Further, any failing in foundation should go to the weight of the evidence and not preclude its admissibility.

The evidence provided in this paragraph is not hearsay under FRE 801(d)(2(D), it is a statement of a party opponent  in that it is based on the allegations in the SAC regarding Wallace's alleged relationship with Rep Ten, LLC.

### Plaintiff's Objection to Paragraph 8

"'Paragraph 8: "From time to time, we would be contacted by or on behalf of individuals seeking to have content EJ's users posted on the website. Generally the unwanted content would be removed after the party seeking removal paid EJ an administrative removal fee.'

Reflex objects to Paragraph 8 as hearsay not within any exception and vague and misleading and therefore prejudicial insofar as it misstates or underrates the "extortion" elements of EJ's operations, and also objects in that Mr. Wallace has not demonstrated that he is competent

to testify as to the totality of the removal of content from the EJ website. Fed. R. Evid. 401-403, 602, 801-802, and lack of foundation."

***Defendant's Response to Plaintiff's Objection to Paragraph 8***

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401.  Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to exclusion under FRE 401 and 403. The testimony is relevant to the issue of the services provided by ExposingJohns.com, as alleged in the SAC.

Under FRE 601, every witness is competent unless the rules provide otherwise. Under FRE 602, a witness is competent to testify on issues within it's personal knowledge. In the First paragraph of the Declaration, Wallace states that he is competent to testify based on personal knowledge. Plaintiff's SAC alleges Wallace controlled ExposingJohns.com, now it is alleging that Wallace is not competent to testify "as to the totality of the removal of content from the EJ website", without offering any supporting evidence for the legal conclusion that contradicts the SAC. Additionally, as indicated by the Plaintiff's failure to provide any supporting authority whatsoever, the "totality of circumstances" argument is not the proper standard under which federal courts determine competency.

An adequate foundation has been set out under Rule 602 of the Federal Rules of Evidence as the information provided is within the personal knowledge of the declarant, as stated in the first Paragraph of both Declarations. Further, any failing in foundation should go to the weight of the evidence and not preclude its admissibility.

1   The evidence provided in this paragraph is not hearsay under FRE 807(a)(2), it is offered

2   as evidence of a material fact, the services provided by ExposingJohns.com.

3   ***Plaintiff's Objection to Paragraph 9***

4   "Paragraph 9: 'Due to irreconcilable differences with one of my partners, difficulty in

5   generating revenue, as well as the content posted by users falling outside of the confines of the

6   EJ's purpose, we shut the website down sometime in 2015.'

7   Reflex objects to Paragraph 9 as hearsay not within any exception and vague and

8   misleading and therefore prejudicial, in that Mr. Wallace does not identify the other partners who

9   reputedly "shut down" the website or specify his "differences" with them. Fed. R. Evid. 401-403,

10   801-802."

11   ***Defendant's Response to Plaintiff's Objection to Paragraph 9***

12   Under FRE 401, evidence is relevant of it has  "any tendency" to make the consequential

13   fact "more or less probable than it would be without the evidence." FRE 401.  Objections should

14   be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's

15   boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor

16   can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to

17   exclusion under FRE 401 and 403. Plaintiff does not state how not identifying the other partner

18   renders the paragraph vague and misleading. The testimony is relevant to Plaintiff's allegations

19   regarding the dates that ExposingJohns.com was in operation, as alleged in the SAC.

20   The evidence provided in this paragraph is not hearsay under FRE 801(d)(2)(D), it is a

21   statement of a party opponent  in that it is based on the allegations in the SAC regarding the

22   dates that ExposingJohns.com was in operation.

23

24

*Plaintiff's Objection to Paragraph 10*

"Paragraph 10: 'I have never owned, operated, or controlled PredatorsAlerts.com, PredatorAlerts.com, PredatorAlerts.co, or PredatorsAlert.com (collectively "Extortion Websites").'

Reflex objects to Paragraph 10 as an improper legal conclusion and vague and misleading and therefore prejudicial, given the evidence that the EJ website (which Mr. Wallace admits to owning) has been regarded as the Extortion Websites' predecessor. Fed. R. Evid. 401-403."

*Defendant's Response to Plaintiff's Objection to Paragraph 10*

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401.  Objections should be plain and specific. *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to exclusion under FRE 401 and 403. The testimony is relevant to the issue of Wallace's alleged ownership, operation, and control over PredatorsAlerts.com, PredatorAlerts.com, PredatorAlerts.co, or PredatorsAlert.com (collectively "Predator Websites"), as alleged in the SAC.

The evidence provided in this paragraph is not hearsay under FRE 801(d)(2)(D), it is a statement of a party opponent  in that it is based on the allegations in the SAC regarding Wallace's ownership, operation, and control over the Predator Websites. Plaintiff's claim that this paragraph is hearsay because Plaintiff made contradictory arguments is not a basis for exclusion under any relevant rules.

1    ***Plaintiff's Objection to Paragraph 11***

2         "Paragraph 11: 'EJ is not the predecessor to any of the Extortion Websites. EJ has no

3    connection to any of the Extortion Websites.'

4         Reflex objects to Paragraph 11 as an improper legal conclusion and vague and misleading

5    and therefore prejudicial, and also objects in that Mr. Wallace has not demonstrated that he is

6    competent to testify to the current relationship between EJ and the Extortion Websites. Fed. R.

7    Evid. 401-403, 602, 801-802, and lack of foundation."

8    ***Defendant's Response to Plaintiff's Objection to Paragraph 11***

9         Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential

10   fact "more or less probable than it would be without the evidence." FRE 401.  Objections should

11   be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's

12   boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor

13   can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to

14   exclusion under FRE 401 and 403. The testimony is relevant to the issue of  Wallace's alleged

15   ownership, operation, and control over the Predator Websites, as alleged in the SAC.

16        Under FRE 601, every witness is competent unless the rules provide otherwise. Under

17   FRE 602, a witness is competent to testify on issues within it's personal knowledge. In the First

18   Paragraph of the Declaration, Wallace states that he is competent to testify based on personal

19   knowledge and the Plaintiff has not stated why it alleges Wallace is not competent. Wallace is

20   testifying to ExposingJohns.com the lack of any connection to the Predator Websites. Plaintiff

21   alleges that Wallace controls all these websites and is the mastermind behind an international

22   criminal conspiracy, but somehow claims that Wallace is not competent to testify to the

23   enterprise he is allegedly masterminding.

24

An adequate foundation has been set out under Rule 602 of the Federal Rules of Evidence as the information provided is within the personal knowledge of the declarant, as stated in the first Paragraph of both Declarations. Further, any failing in foundation should go to the weight of the evidence and not preclude its admissibility.

The evidence provided in this paragraph is not hearsay under FRE 801(d)(2(D), it is a statement of a party opponent   in that it is based on the allegations in the SAC regarding Wallace's control of ExposingJohns.com and the Predator Websites, as well as the connection between them.

### Plaintiff's Objection to Paragraph 12

"Paragraph 12: 'I have no knowledge of or relationship with Armin Ali or D4 Solutions BD (collectively "Data Miners"). I do not speak or have the ability to communicate in Bengali."

Reflex objects to Paragraph 12 as hearsay not within any exception, an improper legal conclusion, and vague and misleading and therefore prejudicial, given the evidence showing Wallace's present connection with the Extortion Websites, and those Websites' relationship with the Data Miners. Fed. R. Evid. 401-403, 801-802.

### Defendant's Response to Plaintiff's Objection to Paragraph 12

Under FRE 401, evidence is relevant of it has  "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401.  Objections should be plain and specific. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to exclusion under FRE 401 and 403. The testimony provided in this paragraph is relevant to the issue of  Wallace's alleged ownership, operation, and control over PredatorsAlerts.com,

1  PredatorAlerts.com, PredatorAlerts.co, or PredatorsAlert.com (collectively "Predator Websites"),

2  as alleged in the SAC.

3       The evidence provided in this paragraph is not hearsay under FRE 801(d)(2(D), it is a

4  statement of a party opponent   in that it is based on the allegations in the SAC regarding

5  Wallace's ownership, operation, and control over the Predator Websites. Plaintiff's claim that this

6  paragraph is hearsay because Plaintiff made contradictory allegations is not a basis for exclusion

7  under any relevant rules. Further, despite Plaintiff's allegation, there is no evidence "showing

8  Wallace's present connection with the Extortion Websites, and those Websites' relationship with

9  the Data Miners".

10  ***Plaintiff's Objection to Paragraph 13***

11       "Paragraph 13: 'I have not directed the Data Miners, nor any individual or entity, to

12  create fake profiles on SeekingArrangements.com for the purpose of creating decoy accounts to

13  collect other users information and sell to the Extortion Websites.'

14       Reflex objects to Paragraph 13 as hearsay not within any exception and vague and

15  misleading and therefore prejudicial, given the evidence showing Wallace's present connection

16  with the Extortion Websites, and those Websites' relationship with the Data Miners. Fed. R. Evid.

17  401-403, 801-802."

18  ***Defendant's Response to Plaintiff's Objection to Paragraph 13***

19       Under FRE 401, evidence is relevant of it has  "any tendency" to make the consequential

20  fact "more or less probable than it would be without the evidence." FRE 401.  Objections should

21  be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's

22  boilerplate relevance objection lacks the required specificity and as a result, Plaintiff has not nor

23  can it demonstrate that the testimony is in any way "vague or misleading" and/or subject to

24

exclusion under FRE 401 and 403. The testimony is relevant to the issue of Wallace's alleged

ownership, operation, and control over the "Data Miners" and Predator Websites, as alleged in

the SAC.

The evidence provided in this paragraph is not hearsay under FRE 801(d)(2(D), it is a

statement of a party opponent  in that it is based on the allegations in the SAC regarding

Wallace's alleged ownership, operation, and control over the "Data Miners" and Predator

Websites, as alleged in the SAC. Plaintiff's claim that this paragraph is hearsay because Plaintiff

made contradictory allegations is not a basis for exclusion under any relevant rules. Further,

despite Plaintiff's allegation, there is no evidence "showing Wallace's present connection with

the Extortion Websites, and those Websites' relationship with the Data Miners".

***Plaintiff's Objection to Paragraph 14***

"Paragraph 14: 'I have no relationship with Defendant Marca Global, LLC or

InternetReputation.com (collectively 'Marca Global'). I never requested or directed Marca

Global (or any other entity) to process removals from the Extortion Websites.'

Reflex objects to Paragraph 14 as hearsay not within any exception, an improper legal

conclusion, and vague and misleading and therefore prejudicial, given bank records linking Mr.

Wallace with Marca. Fed. R. Evid. 801-802."

***Defendant's Response to Plaintiff's Objection to Paragraph 14***

Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.

1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has

not nor can it demonstrate that the testimony is in any way "vague or misleading" under FRE

801 – 802, " and/or subject to exclusion under FRE 401 and 403. The testimony is relevant to

Plaintiff's allegations regarding the non-existent and unproven conspiracy between Wallace and

Marca Global.

This section is based on the allegations in the SAC that Aaron Wallace directed Marca Global to commit the acts alleged therein, is relevant to said issue, and is admissible as an exclusion from hearsay under FRE 801(d)(2)(D) Statement of a Party Opponent.

**_Plaintiff's Objection to Paragraph 15_**

"Paragraph 15: 'It is possible that with Aaron Minc, owner of Minc, LLC and DefamationRemovalLaw.com ("DRL") paid EJ to remove content prior to it being shut down in 2015. I do not recall ever having communicated with Aaron Minc.'

Reflex objects to Paragraph 15 as hearsay not within any exception, vague and misleading and therefore prejudicial, and irrelevant, given the "it is possible" nature of the statement. Fed. R. Evid. 401-403, 801-802."

**_Defendant's Response to Plaintiff's Objection to Paragraph 15_**

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. _Davis v. Fendler_, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is in any way "vague or misleading" under FRE 801 – 802, " and/or subject to exclusion under FRE 401 and 403.  The testimony is relevant to Plaintiff's allegations that Wallace exchanged communications with Aaron Minc. The use of the words "it is possible" do not render a statement irrelevant or misleading. The second sentence of this paragraph clearly states that Wallace has no recollection of communicating with Aaron Minc. Thus, it is unclear how the statement is vague and misleading when it clearly and unambiguously states that Wallace doesn't recall ever having communicated with Aaron Minc.

This section is based on the allegations in the SAC that Wallace exchanged communications with Aaron Minc, is relevant to said issue, and is admissible as an exclusion from hearsay under FRE 801(d)(2)(D) Statement of a Party Opponent.

***Plaintiff's Objection to Paragraph 16***

"Paragraph 16: 'I have never asked Aaron Minc to refer removal request to Marca Global's website, InternetReputation.com.'

Reflex objects to Paragraph 16 as hearsay not within any exception and irrelevant, as Reflex's Second Amended Complaint does not depend on what Mr. Wallace, personally, has communicated with Mr. Minc, but what communications have occurred with websites or other organizations owned, operated, or controlled by Mr. Wallace. Fed. R. Evid. 401-403, 801-802."

***Defendant's Response to Plaintiff's Objection to Paragraph 16***

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is in any way "vague or misleading" under FRE 801 – 802, " and/or subject to exclusion under FRE 401 and 403. The testimony is relevant to Plaintiff's allegations that Wallace had Aaron Minc advertise the Predator Websites, or any other websites he allegedly controls. This is the exact basis of relevance Plaintiff addressed in its objection.

This section is based on the allegations in the SAC regarding Wallace's alleged relationship with Aaron Minc, is relevant to said issue, and is admissible as an exclusion from hearsay under FRE 801(d)(2)(D) Statement of a Party Opponent.

1   ***Plaintiff's Objection to Paragraph 17***

2       "Paragraph 17: 'I have never used the email addresses support@predatorsalert.com, as

3   alleged in the SAC.'

4       Reflex objects to Paragraph 17 as irrelevant, as Reflex's allegations do not hinge on Mr.

5   Wallace's personal use of the alleged email address, but the fact that the user(s) of that address

6   identified themselves with the EJ website that Mr. Wallace admits to owning. Fed. R. Evid. 401,

7   402, 403."

8   ***Defendant's Response to Plaintiff's Objection to Paragraph 17***

9       Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential

10  fact "more or less probable than it would be without the evidence." FRE 401. Objections should

11  be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's

12  boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it

13  demonstrate that the testimony is in any way "vague or misleading" under FRE 801 – 802, "

14  and/or subject to exclusion under FRE 401 and 403. The testimony is relevant to Plaintiff's

15  allegations that Wallace had any communications with Aaron Minc, as alleged in the SAC.

16      This section is based on the allegations in the SAC regarding Wallace's alleged

17  communications with Aaron Minc, is relevant to said issue, and is admissible  as an exclusion

18  from hearsay under FRE 801(d)(2)(D) Statement of a Party Opponent.

19  ***Plaintiff's Objection to Paragraph 18***

20      "Paragraph 18: 'I have never instructed any individual or entity to create a profile on

21  SeekingArrangement.com to mine data from other users.'

22      Reflex objects to Paragraph 18 as hearsay not within any exception and vague and

23  misleading and therefore prejudicial, as Mr. Wallace does not deny that profiles were created

24

other than on his personal, direct instructions. The paragraph is also irrelevant, in that Reflex's allegations do not hinge on personal instructions of the kind described. Fed. R. Evid. 401-403, 801-802."

***Defendant's Response to Plaintiff's Objection to Paragraph 18***

This objection must be overruled because the statement in this paragraph is relevant and not vague and ambigious. Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403, as vague and ambiguous. The testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding Wallace control over the Predator Websites. This statement is not vague and ambiguous because the Plaintiff admittedly knows what is being alleged.

This paragraph is based on the allegations in the SAC allegations that Wallace, instructed individuals and/or entities to perform any of the alleged "Data Mining", is relevant to said issue, and is admissible as an exclusion from hearsay under FRE 801(d)(2)(D) Statement of a Party Opponent.

***Plaintiff's Objection to Paragraph 19***

"Paragraph 19: 'I first became aware of the acts alleged in the SAC after being contacted by Plaintiff's lawyer, Mark Smith, in February of 2019.

Reflex objects to Paragraph 19 as vague and misleading and therefore prejudicial. Fed. R. Evid. 401-403."

1   *Defendant's Response to Plaintiff's Objection to Paragraph 19*

2          This objection must be overruled because the statement in this paragraph is relevant and

3   not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the

4   consequential fact "more or less probable than it would be without the evidence." FRE 401.

5   Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

6   Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor

7   can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The

8   testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding

9   Wallace control over the Predator Websites. This statement is not hearsay because it is being

10  offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the

11  SAC.

12  *Plaintiff's Objection to Paragraph 20*

13         "Paragraph 20: 'On February 1, 2019, I received a letter signed by Mark L. Smith stating

14  that he identified me as Does One through Three in the First Amended Complaint (Extortion

15  Websites).'

16         Reflex objects to Paragraph 20 as hearsay not within any exception and irrelevant, the

17  allegations in the SAC do not concern the mailing of a letter to Wallace. Fed. R. Evid. 401-403,

18  801-802."

19  *Defendant's Response to Plaintiff's Objection to Paragraph 20*

20         This objection must be overruled because the statement in this paragraph is relevant and

21  not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the

22  consequential fact "more or less probable than it would be without the evidence." FRE 401.

23  Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

24

Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding Wallace control over the Predator Websites. This statement is not hearsay because it is being offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the SAC.

**Plaintiff's Objection to Paragraph 21**

"Paragraph 21: 'After receiving the aforementioned letter, I immediately called Mr. Smith's office, and followed up with an email when he did not answer my phone call.'

Reflex objects to Paragraph 21 as hearsay not within any exception and irrelevant, the allegations in the SAC do not concern the letter, phone call, or follow-up email referenced in Paragraph 21. Fed. R. Evid. 401, 801-802."

**Defendant's Response to Plaintiff's Objection to Paragraph 21**

This objection must be overruled because the statement in this paragraph is relevant and not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding Wallace control over the Predator Websites. This statement is not hearsay because it is being offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the SAC.

*Plaintiff's Objection to Paragraph 22*

"Paragraph 22: 'That same day, I was eventually able to speak to Mr. Smith Via telephone and told him that his allegations were incorrect as I never owned, operated, or controlled any of the Extortion Websites.'

Reflex objects to Paragraph 22 as irrelevant, the allegations in the SAC do not concern a telephone call with Reflex's counsel. Fed. R. Evid. 401. Reflex also objects to Paragraph 22 as hearsay. Fed. R. Evid. 801, 802."

*Defendant's Response to Plaintiff's Objection to Paragraph 22*

This objection must be overruled because the statement in this paragraph is relevant and not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding Wallace control over the Predator Websites. This statement is not hearsay because it is being offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the SAC.

*Plaintiff's Objection to Paragraph 23*

"Paragraph 23: 'During our phone call, Mr. Smith told me that 'I don't know if you are involved with' the Extortion Websites, 'I don't know if it's you,' and 'I'm sorry if it's not you'.'

Reflex objects to Paragraph 23 as irrelevant, the allegations in the SAC do not concern a telephone call with Reflex's counsel. Fed. R. Evid. 401. Reflex also objects to Paragraph 23 as

1  hearsay. Fed. R. Evid. 801, 802.2"

2  ***Defendant's Response to Plaintiff's Objection to Paragraph 23***

3        This objection must be overruled because the statement in this paragraph is relevant and

4  not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the

5  consequential fact "more or less probable than it would be without the evidence." FRE 401.

6  Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

7  Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor

8  can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The

9  testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding

10  Wallace control over the Predator Websites. This statement is not hearsay because it is being

11  offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the

12  SAC.

13  ***Plaintiff's Objection to Paragraph 24***

14        "Paragraph 24: 'In a follow-up email later that same day, Mr. Smith asked me about the

15  registration and dissolution information for EJ, which is available for free to the public on the

16  Florida of Secretary of State website (www.sunbiz.com).'

17        Reflex objects to Paragraph 24 as irrelevant, the allegations in the SAC do not concern

18  email correspondence with Reflex's counsel. Fed. R. Evid. 401. Reflex also objects to Paragraph

19  24 because it does not comply with the best evidence rule. Fed. R. Evid. 1002-1004. Reflex also

20  objects to Paragraph 24 as hearsay. Fed. R. Evid. 801, 802."

21  ***Defendant's Response to Plaintiff's Objection to Paragraph 24***

22        This objection must be overruled because the statement in this paragraph is relevant and

23  not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the

24

consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding Wallace control over the Predator Websites. This statement is not hearsay because it is being offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the SAC.

The "best evidence rule" applies where secondary evidence (either oral or written) is offered to prove the content of a writing. FRE 1002; U*nited States v. Valdovinos—Mendez*, 641 F3d 1031, 1035 (9th Cir. 2011). The statement in this paragraph is not subject to the best evidence rule because it is not being offered to prove the content of the email, but that Plaintiff's counsel were in communication with Wallace.

***Plaintiff's Objection to Paragraph 25***

"Paragraph 25**:** 'I told Mr. Smith that I did not have the information that he requested about EJ because I shut it down years prior. I also conducted some internet research and provided Mr. Smith with links to YouTube videos, websites, and news articles I found referencing the Extortion sites to support my lack of ownership and/or control thereof.'

Reflex objects to Paragraph 25 as irrelevant, the allegations in the SAC do not concern a telephone call with Reflex's counsel or internet research conducted by Wallace. Fed. R. Evid. 401. Reflex also objects to Paragraph 25 as hearsay. Fed. R. Evid. 801, 802."

***Defendant's Response to Plaintiff's Objection to Paragraph 25***

This objection must be overruled because the statement in this paragraph is relevant and

not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding Wallace control over the Predator Websites. This statement is not hearsay because it is being offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the SAC.

***Plaintiff's Objection to Paragraph 26***

"Paragraph 26: 'I was under the impression that I provided Mr. Smith with enough information to show that I was not connected to any of the extortion websites, because he never stated that he had information that indicated otherwise, despite the cease and desist letter.'

Reflex objects to Paragraph 26 as irrelevant, the allegations in the SAC do not concern a telephone call with Reflex's counsel. Fed. R. Evid. 401."

***Defendant's Response to Plaintiff's Objection to Paragraph 26***

This objection must be overruled because the statement in this paragraph is relevant and not hearsay. Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony provided in this paragraph is relevant as it relates Plaintiff's allegations regarding

Wallace control over the Predator Websites. This statement is not hearsay because it is being offered as evidence that Plaintiff's counsel was in communication with Wallace prior to filing the SAC.

**III.**
**RESPONSE TO OBJECTIONS TO COUNSEL DECLARATION**

***Plaintiff's Objection to Paragraph 4***

"Paragraph 4: 'On or about March 21, 2019 I contacted Plaintiff's counsel to informed them that contrary to the allegations in the Second Amended Complaint filed February 26, 2019 (Dkt. 84), Mr. Wallace did not and does not own, operate, or control PredatorsAlerts.com, PredatorAlerts.com, PredatorAlerts.co, or PredatorsAlert.com (collectively "Extortion Websites")."

Reflex objects to Paragraph 4 as irrelevant, the allegations in the SAC do not concern Mr. Spigner's telephone call with Reflex's counsel. 3 Fed. R. Evid. 401. Reflex also objects to Paragraph 4 as hearsay. Fed. R. Evid. 801, 802."

***Defendant's Response to Plaintiff's Objection to Paragraph 4***

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony is relevant to Plaintiff's allegations that Wallace owned and controlled the Predator Websites, as alleged in the SAC. Hearsay is statement, other than one made by declarant, offered in evidence to prove truth of matter asserted. FRE 801(c).The statement is not hearsay because it is being offered to show that Plaintiff's counsel was in communication with Wallace's counsel regarding

the identification of Wallace in the SAC.

***Plaintiff's Objection to Paragraph 5***

"Paragraph 5: 'During the aforementioned communication, I also asked the Plaintiff's counsel to dismiss the claims against Mr. Wallace.'

Reflex objects to Paragraph 5 as irrelevant, the allegations in the SAC do not concern Mr. Spigner's telephone call with Reflex's counsel. Fed. R. Evid. 401. Reflex also objects to Paragraph 5 as hearsay. Fed. R. Evid. 801, 802."

***Defendant's Response to Plaintiff's Objection to Paragraph 5***

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403.. The testimony is relevant to Plaintiff's allegations that Wallace owned and controlled the Predator Websites, as alleged in the SAC. Hearsay is statement, other than one made by declarant, offered in evidence to prove truth of matter asserted. FRE 801(c).The statement is not hearsay because it is being offered to show that Plaintiff's counsel was in communication with Wallace's counsel regarding the identification of Wallace in the SAC..

***Plaintiff's Objection to Paragraph 6***

"Paragraph 6: 'I also requested copies of the proof that Plaintiff's counsel allegedly has showing Mr. Wallace's purported ownership, operation, and control over the Extortion Websites."

Reflex objects to Paragraph 6 as irrelevant, the allegations in the SAC do not concern Mr.

Spigner's telephone call with Reflex's counsel. Fed. R. Evid. 401. Reflex also objects to Paragraph 6 as hearsay. Fed. R. Evid. 801, 802."

***Defendant's Response to Plaintiff's Objection to Paragraph 6***

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony is relevant to Plaintiff's allegations that Wallace owned and controlled the Predator Websites, as alleged in the SAC. Hearsay is statement, other than one made by declarant, offered in evidence to prove truth of matter asserted. FRE 801(c).The statement is not hearsay because it is being offered to show that Plaintiff's counsel was in communication with Wallace's counsel regarding the identification of Wallace in the SAC.

***Plaintiff's Objection to Paragraph 7***

"Paragraph 7: 'As of the filing of this Declaration, Plaintiff's counsel has not dismissed Plaintiff's claims against Mr. Wallace, or provided any of the requested documents referred to in the SAC, which purportedly show Mr. Wallace's ownership, operation, and control of the Extortion Websites.'

Reflex objects to Paragraph 7 as irrelevant, the allegations in the SAC do not concern actions by Reflex's counsel, nor do the allegations of the SAC concern production of documents by Reflex's counsel (which will be properly produced during discovery). Fed. R. Evid. 401."

***Defendant's Response to Plaintiff's Objection to Paragraph 7.***

Under FRE 401, evidence is relevant of it has "any tendency" to make the consequential

fact "more or less probable than it would be without the evidence." FRE 401. Objections should be plain and specific. *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981). Plaintiff's boilerplate objection lacks the required specificity and as a result, Plaintiff has not nor can it demonstrate that the testimony is subject to exclusion under FRE 401 and 403. The testimony is relevant to Plaintiff's allegations that Wallace owned and controlled the Predator Websites, as alleged in the SAC. Hearsay is statement, other than one made by declarant, offered in evidence to prove truth of matter asserted. FRE 801(c).The statement is not hearsay because it is being offered to show that Plaintiff's counsel was in communication with Wallace's counsel regarding the identification of Wallace in the SAC.

**IV.**
**CONCLUSION**

For the foregoing reasons, and in the interests of justice, Defendant Aaron Wallace respectfully requests that this court overrule all of Plaintiff's objections to the Declarations of Nicolas W. Spigner and Aaron Wallace in Support of the Motion to Dismiss.

DATED: April 23, 2019

Respectfully submitted,

SPIEGEL & UTRERA, P.C.
Attorneys for Defendant Aaron Wallace
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045

For the Firm:

By: */s/ Nicolas Spigner*
Nicolas W. Spigner, Esq.
Email: attorneyspigner@amerilawyer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner, as specified, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DATED: April 23, 2019                          By: _/s/ Nicolas Spigner_
                                               Nicolas W. Spigner, Esq.

Response to Objections
2:18-cv-02423-RFB-PAL

## <u>SERVICE LIST</u>

1

2  James D. Boyle, Esq.                          Jean Schwartzer
   Sean E. Story, Esq.                           Jean.schwartzer@gmail.com
3  400 South Fourth Street, Third Floor          LAW OFFICE OF JEAN SCHWARTZER
   Las Vegas, Nevada 89101                       10620 Southern Highlands Parkway, Suite
4  jboyle@nevadafirm.com                         110-473
   sstory@nevadafirm.com                         Las Vegas, Nevada 89141
5  *Attorney for Marca Global, LLC*              *Attorney for Plaintiff Web Presence, LLC*

6  Chad T. Nitta (*appearance pro hac vice*)     Christopher B. Ingle
   KUTAK ROCK LLP                                cingle@maypotenza.com
7  1801 California St. Suite 300                  Michelle L. Mozdzen
   Denver, CO 80202                              mmpzdzen@maypotenza.com
8  Tel: (303) 297-2400                           MAY POTENZA BARAN GILLESPIE
   chad.nitta@kutakrock.com                      201 North Central Avenue, 22nd Floor
9  blair.kanis@kutakrock.com                     Phoenix, Arizona 85004
   *Attorney for Marca Global, LLC*              *Attorneys for Plaintiff Web Presence, LLC*

10

11 Joseph A.Schaeffer, Esq.                       Mark L Smith
   SMITH WASHBURN, LLP                           msmith@smithwashburn.com
11 500 South Grand Avenue, Suite 1450            Jacob L. Fonnesbeck
12 Los Angeles, California 90071                  jfonnesbeck@smithwashburn.com
   *Attorney for Plaintiff Reflex Media, Inc.*   SMITH WASHBURN, LLP
13                                               6871 Eastern Avenue, Suite 101
                                                 Las Vegas, Nevada 89119
14                                               *Attorney for Plaintiff Reflex Media, Inc.*