JEAN SCHWARTZER (NV Bar No. 11223)
Jean.schwartzer@gmail.com
LAW OFFICE OF JEAN SCHWARTZER
10620 Southern Highlands Parkway, Suite 110-473
Las Vegas, Nevada 89141
Telephone: 702-979-9941

CHRISTOPHER B. INGLE (AZ Bar No. 025553)
cingle@maypotenza.com
MICHELLE L. MOZDZEN (AZ Bar No. 028188)
mmozdzen@maypotenza.com
MAY POTENZA BARAN GILLESPIE
201 North Central Avenue, 22nd Floor
Phoenix, Arizona 85004
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
*Admitted Pro Hac Vice*

*Attorneys for Web Presence, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOE NO. 1, an individual d/b/a www.PredatorsAlerts.com; DOE NO. 2, an individual d/b/a www.PredatorExposed.com; ARMAN ALI, an individual d/b/a D4 SOLUTIONS BD; MARCA GLOBAL, LLC, a Colorado limited liability company d/b/a www.InternetReputation.com; WEB PRESENCE, LLC, a Nevada limited liability company d/b/a www.NetReputation.com, www.GuaranteedRemoval.com, and www.ReputationLawyers.com; and DOES 3-50, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-02423-RFB-PAL<br><br>**WEB PRESENCE, LLC'S, RESPONSE TO PLAINTIFF'S MOTION TO PERMIT ALTERNATIVE METHODS OF SERVICE ON FOREIGN DEFENDANT** |

Defendant Web Presence, LLC ("Web Presence"), by and through undersigned counsel, hereby responds to Plaintiff's Motion to Permit Alternative Methods of Service on Foreign Defendant. This

1

Response is based on the following Memorandum of Points and Authorities, any response and reply that may be filed, any oral argument the Court may hear on this issue, and the Court's entire case file.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION.**

The Court should deny Plaintiff's Motion to Permit Alternative Methods of Service on Foreign Defendant (the "Motion") because Plaintiff has not demonstrated diligent efforts to serve Defendant Arman Ali ("Ali"), nor has Plaintiff provided good cause for its failure to either serve Ali or request an extension of time to effect service in the nine months that this case has been pending. Additionally, the proposed service would not actually accomplish the goal of providing Ali with notice about the suit. Google Maps shows that the address to which Plaintiff wants to send a courier does not actually exist. There is no evidence that Ali owns the two email addresses to which Plaintiff wants to send documents, and even if he did, there is no evidence that Ali still uses them. Finally, permitting alternative service would prejudice Defendant Web Presence, LLC ("Web Presence"), by causing the case to take longer to resolve, at an increased cost, and without conferring any benefit.

**II.    FACTS.**

1.   Plaintiff filed this case on August 16, 2018.

2.   The following day, on August 17, 2018, Plaintiff had a summons issued to Ali, upon which Plaintiff listed Ali's contact information as follows: "Arman Ali d/b/a/ D4 Solutions BD, 130, Shah Mukhudum Chattrabab, Mehrchandi, (karaichala), Padma Residential, Boalia, Rajshahi, Bangladesh." Motion at Ex. 4, p. 2.

3.   Approximately two weeks later, on August 31, Plaintiff retained Faud Bin Mostafiz to effect service on Ali. *Id.* at p. 3.

4.   In the Affidavit of Service, Faud Bin Mostafiz stated that on September 17, 2018, he handed the Complaint and related documents to a person named Md. Ruhul Amin at the address listed on the summons. *Id.*

5.   Plaintiff did not make any further efforts to serve Ali.

6.   Plaintiff has never asked the Court to extend the deadline to effect service on Ali.

2

7.      The video referred to in Plaintiff's counsel's affidavit was posted on November 26, 2017. Exhibit A.

8.      The domain d4solutionsbd.com, which Plaintiff associates with Ali, is no longer operational. Exhibit B. In fact, it has been available for sale to the public since November 9, 2017. Exhibit C.

9.      Back in 2017, when d4solutionsbd.com was still operational, the domain was registered to Sharfaraj Khan at E-759/6, Maalopara, Rajshari, GPO, Boalia, Rajshari, 6000 Bangladesh. The address resolves to a post office box in Rajshahi, Bangladesh. Exhibit D. The domain owner's phone number was +880.1919656585, and the email address was hemi_cse@yahoo.com. *Id*.

10.     When undersigned counsel input the address Plaintiff provided for Ali into Google Maps, counsel discovered that the address does not actually exist. Exhibit E. There is no building there; it is simply the middle of a street with empty lots on either side. The closest building appears to be an apartment complex, and the next closest structure is uninhabited. Exhibit F.

11.     Undersigned counsel used Google Maps to look around that area hoping to find either the address Plaintiff provided, or possibly the sign depicted in Exhibit 3 to the Motion, but was unable to find either one. The neighborhood appears to be a poor residential district. There are a few tenement buildings scattered here and there, but for the most part it consists of abandoned buildings and temporary shelters constructed out of trash. Exhibit G.

### III.   LEGAL ANALYSIS.

#### A.   Plaintiff has not demonstrated reasonable diligence to serve Ali.

The Motion and its supporting exhibits demonstrate that Plaintiff knew Ali's name and his purported contact information before Plaintiff filed this case in August 2018. Plaintiff waited two weeks to hire someone to try to serve Ali, and then another two weeks elapsed before that person claimed to hand a copy of the Complaint to a person named Md. Ruhul Amin at the address Plaintiff provided. However, Plaintiff designated Ali as an individual working as a sole proprietor, but the documents were handed a third party, as if Ali was an entity defendant. Since Plaintiff named Ali as a defendant in his personal capacity, Plaintiff cannot serve him using the procedure for serving entities. Rule 4(f)(2), *Fed.R.Civ.P.* (requiring the summons and complaint be delivered "to the individual personally").  It also seems likely that the

3

Affidavit of Service is inaccurate because it purports to have been effected at an address which, per Google Maps, does not exist. Exhibit E. Moreover, the address was derived from a website that Plaintiff claims Ali used to operate as a business. As such, even if the address did exist, it would be a work address and not a residential address, such that leaving a copy of the complaint with Md. Ruhul Amin would not qualify as leaving the documents with a person of suitable age and discretion who resides at the defendant's usual place of abode, as contemplated by Rule 4(e)(2)(B), *Fed.R.Civ.P.*

Plaintiff made no further efforts to serve Ali. Plaintiff's attempt at service was ineffective, as Plaintiff tacitly acknowledged by asking the Court for permission to serve Ali in an alternative manner.

Had Plaintiff wanted to serve Ali, it appears Plaintiff could have done so if it had acted with reasonable diligence. The internet domain that Plaintiff alleges to be associated with Ali is d4solutionsbd.com. The domain was registered to an address that, unlike the address Plaintiff provided, actually exists. Exhibit D. The domain owner's name, telephone number, and email address were also available to the public. *Id.* However, there is no evidence that Plaintiff attempted to utilize that contact information, and the domain registration expired two years ago, so there is not any current contact information associated therewith. Plaintiff has not explained why it never utilized the domain's contact information to attempt to locate Ali.

In addition, undersigned counsel went to the Facebook profile listed on Plaintiff's Exhibit 3. The last post on that account was from October 23, 2017. Exhibit H. The profile lists a phone number that Plaintiff never bothered to call, and allows visitors to send a message to the account holder, which Plaintiff never bothered to do. It also has photos of people posting signs for D-4 Solutions, which were obviously taken somewhere other than the address provided by Plaintiff. The photos presumably contain metadata that would show when and where they were taken, and they depict additional phone numbers that Plaintiff never bothered to call. There is even a certificate issued to Ali by Pennsylvania State University that Plaintiff presumably could have used to obtain the University's records of Ali's contact information. Had Plaintiff followed up on any of these leads back when they were current, it is possible that Ali could have been located and served within the timeframe set forth in Rule 4(m), *Fed.R.Civ.P.*, but for unknown reasons Plaintiff failed to do so.

All things considered, the record does not demonstrate that Plaintiff exercised reasonable diligence in pursuing the leads that would have enabled it to serve Ali, and contrary to Plaintiff's argument that Ali was "informally served" back in September 2018, there is no evidence that Ali has ever received notice of this case.

### B.  Plaintiff has not demonstrated good cause to extend the service of process deadline.

Rule 4(m), *Fed.R.Civ.P.*, states that parties have 90 days after the filing of a complaint to effect service. Although Plaintiff asked for an extension of time to serve the Doe Defendants, Plaintiff did not ask for additional time to serve Ali. Accordingly, the deadline to effect service expired on November 15, 2018. Plaintiff has not explained why it is just now asking the Court for permission to serve a party more than six months after the expiration of the deadline to effect service.

### C.  The proposed alternative service is not reasonably likely to provide Ali with notice of this case.

Sending a process server to the address Plaintiff provided, which literally is just the middle of a street in rural Bangladesh, is not going to accomplish anything. Whoever Ali is, one can be relatively certain that he does not spend his time standing in the middle of a road waiting for process servers. The two closest structures do not appear to be the offices of "D4 Solutions BD" – one appears to be a small apartment complex, and the next is an uninhabited construction site. Exhibit F. There is no indication Ali can be found at either location. Nor does it appear that Plaintiff may be off just a little bit on the address. The neighborhood consists of construction sites, trash, homeless encampments, and wandering livestock. Exhibit G. What Plaintiff is essentially proposing is having a process server walk to a specific spot in rural Bangladesh, shout "Arman Ali you have been served!" and then leave some papers with the bewildered townsfolk. That is unlikely to provide Ali with notice of this case.

It also seems unlikely that Ali will receive notice through either of the email addresses Plaintiff suggested. The video that Plaintiff's counsel refers to in his affidavit was posted on November 26, 2017. As can be seen on Exhibit 2 to the Motion, the login shown in the video occurred on November 22, 2017. Moreover, there is no proof that Ali is the person logging into the account. Plaintiff obtained the second email address from the photo Plaintiff submitted as Exhibit 3. The photo has not been disclosed, no foundation has been established, and it is unknown where or when it was taken, and the Court should

5

therefore exclude it from evidence. But even setting those defects aside for the moment, there is no proof that Ali ever used that second email address. For that matter, there is no evidence that anyone is currently using either email address. Because there is no proof that Ali was ever the owner of the email addresses, or that anyone is currently using the email addresses, sending a copy of the Complaint to those email addresses is not reasonably likely to provide Ali with notice of this case.

### D. Web Presence would be prejudiced if the Court granted the Motion.

For several months Web Presence has been trying to get a ruling on its Motion to Dismiss. Typically, a court would rule on a motion like that early in the proceedings. However, because Plaintiff filed suit in California in a misguided attempt to invoke its consumer protection laws, and then amended its complaint several times to cure various defects, and then the case was transferred to Nevada, and then Plaintiff asked for additional time for its ultimately unsuccessful attempt to identity and serve the Doe Defendants, the Court has not yet ruled on the Motion to Dismiss. This case has already dragged on for nine months and has cost Web Presence over a hundred thousand dollars. The Court should not permit further delays for Plaintiff to do something that it should have done long ago.

The Court should also note that granting Plaintiff leave to perform alternative service would not have a meaningful effect on the outcome of this case. Plaintiff's case is flawed because a person does not violate the Computer Fraud and Abuse Act by misrepresenting themselves on a dating website, and that flaw will remain no matter what happens with Ali. It is also significant that there are no federal claims against any defendant before the Court. Plaintiff's claims against defendants Web Presence, Marca Global, and Wallace are all state law claims. In light of the foregoing, the Court should deny Plaintiff's Motion and then dismiss the case for lack of subject matter jurisdiction.

## IV. CONCLUSION.

The Court should deny the Motion because Plaintiff has not demonstrated diligent efforts to serve Ali, nor has Plaintiff offered good cause for its failure to either serve Ali or timely request an extension of the service of process deadline. The proposed alternative service is not likely to provide Ali with notice of this case because the address does not exist and there is no proof that Ali ever owned the two email addresses, and even if he did, there is no proof that he is currently checking them. The requested relief would prejudice Web Presence by causing further delays and increasing its litigation costs.

For all the foregoing reasons, the Court should deny Plaintiff's Motion to Permit Alternative Methods of Service on Foreign Defendant.

**RESPECTFULLY SUBMITTED** this 15th day of May, 2019.

              **MAY, POTENZA, BARAN & GILLESPIE, P.C.**

              By: /s/ *Christopher B. Ingle*
              Jean Schwartzer
              Michelle Mozdzen *pro hac vice*
              Christopher B. Ingle *pro hac vice*
              *Attorneys for Defendant Web Presence, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2019. I electronically filed the foregoing **WEB PRESENCE, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO PERMIT ALTERNATIVE METHODS OF SERVICE ON FOREIGN DEFENDANT** with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

James D. Boyle, Esq.
Sean E. Story, Esq.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
jboyle@nevadafirm.com
sstory@nevadafirm.com
*Attorneys for Defendant Marca Global, LLC d/b/a www.InternetReputation.com*

Chad T. Nitta (*appearance pro hac vice*)
Becky Franson
Rachael Culhane
KUTAK ROCK LLP
1801 California St. Suite 300
Denver, CO 80202
Tel: (303) 297-2400
chad.nitta@kutakrock.com
becky.franson@kutakrock.com
rachael.culhane@kutakrock.com
*Attorneys for Defendant Marca Global, LLC d/b/a www.InternetReputation.com*

Joseph A.Schaeffer, Esq.
SMITH WASHBURN, LLP
500 South Grand Avenue, Suite 1450
Los Angeles, California 90071
*Attorneys for Plaintiff Reflex Media, Inc.*

Mark L Smith
Jacob L. Fonnesbeck
SMITH WASHBURN, LLP
6871 Eastern Avenue, Suite 101
Las Vegas, Nevada 89119
msmith@smithwashburn.com
jfonnesbeck@smithwashburn.com
*Attorneys for Plaintiff Reflex Media, Inc*.

Michael Carrigan
SPIEGEL & UTRERA, P.C.
1785 East Sahara Avenue, Suite 490
Las Vegas, Nevada 89104
Email: attorneycarrigan@amerilawyer.com
*Attorneys for Defendant Aaron Wallace*

| | |
|---|---|
| 1 | Nicolas W. Spigner |
| 2 | SPIEGEL & UTRERA, P.C.<br>8939 South Sepulveda Boulevard, Suite 400<br>Los Angeles, California 90045 |
| 3 | Email: attorneyspigner@amerilawyer.com |
| 4 | *Attorneys for Defendant Aaron Wallace* |
| 5 | By:/s/ *Eva Perez* |