**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada Corporation<br><br>Plaintiff,<br><br>v.<br><br>AARON WALLACE, an individual, et al.,<br><br>Defendant. | Case No. 2:18-cv-02423-RFB-BNW<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Permit Alternative Methods of Service on Foreign Defendant (ECF No. 144), which was filed on May 10, 2019. Defendant Web Presence, LLC responded on May 15, 2019 (ECF No. 146), and Plaintiff replied on May 22, 2019 (ECF No. 147).

**I.  BACKGROUND**

This is a case about extortion. Plaintiff alleges that it operates several dating sites and that defendants initiated a scheme to extort their users. Specifically, Plaintiff alleges that defendants' scheme goes like this: some defendants join one of plaintiff's dating sites and pose as legitimate members to gather the personal information of other users. This information is then posted to another website where the users are accused of offering sex for money and/or associated with child predation. The targeted users are then referred to a website where, for a fee, they can have their personal information removed from the "extortion website." (*See* ECF No. 84 (Second Ameen. Compl.).)

As a result of this alleged scheme, Plaintiff filed suit in August of 2018. (*See* ECF No. 1.) Plaintiff filed its First Amended Complaint in October 2018 (ECF No. 33) and its Second Amended Complaint in February of 2019. (ECF No. 84.) Plaintiff served multiple defendants and

now seeks to serve another defendant, Arman Ali d/b/a D4 Solutions BD (Ali), by alternative means.

Plaintiff seeks to serve Ali, a defendant located in Bangladesh, by email and international courier pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. (ECF No. 144 at 1.) Plaintiff argues in its opening brief that service is proper under Rule 4(f)(3) so long as it is (1) ordered by the court; (2) not prohibited by international agreement; and (3) reasonably calculated, under the circumstances, to apprise the party of the action. (*Id.* at 3.) Plaintiff argues that if the court were to order service via email and international courier, these elements would be met. The first element would obviously be met because the court would order service in this manner. The second element would be met because there is no international agreement between Bangladesh (where Ali resides) and the United States and thus no international agreement prohibiting service via email and international courier. (*Id.*) The third element would be met because Plaintiff has a physical address (the Target Physical Address) and two email addresses (faarman@gmail.com and d4solutionsbd@gmail.com) for Ali and reason to believe that if service was affected at these three addresses, Ali would receive actual notice of the litigation. (ECF No. 144.) More specifically, Plaintiff believes that the Target Physical Address it has for Ali is his business address because Plaintiff hired a local process server who spoke with Ali and was told to serve his partner, Md. Rahul Amin, at this address; the local process server did so and informally served Md. Rahul Amin with Plaintiff's initial complaint. (*Id.* at 4; ECF No. 147 at 5.) Plaintiff believes that Ali would also receive notice from service via email at the two email addresses because (1) Ali posted a video on YouTube showing him logging into an account for one of the email addresses (faarman@gmail.com); and (2) for the other email address (d4solutionsbd@gmail.com), Ali's company has a banner with this email address on it. (ECF No. 144 at 2.)

A different defendant, Web Presence, opposes Plaintiff's motion on multiple grounds. First, Web Presence argues that Plaintiff's motion should be denied because Plaintiff was not diligent in attempting to serve Ali. (ECF No. 146 at 3.) Second, Web Presence argues that Plaintiff's motion should be denied because Plaintiff did not effectuate service in 90 days as

required by Federal Rule of Civil Procedure 4(m). (*Id.* at 5.) Third, Web Presence argues that allowing service on Ali now will delay litigation and this delay will prejudice Web Presence. (*Id.* at 6.) Fourth, Web Presence argues that service at the three addresses Plaintiff has is not reasonably calculated to apprise Ali of the pendency of this action. (*Id.* at 5*)* With regard to the Target Physical Address, Web Presence argues that it looked the address up on Google Maps and found that the address is associated with the middle of a street in rural Bangladesh. (*Id.* at 5.) With regard to the email address shown in a YouTube video, Web Presence argues that the video was posted over two years ago and there is no proof that Ali is the person logging into the account (*Id.*) With regard to the other email address (that was taken off of a photo of a business banner), Web Presence argues that Plaintiff has not laid a foundation for this photo and there is no evidence that Ali ever used this email address. (*Id.*) Web Presence also asserts that there is no evidence that Ali is currently using either email address. (*Id.* at 6.)

Plaintiff makes several arguments in its reply brief. First, it argues that Web Presence does not have standing to assert arguments on behalf of unserved parties. (ECF No. 147 at 3.) Second, it argues that it was not required to serve Ali within the 90 days required by Federal Rule of Civil Procedure 4(m), as this rule explicitly does not apply to service in a foreign country. (*Id.* at 4.) Third, Plaintiff argues that Web Presence's suggestion that Plaintiff has not yet properly served Ali is irrelevant, because Plaintiff has not and is not making this argument.[1] (*Id.*) Fourth, Plaintiff argues that the methods of service it proposes are reasonably calculated to give Ali actual notice of this action. Plaintiff asserts that the Target Physical Address was confirmed by a local process server who actually served Ali's partner, per Ali's instruction, at this address. (*Id.* at 5.) Plaintiff also reiterates that there is evidence that Ali used one of the email addresses Plaintiff has (faarman@gmail.com) and that the other email address (d4solutionsbd@gmail.com) was photographed by the local process server on a banner and is on D4 Solutions' Facebook page. (*Id.* at 7.)

**II. ANALYSIS**

---

[1] The court agrees and will not address this argument further.

**A.      Standing**

"[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (internal citation omitted).

Plaintiff does not address these elements in arguing that Web Presence does not have standing to oppose its motion for alternative service on Ali. (*See* ECF No. 147 at 3.) Instead, Plaintiff cites three non-controlling cases for the proposition that Web Presence does not have standing to assert arguments on behalf of unserved parties. (*Id*.) Here, however, Web Presence argues that if the court were to grant Plaintiff's motion and allow service on Ali now, Web Presence would be prejudiced because it would delay the case. (ECF No. 146 at 6.) Accordingly, Web Presence is not asserting an argument solely for the benefit of another defendant. Rather, it is asserting an argument for its own benefit. As such, and in the absence of additional authority and analysis from the Plaintiff, the court cannot rule in its favor on standing.

**B.      Service Under Federal Rule of Civil Procedure 4(f)(3)**

Federal Rule of Civil Procedure Rule 4(f) governs service on an individual in a foreign country. Service under Rule 4(f)(3), as requested by the Plaintiff, is not a "last resort" or "extraordinary relief." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quotation omitted). "It is merely one means among several which enables service of process on an international defendant." *Id.* It is within the Court's discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* at 1016.

Rule 4(f)(3) permits service outside a judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Additionally, to establish that a particular method of service is appropriate, a plaintiff must show that service is "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections." *Rio*, 284 F.3d at 1014-16

(quotation omitted). Accordingly, service is proper under Rule 4(f)(3) so long as it is (1) ordered by the court; (2) not prohibited by international agreement; and (3) reasonably calculated, under the circumstances, to apprise the party of the action.

The court finds that alternative service under Rule 4(f)(3) is appropriate in this case.

The first element of Rule 4(f)(3) is met because the court is ordering alternative service on Ali.

The second element of Rule 4(f)(3), the method of service requested is not prohibited by international agreement, is also met. There is no international agreement between Bangladesh (where Ali resides) and the United States and thus no international agreement prohibiting service via email and international courier. *See* Service of Process, U.S. Department of State – Bureau of Consumer Affairs (November 7, 2018), https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last visited December 6, 2019) (the United States is a party to two treaties on service of process, the Hague Service Convention and the Inter-American Convention on Letters Rogatory and Additional Protocol); Service of Process, U.S. Department of State – Bureau of Consumer Affairs (March 28, 2018), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Bangladesh.html (lasted visited December 6, 2019) (Bangladesh is not a party to either of these two treaties). Web Presence does not dispute this fact.

The third element of Rule 4(f)(3), requiring that service be reasonably calculated to apprise Ali of the litigation, will also be met by serving Ali or his partner, Md. Rahul Amin, at the Target Physical Address. As discussed above, Plaintiff asserts that it hired a local process server who spoke with Ali and was told to serve his partner, Md. Rahul Amin, at this address; the local process server did so and informally served Md. Rahul Amin with Plaintiff's initial complaint. (ECF No. 144 at 4; ECF No. 147 at 5; *see also* ECF No. 144-5 (Proof of Service of Summons).) While Web Presence may not have been able to locate the Target Physical Address on Google Maps (or the address may not have shown an office building), Web Presence has not demonstrated that Google Maps accurately shows the translated Target Physical Address as it exists today. Further, because Plaintiff's counsel are officers of the court and there is no evidence

to suggest that their statements about hiring a local process server are inaccurate, the court accepts these statements as true. Accordingly, the court is satisfied that serving Ali or his partner, Md. Rahul Amin, at the Target Physical Address by international courier is reasonably calculated to apprise Ali of the pendency of this action.[2]

Whether service via email is also reasonably calculated to apprise Ali of the pendency of this action is a much closer call. Web Presence accurately points out that there is no evidence that Plaintiff is still using these email addresses or ever personally used the business email address in the past. However, because the court finds that service at the Target Physical address is reasonably calculated to apprise Ali of this action, the court need not determine whether this is also true for service via email. Nonetheless, the court will order Plaintiff to serve Ali at both email addresses to provide additional chances for Ali to receive notice. Similarly, the court will order Plaintiff to serve Ali through his and his company's Facebook accounts, as Plaintiff offered in its reply brief. (*See* ECF No. 147 at 8.)

Having determined that service under Rule 4(f)(3) is appropriate in this case, the court now turns to Defendant's other arguments regarding why Plaintiff's motion should be denied.

First, Web Presence argues that Plaintiff's motion should be denied because Plaintiff was not diligent in attempting to serve Ali (ECF No. 146 at 3). However, diligent attempts at service in another manner are not a prerequisite to a court permitting alternative service under Rule 4(f)(3). *See Rio*, 284 F.3d at 1015 (service under Rule 4(f)(3) is not a last resort or extraordinary relief).

Second, Web Presence argues that Plaintiff's motion should be denied because Plaintiff did not effectuate service in 90 days as required by Federal Rule of Civil Procedure 4(m). (ECF No. 146 at 5.) Rule 4(m) does contain a 90-day service requirement; however, Rule 4(m), by its own terms, does not apply to service in a foreign country under Rule 4(f), as is the case here. Fed.

---

[2] Indeed, it appears that Ali was already given notice of the pendency of this action through speaking with the local process server and having his partner accept informal service of the initial complaint.

R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) . . . .").

Third, Web Presence argues that allowing service on Ali now will delay litigation and this delay will prejudice Web Presence. (*Id.* at 6.) However, Web Presence does not cite any authority for the proposition that this court can or should consider prejudice to another defendant when deciding whether to allow service by alternative means. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes consent to the granting of the motion.")

Accordingly, the court is not persuaded by Defendant's arguments that service under Rule 4(f)(3) is inappropriate in this case.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Permit Alternative Methods of Service on Foreign Defendant (ECF No. 144) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must serve Arman Ali or Md. Rahul Amin by international courier at the Target Address (translated from Bangali to English as 130, Shah Mukhudum Chattrabab, Mehrchandi (Karaichala), Padma Residential, Boalia, Rajshahi) by January 6, 2020.

IT IS FURTHER ORDERED that Plaintiff must serve Arman Ali via email at faarman@gmail.com and d4solutionsbd@gmail.com by January 6, 2020.

IT IS FURTHER ORDERED that Plaintiff must serve Arman Ali at his and his company's Facebook accounts (https://www.facebook.com/arman.ali.77582 and https://www.facebook.com/d4solutionsbd) by January 6, 2020.

DATED: December 9, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE