Mark L. Smith (#14762)
msmith@smithwashburn.com
**SMITH WASHBURN, LLP**
6871 Eastern Avenue., Suite 101
Las Vegas, NV 89119
Telephone: (725) 666-8701
Facsimile: (725) 666-8710

*Attorneys for Reflex Media, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>AARON WALLACE, an individual, *et al.*,<br><br>     Defendant. | Case No. 2:18-cv-02423-RFB-PAL<br><br>**PLAINTIFF REFLEX MEDIA, INC'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT AARON WALLACE'S COMPLETE RESPONSES TO FIRST SET OF JURISDICTIONAL DISCOVERY AND TO APPEAR FOR A DEPOSITION** |

Pursuant to Federal Rules of Civil Procedure 36(a)(6) and 37(a) and Local Rule 26-6, Plaintiff Reflex Media, Inc. (***"Reflex"***), by and through its counsel, hereby moves the Court for entry of an Order striking all of Defendant Aaron Wallace's (***"Wallace"***) objections and compelling him to 1) respond fully to all interrogatories, 2) produce the documents requested in all of Reflex's requests for production and 3) admit to Requests for Admission Nos. 2, 5, 7, 16, 79, 80, 81, 82, 87, 95, 97, and 99.

In accordance with Federal Rule of Civil Procedure 37(a)(1) and LR 26-6(c), counsel for Reflex has made a good faith attempt to resolve the discovery dispute giving rise to this Motion through telephonic, email, and letter conferrals and asked for Wallace to retract his objections, update his responses and produce documents. Despite these efforts, Wallace has refused to cooperate in discovery and did not respond to requests for a telephonic meet and confer or respond

to Reflex's meet and confer letter,[1] [2] and so Reflex is forced to ask this Court to enter an Order to compel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND BACKGROUND

Defendant Aaron Wallace's Responses to Plaintiff's First Set of Jurisdictional Discovery (*"Discovery Responses"*) fail to satisfy his discovery obligations. Wallace furnished almost no information in answering Reflex's Interrogatories, denied nearly every one of the Requests for Admission, and *produced not one single page of documents.* Although Reflex will, in this Motion, painstakingly list the many, specific deficiencies in Wallace's Discovery Responses, those deficiencies can be summarized as a refusal to engage in discovery by a litigant who apparently doesn't want or believes he has to participate in discovery.

Discovery is currently limited by this Court's order to jurisdiction and includes identifying the owners of www.PredatorsAlerts.com, www.PredatorAlerts.com; www.PredatorAlerts.co and PredatorsAlert.com (collectively, *"PredatorsAlerts"*). Wallace has failed to comply with the Court's order by not providing any documents and only minimal information, even where information and documents clearly do exist. And Wallace is actively attempting to quash third-party subpoenas that might supply some of these documents and information that the Court already said are relevant to jurisdictional discovery. And this is especially inappropriate considering that at the March 11, 2020 hearing that authorized this discovery, Wallace's counsel said that Wallace "should be more than willing to disclose and help assist in any acts–in any discovery which would show the true identity of those behind this alleged extortion scheme."[3]

Instead, it appears that Wallace's strategy is to obstruct, delay, and refuse to cooperate in

---

[1] *See* Declaration of Mark Smith in Support of Plaintiff Reflex Media, Inc's Motion And Memorandum in Support of Motion to Compel Defendant Aaron Wallace's Complete Responses to First Set of Jurisdictional Discovery and to Appear for a Deposition (the *"Smith Decl."*) at ¶¶ 18-21; *see* Exhibit 17 that is comprised of emails between counsel showing that Reflex attempted to arrange a meet-and-confer telephone call.
[2] The Smith Decl. also authenticates Exhibits 1 to 17 attached hereto.
[3] *See* Relevant portions of March 11, 2020 Hearing Transcript and Order at 8:21-24, ECF No. 174, (hereinafter, *"Transcript and Order"*), Exhibit 1. The Court stated "[t]he transcript of the hearing will be the opinion and order of the Court." *Id.* at 11:3-4.

any way. So far, Wallace has refused to agree to: (1) a routine protective order regarding documents that he or third-parties have/or will produce, and (2) appear for his noticed deposition and (3) a discovery extension to allow several subpoenaed third parties additional time to produce documents during the COVID-19 pandemic and lockdowns and (4) for him to be deposed with the information provided through written discovery and third-party subpoenas.

This litigation involves an extortion scheme wherein thousands of people, including members of Reflex's websites, had their identifying information along with an allegation that they engaged in some unlawful activity like "paid money for sex" (or similar) posted to one or more of the PredatorsAlerts websites and had to pay to remove it. An email from one of the PredatorsAlerts websites indicated to a Removal Outlet (a business whose clients pay it for the removal of negative information from the internet), that PredatorsAlerts's predecessor is ExposingJohns.com, which engaged in the same business as its successor. Defendant Wallace has also now admitted that he was the owner of this predecessor website, which he operated at least in part through the innocuously named companies, Rep Ten, LLC and Internet Income, LLC, but now insists that he left the business. With this in front of the Court on Wallace's motion to dismiss, Judge Boulware ordered jurisdictional discovery and specifically stated:

> I will allow that discovery to be focused on and directed towards identification of the owners and operators of these PredatorAlert websites and **any correspondence or connection through payment, correspondence, or other means that Mr. Wallace might have to these or related websites**. And I would permit the taking of one deposition of Mr. Wallace as it relates to any information that's obtained.[4] [5]

On May 22, 2020, Wallace served his responses to the discovery requests propounded on him; a combination of the relevant parts of Plaintiff's First Set of Jurisdictional Discovery Requests to Defendant Aaron Wallace—including definitions—and Defendant Aaron Wallace's Response to Plaintiff's First Set of Jurisdictional Discovery is included as Exhibit 2 (***"Discovery Requests and Responses"***).[6] Despite the Court's detailed instructions above, Wallace has

---

[4] Transcript and Order at 9:3-9, ECF No. 174, Exhibit 1 (emphasis added).
[5] See also ECF No. 166, March 26, 2020 Jurisdictional Discovery Plan/Scheduling Order.
[6] Because Wallace objected to every single discovery request propounded on him, it would be an

specifically objected based on relevancy to requests regarding his and his companies' financial statements (including transaction statements), the identification of the persons involved in ExposingJohns.com, and questions regarding Wallace's and other persons involvement in the PredatorsAlerts websites, as well as a host of other questions that are undoubtedly relevant to this case and to jurisdictional discovery. It appears that Wallace attempted to provide only the information that Reflex already knew and denied everything else. Further, Wallace asserts numerous boilerplate objections including "General Objections," which he incorporates into every single one of his responses, and objects to several definitions set forth in the Discovery Requests for known associates of Mr. Wallace, for the simple reason that he does not wish to produce the documents in his possession, custody, or control that are related to them.

Moreover, even if Wallace honestly believes that these requests are irrelevant, *he must still produce documents for which no such objection exists.* An objection does not excuse a litigant from producing any documents or information at all. *See* Federal Civil Rule 34(b)(2)(C) ("[a]n objection to part of a document request must specify the part *and permit inspection of the rest.*") (emphasis added); *see also* Federal Civil Rule 33(b)(3) ("[e]ach interrogatory must, *to the extent it is not objected to,* be answered in writing.") (emphasis added). Wallace has simply no grounds for his blanket refusal to produce *any* documents and nearly no information whatsoever.

## II.   ARGUMENT

Given the claims of this case, and the jurisdictional discovery ordered by the court, Wallace has no reasonable basis to withhold the information or documents Reflex requested.

### (a)   INTERROGATORIES AND REQUESTS FOR PRODUCTION

#### (1)   Wallace Cannot Withhold Information and Documents Because The Companies He Owns Are Not Named Defendants.

---

impossibility for Reflex to comply with LR 26-6(b) requiring it to "set forth in full the text of the discovery originally sought and any response to it" while staying within the 24 pages limit required by LR 7-3(b), so Reflex asks the Court to refer to Exhibit 2, regarding the requests and Wallace's responses.

Regarding every request for production, except two,[7] Mr. Wallace states "Defendant has not identified any documents in its possession, custody, or control which are responsive to this request." However, Wallace has objected to the definitions of "WALLACE COMPANIES," which includes a list of companies that are known to be owned and/or operated currently or previously by Wallace.[8] The definitions for "DEFENDANT," "AARON WALLACE," "YOU," or "YOUR" include all of the WALLACE COMPANIES. Wallace, apparently to shield himself from supplying information or producing documents from several companies that he owns or owned, or for which he is listed as a principal or officer, states that these "documents and information [are] in the possession, custody, or control of individuals, or entities other than the Defendant." However, the law is clear that Wallace must answer questions within his knowledge and produce documents that are within his possession, custody, or control, and cannot selectively exclude information or documents he attributes to his businesses. Fed. R. Civ. P. 33(a)(2); 34(a)(1). In this regard, control means "the *legal right to obtain* documents upon demand. *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (italics added) ; *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document"). Therefore Mr. Wallace has no right to exclude information from his Discovery Responses or his companies' documents on these grounds. And it is impossible to know what he excluded because he offers no explanation as to what documents that he excludes on this basis (or any other bases) throughout his responses.[9] And because he used the corporate form, namely, Rep Ten, LLC and Internet Income, LLC, to run ExposingJohns.com in the past,[10] and because the Court ordered that jurisdictional discovery

---

[7] Wallace slightly breaks from his repetitive response to requests for documents regarding Request for Production Nos. 3 and 4, which are also discussed in this subsection.
[8] Wallace Company Records, Exhibit 3.
[9] *See generally* Requests and Discovery Responses, Exhibit 2.
[10] Wallace's Declaration (ECF No. 113-2) at ¶ 7 (Wallace declaration stating: "Rep Ten, LLC was a Florida limited liability company which was created to process payments from EJ [ExposingJohns.com].)113-2 at ¶ 7).; *see* SAC (ECF No. 84) at ¶ 34-36; *see* Redacted

include "any correspondence or connection through payment, correspondence, or other means that Mr. Wallace might have to these or related websites," the information and documents are also highly relevant.

Importantly, in response to Request for Production Nos. 3, Wallace object, in part: "This request seeks **confidential commercial information and private personal financial information from nonparties**." (emphasis added). He then withholds documents based on this objection by stating "after a diligent search and reasonable inquiry the Defendant has not identified any nonconfidential documents in its possession, custody, or control which are responsive to this request." It is simply not possible that information can be both commercial and private, and yet not exist.

With respect to Request for Production No. 4, which requests that Wallace "[p]rovide all of YOUR FINANCIAL STATEMENTS from all FINANCIAL INSTITUTIONS since January 1, 2012," the word "YOUR" includes all of the companies that Wallace owns or has owned. Wallace responds, in part "Defendant does not have any documents in his possession, custody, or control which are responsive to any part of this request which are not irrelevant and overbroad."

Wallace doesn't say, expressly, that he is not producing his companies' documents, but he has previously objected to third-party subpoenas to financial institutions based on the claim that the documents requested were "confidential commercial information which is not relevant to the limited purpose of jurisdictional discovery pursuant to Fed R. Civ. Proc. 26(b)."[11] Therefore, based on this prior motion to quash, Reflex believes that Mr. Wallace is also withholding documents within his control, via his businesses, and should produce those documents. See *International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d at 1452; *Soto*, 162 F.R.D. at 619 (N.D. Cal. 1995).

---

INTERNETINCOME, LLC and Rep Ten, LLC Bank Records and Business Records Authentication at pp. 1-7 (**"Redacted Bank Records"**) Exhibit 4.

[11] *See* Defendant Aaron Wallace's Notice of Motion and Motion To Quash and/or Limit Plaintiff's Third Party Subpoenas Propounded on Nonparties: 1. American Express Company; 2. PayPal, Inc.; 3. Shopify Payments (USA), Inc.; 4. Stripe, Inc.; 5. TD Bank, N. A., And; 6. Bank of America Corporation at 3:8-10, ECF No. 169.

**(2)      All of Wallace's Objections Are Impermissible Boilerplate.**

Boilerplate objections are impermissible and should be stricken from Wallace's responses. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) citing *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) ([t]he party resisting discovery must specifically detail the reasons why each request is [] objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments"); *Kristensen v. Credit Payment Servs., Inc.*, No. 2:12-CV-0528-APG, 2014 WL 6675748, at *4 (D. Nev. Nov. 25, 2014) ("boilerplate objections are improper"); *Takiguchi v. MRI Int'l, Inc.*, No. 2:13-CV-1183-HDM-VCF, 2016 WL 614393, at *1 (D. Nev. Feb. 16, 2016), *supplemented,* No. 2:13-CV-1183-HDM-VCF, 2016 WL 1441796 (D. Nev. Apr. 11, 2016) quoting *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)("[b]oilerplate objections such as 'overly burdensome and harassing' are improper").

Wallace begins his responses with a list of twelve paragraphs of "General Objections" which are all boilerplate, a reservation of rights for his objections, and then incorporates each "General Objection" into all of his responses.[12]

Wallace follows up these "General Objections"  with even *more* boilerplate objections in his specific responses without providing any detailed reasoning as to why each objection applies and to what specific information or documents the objection applies.[13] His objections appear to be from a bank of objections that are mixed and matched to each discovery request without explanation or reason for their inclusion. All of Wallace's incorporated-by-reference "General Objections" *and* his specific objections are impermissible boilerplate[14] and should be stricken. *See Kristensen*, No. 2:12-CV-0528-APG, 2014 WL 6675748, at *5 (D. Nev. Nov. 25, 2014) ("[B]oilerplate objections are improper, fail to preserve any privilege, and are no justification for failing to withhold responsive documents. The objections are therefore overruled and stricken").

**(3)      Wallace May Not Withhold Documents Over Which He Has Control Or For Documents That He Claims Are Confidential But Does Not Explain Why Such Documents Are Confidential.**

---

[12] *See* Requests and Discovery Responses at p. 15-18, Exhibit 2.
[13] *See generally id.*
[14] *See generally id.*

Wallace responded to Request for Production No. 3 with "[t]his request seeks confidential commercial information and private personal financial information from nonparties." However, unlike many other responses, Mr. Wallace also specifically withholds documents based on this objection, stating: "Subject to and without waving the foregoing objections, Defendant responds as follows: after a diligent search and reasonable inquiry the Defendant has not identified any nonconfidential documents in its possession, custody, or control which are responsive to this request." As with all of his other objections, Mr. Wallace does not provide any reasons why these documents are confidential, and further, his indication that these are third parties' documents shows that Mr. Wallace is trying to shield documents, which, by virtue of belonging to his companies, are in fact under his control. *See Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996) (granting motion to compel production of trade secret documents where the objecting party made conclusory assertions regarding confidentiality and trade secrets).

### (4)   Reflex's Discovery Requests Are Relevant And Within The Court's Jurisdiction Order.

As mentioned above, the Court deemed "any correspondence or connection through payment, correspondence, or other means that Mr. Wallace might have to these or related websites"[15] relevant to jurisdictional discovery.

In response to Interrogatory No. 2, Wallace objects "on the grounds that it is neither relevant to the jurisdictional allegations of the Plaintiff, asserted claims and defenses of any party in the litigation, nor likely to lead to the discovery of admissible evidence in connection therewith." In response to Interrogatory No. 3, Wallace objects "on the grounds that it is irrelevant to the asserted claims and defenses of any party in the litigation, nor likely to lead to the discovery of admissible evidence in connection therewith, and is beyond the scope of the permissible jurisdictional discovery."

And in response to Interrogatory Nos. 1, 4-17 and 21-23 and Request for Production Nos. 3, 4, 6, 7, and 18-31, Wallace objects that the requests are "irrelevant to the subject matter of this

---

[15] Transcript and Order at 9:5-7, ECF No. 174, Exhibit 1.

action, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence."

However, all of these discovery requests are relevant and subject to jurisdictional discovery under the Court's order[16] and this litigation.

Interrogatory No. 1 asks for Wallace to identify every FINANCIAL INSTITUTION at which he and his businesses have had an account, which falls under transactions.

Interrogatory No. 2 asks Wallace to identify "every PERSON that was or is involved in the EXPOSING JOHNS WEBSITE, including, but not limited to each PERSON that [he] called a "partner" in [his] April 2, 2019 declaration (Dkt. 113-2)," and Interrogatory No. 3 asks Wallace to describe each irreconcilable difference that Wallace had with his partners at ExposingJohns.com and their effects. This information is highly relevant here considering that the operator of PredatorsAlerts stated that he was from ExposingJohns[17] and Wallace has claimed to have left the business due to this irreconcilable differences.[18] This is precisely the kind of information that could demonstrate that Wallace has not been involved in the extortion business since he left ExposingJohns.com, but he is inexplicably not interested in providing it.

Interrogatory No. 4 asks Wallace to "Identify, by its URL address, every website in which YOU were in any way involved, including any websites that YOU owned, operated, or contemplated, that charged or accepted a fee, or was designed to accept a fee, in exchange for the removal of content from its webpages." And Interrogatory Nos. 5, 6, 7, 8 and 9 seek information related to Wallace's answer in response to Interrogatory No. 4, including: revenue (Interrogatory No. 5) and expenses (Interrogatory No. 6) by source and to identify all PERSONS involved in these websites (Interrogatory No. 7), and vendors (Interrogatory No. 8), and to describe all actions, efforts, and plans for these websites (Interrogatory No. 9). These Interrogatories are relevant in that they seek connections to the extortion scheme through related websites and transactions.

---

[16] Transcript and Order at 9:5-7, ECF No. 174, Exhibit 1.
[17] The operator of PredatorsAlerts stated "[t]his is us from exposingjohns." (Reflex's Second Amended Complaint (**"SAC"**) (ECF No. 84) at ¶ 84; ECF 177-7 at p. 1.
[18] ECF 113-2 at ¶ 9.

Interrogatory No. 10 asks Wallace to "describe in detail YOUR involvement in each of the PREDATORSALERTS WEBSITES." Interrogatory No. 11 asks Wallace to "Describe in detail all revenue, including sources, and the amounts received by year concerning each of the PREDATORSALERTS WEBSITES." Interrogatory No. 12 asks Wallace to "[i[dentify all expenses incurred, including each expense's source […] involved in the operation of each of the PREDATORSALERTS WEBSITES. Interrogatory No. 13 asks Wallace to "[i]dentify all PERSONS involved in any way in each of the PREDATORSALERTS WEBSITES." Interrogatory No. 14 asks Wallace to "[i]dentify all vendors […] used in the operation of each of the PREDATORSALERTS WEBSITES […]." All of these requests are clearly related to the ordered discovery and the case and are relevant.

Interrogatory No. 15 asks Wallace to "Describe in detail your relationship with DANIEL ACHILLE." Interrogatory No. 16 asks Wallace to "[i]dentify and describe in detail all COMMUNICATIONS that YOU have had, including through intermediaries, with DANIEL ACHILLE concerning each of the PREDATORSALERTS WEBSITES." And Interrogatory No. 17 asks Wallace to "[i]dentify and describe in detail all COMMUNICATIONS that YOU have had, including through intermediaries, with DANIEL ACHILLE concerning the litigation captioned above since the initial Complaint was filed on August 16, 2018." As Daniel Achille was described as one of Wallace's partners in ExposingJohns.com (the predecessor website to PredatorsAlerts.com), these discovery requests are relevant.[19]

Interrogatory No. 21 asks Wallace to "[d]escribe in detail all connections that YOU have with NEVADA, including business and personal." Interrogatory No. 22 asks Wallace to "[i]dentify every day, by date, that you were physically present in Nevada. Interrogatory No. 23 asks Wallace to "[d]escribe in detail every reason that you were physically present in Nevada for each day identified in response to Interrogatory No. 22." Request for Production No. 6 asks Wallace to

---

[19] Declaration of Mark Smith in Support of Motion to Extend Jurisdictional Discovery Deadlines Set Forth in the Court's March 26, 2020 Order at ¶ 13, ECF 168-1.; *see* Discovery Requests and Responses, Exhibit 2 at pp. 18, 25-26, 48-49,  Wallace's responses to Interrogatory Nos. 2 and 15, and Request for Admission Nos. 15, 18.

"Provide all DOCUMENTS, including, but not limited to website content, payments, and FINANCIAL STATEMENTS concerning every Nevada resident posted to any website which YOU have owned, operated, or have been in any way involved." These requests are relevant to jurisdiction over Mr. Wallace in Nevada.

Request for Production No. 3 asks Wallace to "[p]rovide all DOCUMENTS showing all revenue that YOU have obtained from January 1, 2012 through the present including all revenues obtained through the WALLACE COMPANIES, the PREDATORSALERTS WEBSITES, the EXPOSING JOHNS WEBSITE, POTENTIALPREDATORS.COM, PREDATORSWATCH.COM, POTENTIALPROSTITUTES.COM, THEONLINE-WATCH.COM, any source from any conduct described in or similar to the conduct described in the operative complaint in this action, or any website that you identified in response to Interrogatory No. 4." This is relevant to Wallace's involvement in PredatorsAlerts and related websites that the Court identified in its discovery order.

Request for Production Number 7 asks Wallace to "Provide all DOCUMENTS concerning the WALLACE COMPANIES including creation, governance (*e.g.*, articles of organization, minutes, shareholder agreements, operating agreements, etc.), FINANCIAL STATEMENTS, COMMUNICATIONS, marketing plans, expenses, vendors, affiliates, operation, management, corporate structure." These Requests are relevant because at least one of Wallace's companies was used to conduct business for ExposingJohns.com, the predecessor website to the PredatorsAlerts websites. Therefore, his other companies may also have conducted business related to PredatorsAlerts.com, the successor websites.[20] The EXPOSING JOHNS WEBSITE,[21]

---

[20] *See* Wallace's Declaration (ECF No. 113-2) at ¶ 7 (Wallace declaration stating: "Rep Ten, LLC was a Florida limited liability company which was created to process payments from EJ [ExposingJohns.com].)113-2 at ¶ 7).
[21] The operator of PredatorsAlerts stated "[t]his is us from exposingjohns." (Reflex's Second Amended Complaint (**"SAC"**) (ECF No. 84) at ¶ 84; ECF 177-7 at p. 1.

POTENTIALPREDATORS.COM,[22]                   PREDATORSWATCH.COM,[23]

POTENTIALPROSTITUTES.COM,[24] and THEONLINE-WATCH.COM[25] are all believed to be

related to the PredatorAlerts Websites and therefore all of this information is relevant under the

Court's order.[26]

Request for Production No. 4 asks Wallace to "Provide all of YOUR FINANCIAL

STATEMENTS from all FINANCIAL INSTITUTIONS since January 1, 2012." This also

includes his companies' financial statements and is relevant under the Court's order.[27]

Request No. 18 requests Wallace to "[p]rovide all DOCUMENTS concerning any of the

RELEVANT CONTACT ADDRESSES, including all COMMUNICATION to or from the

RELEVANT CONTACT ADDRESSES." The RELEVANT CONTACT ADDRESSES, as that

term is defined, are a collection of known addresses of REMOVAL OUTLETS, Daniel Achille,

email addresses for the PREDATORSALERTS WEBSITES, and EXPOSINGJOHNS.COM, and

therefore, are relevant under the Court's order as "payment, correspondence, or other means that

Mr. Wallace might have to these or related websites."[28]

Request No. 19 asks Wallace to "Provide all DOCUMENTS concerning the email address

h4bhtp+4sx7deamr9xs8@sharklasers.com, including all COMMUNICATIONS sent from the

email      address      h4bhtp+4sx7deamr9xs8@sharklasers.com."      A      person      using

h4bhtp+4sx7deamr9xs8@sharklasers.com email address called themselves "Ghost" and

threatened and defamed Reflex's counsel, after Reflex's counsel had referred to the owner/operator

---

[22] See Discovery Requests and Responses at p. 46, Exhibit 2, Response to Request for Admission No. 4.
[23] The operator of PredatorsAlerts indicates that PredatorsWatch.com is related to PredatorsAlerts. ECF 177-7 at p. 2.
[24] The Cloudflare user associated with ExposingJohns.com, the predecessor to PredatorsAlerts, also was associated with PotentialProstitutes.com. *See* Relevant Portions of Cloudflare Subpoena Response, Exhibit 5.
[25] At least one posting online accuses Mr. Wallace of running THEONLINE-WATCH.COM. *See* TheOnline-Watch Complaint Against Wallace, Exhibit 6.
[26] Transcript and Order at 9:5-7, ECF No. 174, Exhibit 1.
[27] *Id.*
[28] *Id.*

or PredatorsAlerts as "ghosts" during a hearing.[29] Therefore, this request is relevant to identifying the people behind PredatorsAlerts.[30]

Finally Request for Production Nos. 20-31 ask for documents related to, in order, AVINASH JAIN, ADAM THOMPSON, BRETT THOMPSON, CODY KESSEL, JUSTIN STEIL, NATALIA GONZALEZ, RYAN NAQUIN, SAIDUR RAHMAN, SEAN HORNBERGER, TOMISLAV LEOVAC, WAYNE WALLACE and YASEEN REHMAN. Through a subpoena to Bank of America that was returned to Reflex in 2019, and not challenged by Wallace, Reflex is aware that each listed person has had money paid to them through one or more of Wallace's companies[31] (and has paid money to Daniel Achille via Achille's company, DANDINGO.COM, LLC)[32] and additionally, TOMISLAV LEOVAC is listed as the Cloudflare user associated with ExposingJohns.com.[33] Therefore these requests are relevant to identifying Wallace's involvement, and any other people behind PredatorsAlerts.[34]

### (5)   Reflex's Requests Are Not Broad And Unlimited.

Wallace objects to Interrogatory Nos. 1, 4-9 and 15, and Request for Production of Documents Nos. 3-31 by stating that each is too "broad and unlimited as to scope and time as to be an unwanted annoyance, embarrassment, and is oppressive" and follows up this objection, each time, with the objections that "[t]o comply with the request would be an undue burden and expense on the Defendant" and "[t]he request is calculated to harass and annoy the Defendant". However, Wallace does not explain how any of these requests are "an unwanted annoyance, embarrassment, and [are] oppressive" or how complying would be an "undue burden and expense on the Defendant" nor does he explain how the "request is calculated to harass and annoy the Defendant."

---

[29] *See* May 18, 2020 Supplement re Sealed Motion. ECF No. 168.
[30] Transcript and Order at 9:5-7, ECF No. 174, Exhibit 1.
[31] *see* Redacted Bank Records at pp. 1-7, Exhibit 4.
[32] See *Id.* at 2-3; DANDINGO.COM Trademark Application at p. 2, showing Daniel Achille as owner of DANDINGO.COM, LLC, Exhibit 7.
[33] The Cloudflare user associated with ExposingJohns.com, the predecessor to PredatorsAlerts, also was associated with PotentialProstitutes.com. *See* Relevant Portions of Cloudflare Subpoena Response, Exhibit 5.
[34] Transcript and Order at 9:5-7, ECF No. 174, Exhibit 1.

1    Therefore, all of these impermissible boilerplate objections should be stricken. *See Kristensen*, No.

2    2:12-CV-0528-APG, 2014 WL 6675748, at *5 (D. Nev. Nov. 25, 2014) (Overruling and striking

3    boilerplate objections which "are improper, fail to preserve any privilege, and are no justification

4    for failing to withhold responsive documents.")

5          And Interrogatory No. 1 and Request for Production Nos. 3, 4, are not "broad and

6    unlimited" as to "scope and time" as Wallace objects, because they list a cutoff date of January 1,

7    2012. This cutoff date for these requests is eminently reasonable as ExposingJohns.com was

8    registered in April 2013[35] and a predecessor sister site of Wallace's, PotentialPredators.com,[36] was

9    initially registered in July 2012,[37] which may have used the same vendors and partners. This Court

10   did say that the subject of discovery includes "related websites," and these websites are

11   unquestionably related.[38] Hence, a request for documents going back to January 1, 2012 is both

12   reasonable and relevant. *See e.g.*, *Gottesman v. Santana*, No. 16-CV-2902 JLS (JLB), 2017 WL

13   5889765, at *5 (S.D. Cal. Nov. 29, 2017) (identifying multiple cases that hold that courts allow

14   the scope of discovery to extend both before and after statute of limitation cut-off dates); *Hatamian*

15   *v. Advanced Micro Devices, Inc.*, No. 14CV00226YGRJSC, 2015 WL 7180662, at *2 (N.D. Cal.

16   Nov. 16, 2015) ("In general, courts allow discovery to extend to events before and after the period

17   of actual liability so as to provide context.")

18         Concerning Interrogatory Nos. 4-9 and 15 and Requests for Production of Documents Nos.

19   5-31, each is appropriately limited by scope and time period by the subject of the request.

20         Interrogatories 4-9 and Request for Productions of Documents Nos. 6 and 12 are not

21   unlimited as the temporal scope of these questions begins when Mr. Wallace began to be involved

22   in the operation of his websites.

23

24   [35] ExposingJohns.com DomainTools Report, Exhibit 8 at p. 295, stating: "Created on.......: 2013-
     04-15".

25   [36] *See* Discovery Requests and Responses at p. 46, Exhibit 2, response to Requests for Admission
     number 4.

26   [37] *See* PotentialPredators.com DomainTools Report, Exhibit 9 at p. 35, stating: "Date Registered:
     2012-7-9."

27   [38] Transcript and Order at 9:3-7, ECF No. 174, Exhibit 1.

28

Interrogatory No. 15 and Request for Production No. 8 are limited to the time of Wallace's relationship with Daniel Achille, who Wallace claims was his "partner" in ExposingJohns.com.

Request for Production No. 5 is limited to the time period that Wallace "owned, operated or have been in any way involved [in websites] that charged or accepted a fee, or was designed or contemplated to accept a fee, in exchange for the removal of content from its webpages."

Request for Production No. 5 is limited to when Mr. Wallace began to be involved in the WALLACE COMPANIES (as that term is defined in the discovery requests at issue).

Requests Nos. 9, and 20-31 are limited by the time period in which Mr. Wallace had a relationship with each person listed in those requests: ARMAN ALI (a person alleged to have mined information from a Reflex Media website to post to one or more of the PredatorsAlerts websites[39] (RFP No. 9), AVINASH JAIN, ADAM THOMPSON, BRETT THOMPSON, CODY KESSEL, JUSTIN STEIL, NATALIA GONZALEZ, RYAN NAQUIN, SAIDUR RAHMAN, SEAN HORNBERGER, TOMISLAV LEOVAC, WAYNE WALLACE and YASEEN REHMAN (AVINASH JAIN and each person listed thereafter has had money paid to them through one, or more, of Wallace's companies[40] (Requests For Production Nos. 20-31).

Request for Production Nos. 10 is limited to the time period that Mr. Wallace engaged in business with any REMOVAL OUTLETS (as that term is defined in the discovery requests at issue), which would have obtained payment for removal and provided that payment to Wallace or anyone else involved.

Request for Production Nos. 11, and 13-17 are all limited by the time period that Mr. Wallace may have been involved in the various websites listed in those requests: EXPOSINGJOHNS.COM (RFP No. 11), the PREDATORSALERTS WEBSITES (RFP 13), POTENTIALPREDATORS.COM (RFP No. 14), PREDATORSWATCH.COM (RFP No. 15), POTENTIALPROSTITUTES.COM (RFP No. 16), THEONLINE-WATCH.COM (RFP No. 17).

---

[39] Second Amended Complaint (SAC) at ¶ 9.
[40] *see* Redacted Bank Records at pp. 1-7, Exhibit 4.

And, RFP Nos. 18 and 19 are limited by the time that Wallace may have corresponded with or used either the RELEVANT CONTACT ADDRESSES (which are a collection of known addresses to REMOVAL OUTLETS, Daniel Achille, email addresses for the PREDATORSALERTS WEBSITES, and EXPOSINGJOHNS.COM) or h4bhtp+4sx7deamr9xs8@sharklasers.com (which was used to harass counsel for Reflex).[41]

### (6)   "No Knowledge" Is Not A Proper Objection.

In response to Interrogatory Nos. 2, 7, 11, and 12, Wallace objects "to the extent [the interrogatory] seeks information about non-parties to this suit that Defendant has no personal knowledge of." This objection lacks any material meaning as Reflex specifically instructed Wallace to "[] provide the most complete response to which YOU are capable."

### (7)   None Of Reflex's Requests Require Wallace To Assume Any Fact.

In response to Interrogatory Nos. 4-7, 10-14, and 16-24, Wallace objects that "as phrased, [the interrogatory] is argumentative, in that it requires the adoption of an assumption, which is improper." However, as none of the interrogatories posed to Wallace require him to assume anything to respond, these objections should be stricken. *See Kristensen*, No. 2:12-CV-0528-APG, 2014 WL 6675748, at *5 (D. Nev. Nov. 25, 2014) (Overruling and striking boilerplate objections that "are improper, fail to preserve any privilege, and are no justification for failing to withhold responsive documents.")

Regarding Interrogatory No. 4-7, Wallace could have separated his answers into websites that he owned, operated or contemplated that charged or accepted a fee, or were designed to accept a fee, in exchange for the removal of content from their webpages, and websites that did not follow this pattern. If he were never involved with any such website, he could have so stated.

Regarding Interrogatory Nos. 10-14 and 18 Wallace does not need to assume he was involved in the PREDATORSALERTS WEBSITES to answer the interrogatory; if he was never so involved (again), he can so state yet failed to do so.

---

[41] May 18, 2020 Supplement re Sealed Motion. ECF No. 168.

Regarding Interrogatory Nos. 16-17, Wallace does not need to assume he had communications with DANIEL ACHILLE concerning the PREDATORSALERTS WEBSITES (Interrogatory No. 16) or the litigation (Interrogatory No. 17) to answer the interrogatory, if he never communicated with DANIEL ACHILLE concerning the PREDATORSALERTS WEBSITES or the litigation, then he was able to state the same.

Regarding Interrogatory Nos. 19 and 20, Wallace does not need to assume that he had actions, efforts and plans directed at Nevada for the benefit of the EXPOSING JOHNS WEBSITE (Interrogatory No. 19) or the websites he was involved in (Interrogatory No. 20), if he never had actions, efforts and plans directed at Nevada for the benefit of the EXPOSING JOHNS WEBSITE or any other website he was involved in, then he was able to state the same.

Regarding Interrogatory Nos. 21-23, Wallace does not need to assume that he had connections with (Interrogatory No. 21) or was ever present in Nevada Interrogatory Nos. 21-22), if he never had connections with or was ever present in Nevada, then he was able to state the same.

Regarding Interrogatory No. 24, Wallace does not need to assume that he used any of the REFLEX WEBSITES, if he never used the REFLEX WEBSITES, then he was able to state the same.

### (8) Reflex's Discovery Requests are not Duplicative or Cumulative

In response to Interrogatory Nos. 7 and 15, Wallace objects that the interrogatories posed to him are "duplicative and cumulative, and in essence has been previously propounded by Interrogatory No. 2. Continuous discovery into the same matter constitutes oppression."

This is not true. Interrogatory No. 2 asked Wallace to "identify every PERSON that was or is involved in the EXPOSING JOHNS WEBSITE." Interrogatory No. 7 asked Wallace to Identify all PERSONS in any way involved in any websites that YOU identified in response to Interrogatory No. 4 (websites he has been involved in). And Interrogatory No. 15 asked Wallace to describe in detail [his] relationship with DANIEL ACHILLE. Obviously, these are not the same questions and therefore are not duplicative or oppressive. Wallace's objections should therefore be stricken and he should update his answers if any information was withheld based on these

objections.

**(b)** **REQUESTS FOR ADMISSION**

Each objection stated in response to each Request for admission is impermissible boilerplate. *See V5 Techs.*, 334 F.R.D. at 301 (D. Nev. 2019) citing *AMG Servs., Inc.*, 291 F.R.D. at 553 ([t]he party resisting discovery must specifically detail the reasons why each request is [] objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments"); *Kristensen*, 2014 WL 6675748, at *4 ("boilerplate objections are improper"). Wallace does not supply any specific reasoning or evidence for any of his objections. Further, the Court has already deemed the subject matter of each question relevant and within the bounds of jurisdictional discovery. Transcript and Order at 9:1-7, ECF No. 174, Exhibit 1 ("I'm going to order jurisdictional discovery […]" including "any correspondence or connection through payment, correspondence, or other means that Mr. Wallace might have to these or related websites.")

With regard to Wallace's responses, it is impossible to know whether Mr. Wallace is denying anything on the basis of his objections; therefore, Reflex requests that that the Court strike Mr. Wallace's objections (including his "General Objections") and ask him to 1) state whether he has denied any of these requests for admission based on his objections, and 2) change his responses, where necessary.

With regard to some of the denials, Reflex has reason and possesses documents that appear to show that certain denials are false, including:

**Request for Admission No. 2:** Reflex has information and documents, including several documents posted online, and on government websites, that Mr. Wallace owns, owned, or was in some way involved in each of the WALLACE COMPANIES.[42]

**Request for Admission No. 5:** Reflex has information and documents tending to show that Mr. Wallace owns or owned or was in some way involved in

---

[42] *See* Company Records, Exhibit 3.

POTENTIALPROSTITUTES.COM. The same user that registered ExposingJohns.com and PotentialPredators.com (which Mr. Wallace has admitted he owns), also shows that he had control over PotentialProstitutes.com, and in fact, both PotentialProstitutes.com and PotentialPredators.com were "purged" from Cloudflare by that user on the same time on the same day.[43]

**Request for Admission No. 7:** Reflex has information and documents tending to show that Mr. Wallace owns or owned or was in some way involved in THEONLINE-WATCH.COM. At least one post online accuses Mr. Wallace of running this website.[44] Therefore, Reflex requests that Mr. Wallace please reexamine his answer. Reflex requests that this court direct Mr. Wallace to admit in response to this request.

**Request for Admission No. 16:** Reflex has information and documents tending to show that Mr. Wallace did send payments to Daniel Achille (through DANDINGO.COM, LLC), possibly for his involvement in the EXPOSING JOHNS WEBSITE.[45]

**Request for Admission No. 79:** Reflex has information and documents tending to show that Mr. Wallace did accept payments from one or more REMOVAL OUTLETS to remove content from the EXPOSING JOHNS WEBSITE, including financial transactions.[46]

**Request for Admission No. 80:** Reflex has information and documents tending to show that Mr. Wallace did accept payments from one or more REMOVAL OUTLETS through cryptocurrency to remove content from the EXPOSING JOHNS WEBSITE, including emails showing bitcoin transactions.[47]

---

[43] The Cloudflare user associated with ExposingJohns (the predecessor to PredatorsAlerts) also was associated with PotentialProstitutes.com. *See* Relevant Portions of Cloudflare Subpoena Response, Exhibit 5.

[44] *See* TheOnline-Watch Complaint Against Wallace, Exhibit 6.

[45] Redacted Bank Records at p. 2, Exhibit 4.

[46] See Redacted Bank Records at p. 8, Exhibit 4, showing payments from named REMOVAL OUTLETS, Marca Global, LLC and Dinn Hochman & Potter LLC. *See* Requests and Discovery Responses at p. 10 ¶ 27, Exhibit 2, "The term "REMOVAL OUTLETS" shall include [] Marca Global, LLC; [and] Dinn Hochman & Potter, LLC []."

[47] *Compare* Redacted ExposingJohns Emails at Exhibit 10 (showing email regarding Bitcoin payment on February 20, 2015 using the Bitcoin

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Request for Admission No. 81:** Reflex has information and documents tending to show that Mr. Wallace did accept money to remove content from the EXPOSING JOHNS WEBSITE, including emails from one REMOVAL OUTLET and financial transactions. [48]

**Request for Admission No. 82:** Reflex has information and documents tending to show that Mr. Wallace did accept payments through cryptocurrency to remove content from the EXPOSING JOHNS WEBSITE, including numerous emails from one REMOVAL OUTLET and financial transactions (shown on websites tracking bitcoin blockchain). [49]

**Request for Admission No. 87:** Reflex has information and documents tending to show that individuals from Nevada were posted on EXPOSING JOHNS WEBSITE, including one or more posts of Nevada residents posted on ExposingJohns.com. [50]

**Request for Admission No. 95:** Reflex has information and documents tending to show that individuals from Nevada were posted on EXPOSING JOHNS WEBSITE and were solicited on the website to pay for removal. For example, a Nevada individual was posted onto ExposingJohns.com and on ExposingJohns.com' terms and conditions webpage users are told "You agree that once the fee [$195.97] is Paid the profile will be removed immediately." [51]

**Request for Admission No. 97:** Reflex has information and documents tending to show that individuals from Nevada were posted on POTENTIALPREDATORS.COM and were solicited on the website to pay for removal. For example, a man identified as being from Las Vegas was solicited to pay a $250 fee for removal. [52]

---

address16GfRxWrCGQHUQncigxhj9yRCaxmLJXUFB) *with* Blockchain Explorer - results for BTC Address 16GfRxWrCGQHUQncigxhj9yRCaxmLJXUFB at Exhibit 11 (showing blockchain ledger entry for the same Bitcoin address on February 20, 2015).
[48] *Id.*
[49] *Id.*
[50] *E.g.* January 21, 2015 Internet Archive webpage capture of http://web.archive.org/web/20150121032102/http://exposingjohns.com/ [telephone number in URL withheld to protect innocent party], attached as Exhibit 12, this exhibit has been redacted to remove the victim's name and phone number.
[51] Exhibit 12 and ExposingJohns Terms and Conditions, Exhibit 13.
[52] October 7, 2012 Internet Archive webpage capture of http://www.potentialpredators.com/profile/view/45/ [name removed in URL protect innocent party], Exhibit 14 and, July 25, 2012 Internet Archive webpage capture of

**Request for Admission No. 99:** Reflex has information and documents tending to show that individuals from Nevada were posted on POTENTIALPREDATORS.COM. A man identified as being from Las Vegas was solicited to pay a $250 fee for removal [53]

Pursuant to Rule 36(a)(6), Reflex requests that this Court order either that the Requests for Admission 2, 5, 7, 16, 79, 80, 81, 82, 87, 95, 97, and 99 are admitted or that an amended answer be served by Wallace.

## III.   THIS COURT SHOULD ALSO COMPEL WALLACE'S DEPOSITION

Reflex also asks this Court to compel Wallace's deposition. This Court said at the March 11 hearing that "I would permit the taking of one deposition of Mr. Wallace as it relates to any information that's obtained," i.e., information obtained through discovery.[54] So, when third-party discovery is complete, which Wallace moved to quash, ***and when Wallace has adequately responded to the discovery served upon him,*** Reflex should be permitted to depose Wallace.

Wallace has so far been obstructive on this issue also, refusing to agree to an extension of the deposition deadline, and refusing to agree as well to hold the deposition after this Court's June 24 hearing provides clarity on the scope of permitted discovery.[55] Although Reflex did notice Wallace's deposition for May 29 to protect its rights under the existing Scheduling Order at which Wallace did not appear,[56] the best solution for all concerned is for this Court to compel Wallace's deposition after the written discovery and third-party documents are received. Reflex accordingly asks this Court to compel Wallace's deposition on those terms.

### (a)   INACCURATE OR INCOMPLETE INFORMATION REGARDING INTERROGATORIES AND REQUESTS FOR PRODUCTION

On the basis of the information provided and Exhibits 3-15, Reflex similarly believes that

---

https://web.archive.org/web/20120725235638/http://www.potentialpredators.com/remove_your_profile.php, Exhibit 15, stating: "There is a $250 administration fee" for removal).

[53] *Id.*

[54] *See* Transcript and Order at 9:7-9, ECF No. 174, Exhibit 1.

[55] *See* Relevant Portions of May 27-29, 2020 Email Exchange Between Counsel, Exhibit 16.

[56] *See id.* Wallace, through is counsel, did offer to appear virtually but maintained that he would not produce documents prior to that deposition or wait for documents from third-party subpoenas, which Wallace moved to quash.

the responses to Interrogatory Nos. 1-9, 19-21, 22 and 23 (because Wallace does not answer the questions asked in Interrogatory Nos. 22 or 23), and Requests for Production Nos. 3-8, 10-12, 14, 16-18, and 20-31 are incomplete or inaccurate and on this basis requests that they be supplemented and/or corrected.

## IV.   SANCTIONS

Pursuant to Fed. R. Civ. P. 26(g)(3) and 37(c)(2), Reflex requests reasonable attorney's fees and costs incurred by having to bringing the instant motion in response to a litany of improper boilerplate objections.

## V.   CONCLUSION

For the foregoing reasons, Reflex Media, Inc. requests this Court for entry of an Order compelling Defendant Wallace to respond fully to interrogatories, produce the documents requested, and order either that the Requests for Admission 2, 5, 7, 16, 79, 80, 81, 82, 87, 95, 97, and 99 are admitted or that an amended answer be served by Wallace.

DATED: June 1, 2020                     **SMITH WASHBURN, LLP**

                                                 /s/ Mark L. Smith
                                *Attorneys for Reflex Media, Inc.*

IT IS ORDERED that a motion hearing on ECF No. 178 is set for 6/24/2020 at 1:00 p.m. IT IS FURTHER ORDERED that any response to this motion is due by June 12, 2020 and any reply is due by June 17, 2020.

**IT IS SO ORDERED**

**DATED: June 02, 2020**

_____

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2020, the foregoing **PLAINTIFF REFLEX MEDIA, INC'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT AARON WALLACE'S COMPLETE RESPONSES TO FIRST SET OF JURISDICTIONAL DISCOVERY** was served on the person(s) named below via CM/ECF:

Michael Carrigan
SPIEGEL & UTRERA, P.C.
1785 E. Sahara Avenue, Suite 490
Las Vegas, NV 89104
Email: attorneycarrigan@amerilawyer.com

Nicolas W. Spigner
SPIEGEL & UTRERA, P.C.
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045
Email: attorneyspigner@amerilawyer.com

*Attorneys for Aaron Wallace*

_____/s/ Pia Martinez_____