# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Reflex Media, Inc., | Case No. 2:18-cv-02423-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Aaron Wallace, et al., | |
| Defendants. | |

Defendant Aaron Wallace ("defendant") moved to quash or limit certain subpoenas under Fed. R. Civ. P. 45. ECF No. 169. Plaintiff filed a response. ECF No. 177. Defendant replied. ECF No. 182.

Defendant's motion was set for a hearing on June 24, 2020, together with other motions filed by the parties. ECF No. 186. The court asked defendant to file the actual subpoenas in question for the court to review and explained it would issue an order thereafter. *Id.* The defendant did so on June 26, 2020. ECF No. 187.

The Court reviewed the briefs submitted by the parties and the subpoenas attached as exhibits at ECF No. 187. The Court does not need to discuss each of the different arguments made by the parties as it agrees with plaintiff that this is not the proper court to hear these motions.

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to produce designated documents in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). The place of compliance must be within 100 miles of where the different entities regularly transact business. *See* Fed. R. Civ. P. 45(c)(2).

1    Rule 45 further provides that "the court for the district where compliance is required must
2    quash or modify" an improper subpoena. Fed. R. Civ. P. 45(d)(3). Here, the place of compliance
3    for the relevant subpoenas is: Salt Lake City, Utah; Los Angeles, California; Middletown,
4    Delaware; and Cherry Hill, New Jersey. ECF No. 187, Exh. 1–6. The District of Nevada does not
5    encompass any of these cities. As a result, defendant's motion is not properly before this Court.
6    Fed. R. Civ. P. 45(d)(2).

   This Court is not persuaded by defendant's argument that the non-parties have waived the right provided under Fed. R. Civ. P 45(d)(3) by not filing an opposition with this court. The case that the Defendant relies on is distinguishable from this case: in that case all parties had consented to the issuing court—rather than the compliance court—resolving the subpoena dispute. *AngioScore, Inc. v. TriReme Medical, Inc.*, 2014 WL 6706873 (N.D. Cal. 2014) ("Here, the Court faces a unique situation where the non-party and all the parties to the action consent to having the dispute decided here; thus, were this Court to deny the motion and require its filing in the District of Colorado, the court there would likely simply transfer the motion here under Rule 45(f)."). Here, neither plaintiff nor the non-parties have consented to this Court hearing this matter. As a result, this court will deny defendant's motion and direct him to file in the appropriate districts where compliance is required.

   IT IS THEREFORE ORDERED that defendant's Motion to Quash (ECF No. 169) is DENIED.

DATED: July 6, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE