1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Reflex Media, Inc.,

                Plaintiff,

    v.

Arman Ali, et al.,

                Defendants.

Case No. 2:18-cv-02423-RFB-BNW

**ORDER**

Before the Court are two motions. The first motion is Plaintiff's motion to compel at ECF No. 193. Defendant opposed this motion at ECF No. 195, and Plaintiff replied at ECF No. 196. Supplements were filed at ECF Nos. 200, 206, and 207. Next is Plaintiff's motion to amend at ECF No. 198. Defendant opposed this motion at ECF No. 201, and Plaintiff replied at ECF No. 204. For the reasons discussed below, the Court will deny both motions.

**I.      Motion to Compel (ECF No. 193)**

As the parties are aware, discovery in this case was previously stayed pending the ruling on motions to dismiss. ECF No. 83. As is relevant to the motion before the Court, Defendant Wallace filed a motion to dismiss and argued that the Court lacked personal jurisdiction over him. ECF No. 113. The district judge ultimately denied that motion without prejudice and allowed Plaintiff to engage in jurisdictional discovery only. ECF Nos. 164, 174. The district judge noted that at the close of jurisdictional discovery, Defendant could file a supplemental motion to dismiss or motion for summary judgment on the issue of personal jurisdiction (if the issue was still disputed). ECF No. 174 at 9. The district judge further ordered the parties to file a proposed

discovery plan and scheduling order for jurisdictional discovery (to be decided by the undersigned). *Id.*

In accordance with this order, the parties submitted a proposed plan for jurisdictional discovery. ECF No. 165. In the Court's discovery plan and scheduling order, it set July 8, 2020 as the deadline to file motions to dismiss. ECF No. 166 at 2. Later, Plaintiff moved to extend the jurisdictional discovery deadlines. ECF No. 168. The Court granted this motion on June 24, 2020 and, importantly, ordered that dispositive motions were due by October 7, 2020. ECF No. 186.

Defendant did not file a dispositive motion on personal jurisdiction grounds by October 7, 2020. In fact, more than three months later, Defendant still has not filed a dispositive motion on personal jurisdiction grounds or moved to extend this deadline (which he has known about for nearly seven months).[1] Accordingly, the deadline for Defendant to file a dispositive motion contesting personal jurisdiction has long lapsed. As a result, further discovery is no longer needed to determine if personal jurisdiction over Defendant exists. Thus, the Court will deny Plaintiff's motion to compel (ECF No. 193) as moot.[2]

Additionally, since there are no longer any dispositive motions pending, the Court will lift the discovery stay and order the parties to file a proposed discovery plan and scheduling order (in accordance with Local Rule 26-1) by February 5, 2021.

**II.     Motion to Amend (ECF No. 198)**

Plaintiff also filed a motion to amend its complaint on October 7, 2020. ECF No. 198. Plaintiff filed this motion to amend, it appears, to add new defendants and additional claims based on information learned during jurisdictional discovery. *See id.* Plaintiff did not, however, attach its proposed amended complaint to its motion to amend. *See id.* It appears Plaintiff did not attach

---

[1] Additionally, on October 28, 2020, Plaintiff identified this issue in no uncertain terms: "Defendant Wallace did not submit a motion to dismiss within the Court's deadline. Any motion to dismiss Plaintiff's operative pleading would be untimely, and Wallace has now waived his personal jurisdiction defense by missing the Court's deadline." ECF No. 204 at 5. Defendant did not file anything in response to this assertion, including a motion to extend the dispositive motion deadline or a dispositive motion.

[2] Plaintiff's motion to compel also asked the Court to impose sanctions on Defendant for his discovery-related conduct. Plaintiff did not, however, file a separate motion for sanctions. Accordingly, to the extent Plaintiff's motion to compel also sought sanctions, the Court will deny this request without prejudice under Local Rule IC 2-2(b). *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

the proposed amended complaint because (1) it did not have all of the information it needed to amend its pleading (due to Defendant allegedly withholding information during jurisdictional discovery) and (2) it did not want to file an amended pleading only to potentially move to amend again after it received additional information from Defendant in discovery. *See id.* at 8.

Plaintiff argues that it should be granted leave to amend despite not attaching its proposed amended complaint; Defendant disagrees. Local Rule 15-1(a) provides that, "[u]nless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Plaintiff asks the Court for leave to amend without attaching its pleading; Defendant argues against this.

Having reviewed the parties' briefs, the Court does not believe it is appropriate to grant Plaintiff leave to amend at this time without seeing its proposed pleading. Simply put, the Court cannot assess the propriety of Plaintiff's amended complaint in the abstract. Further, the parties will now move into general discovery. As previously stated, they will be required to submit a joint proposed discovery plan and scheduling order under Local Rule 26-1(b), which must include a proposed deadline to amend pleadings. Plaintiff will, therefore, have additional time to engage in discovery and file a timely motion to amend.[3] Accordingly, the Court will deny Plaintiff's motion to amend (ECF No. 198) without prejudice.

### III.    Additional Notes for the Parties

As this case moves into general discovery, the Court takes this opportunity to make a few comments. First, having now reviewed several briefs by both parties in this case, the Court encourages the parties to, in the future, keep their arguments strictly focused on the law and the facts. Providing unnecessary details about the parties' interactions and ad hominem attacks is not helpful to the Court. Second, to the extent any motions to compel are filed in the future, the text of the motion itself must include: (1) the text of each discovery request the movant seeks to compel a response to, (2) all original objections and all responses to it, and (3) the movant's arguments regarding why the original objections should be overruled. In response, the non-

---

[3] Plaintiff is strongly encouraged, to the extent it files another motion to amend, to include the proposed amended complaint as an attachment. Again, it is hard for the Court to determine the propriety of an amended complaint without reviewing the text of such a complaint in its entirety.

movant should identify, for each discovery request at issue, which objections it is standing on and why (specifically) those objections should be sustained. Ultimately, "the party resisting discovery bears [the] heavy burden of showing why that discovery should be denied." *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). Third, from the parties' briefs, it appears to the Court that the parties may not be working well together. The Court strongly encourages the parties set aside whatever differences they may have, act in a professional manner, and strictly abide by their discovery obligations.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 193) is DENIED.

**IT IS FURTHER ORDERED** that the discovery stay in this case is lifted.

**IT IS FURTHER ORDERED** that the parties must file a joint proposed discovery plan and scheduling order in accordance with Local Rule 26-1 by February 5, 2021.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 198) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the hearing set for February 25, 2021 in this case is VACATED.

DATED: January 22, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE