Mark L. Smith (#14762)
**SMITH WASHBURN, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, Nevada 89120
Telephone: (725) 666-8701
Facsimile: (725) 666-8710
msmith@smithwashburn.com
jfonnesbeck@smithwashburn.com

*Attorneys for Reflex Media, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada Corporation, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AARON WALLACE, an individual, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-02423-RFB-BNW<br><br>**[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiffs Reflex Media, Inc. (***"Reflex"***), and Defendant Aaron Wallace (***"Wallace"***), by and through their respective counsel of record, and pursuant to Federal Rule of Civil Procedure 26(f), hereby respectfully submit their proposed Joint Discovery Plan and Scheduling Order. Discovery in this case, except for jurisdictional discovery, had previously been stayed until the Court's ruling on jurisdiction on January 22, 2021 (ECF No. 213). At that time, the parties were ordered to submit this Proposed Joint Discovery Plan and Scheduling Order. The parties make a special scheduling review request that a) the discovery period begin from date of the Court's entry of the scheduling order, rather than from the date of first appearance by Defendant Wallace, and b) that the period for discovery be 270 days instead of 180, given the limitations, travel restrictions and other circumstances caused by the Covid-19 virus.

////

////

A.     **Special Scheduling Review:**

Defendant Wallace moved to dismiss this case for lack of personal jurisdiction on April 2, 2019. This Court heard that motion on March 11, 2020 and denied the Motion without prejudice, ordered jurisdictional discovery and stayed all other discovery. (*See* ECF No. 164, 174.) Prior to jurisdictional discovery, discovery was also stayed. (ECF No. 83.) On January 22, 2021, this Court ruled in Reflex's favor as to jurisdiction (ECF No. 213) and ordered the Parties to file this Joint Discovery Plan and Scheduling Order by February 5, 2021.

The Parties agree in asking for not only a standard 180-day discovery plan, but also for an additional 90 days due to the constraints associated with the ongoing COVID-19 pandemic. However, the Parties differ as to when that 270-day discovery schedule should start. The Parties' difference relates to Wallace's filing (on this day of February 5), of a Motion for Leave to File a Supplemental Motion to Dismiss and the Supplemental Motion to Dismiss (ECF No. 214). Reflex does not believe that discovery or any other case activity or deadline should be stayed while this Motion is pending, while Wallace believes that discovery should be so stayed. Therefore, the Parties have each submitted their own case schedule in Section C, below. Both schedules have (roughly) the same amount of time for discovery and other case activities. However, the dates in Reflex's proposed schedule are set from the anticipated date on which the Magistrate Judge will approve this Proposed Joint Discovery Plan and Scheduling Order, while the dates in Wallace's proposed schedule are calculated from the future date on which this Court decides his Motion for Leave to File Supplemental Motion to Dismiss (and, if applicable, the Supplemental Motion to Dismiss itself).

B.     **Rule 26(f) Conference:**

On February 5, 2020, the Parties telephonically conducted the discovery conference (the ***"Discovery Conference"***) as required by Rule 26(f). In attendance on behalf of Reflex was Isaac Eddington of the law firm Smith Washburn, LLP; and in attendance on behalf of Wallace was Nicolas Spigner of the law firm Spiegel & Utrera, P.A., P.C.

**C.     Rule 26(f)(3)(A)-(B) Scope and Timing of Discovery:**

The Parties generally believe that the statutory discovery limits in the Federal and Local Rules are reasonable and sufficient. Discovery will encompass issues commonly pursued in cases where violations of the Computer Fraud and Abuse Act, Unauthorized Access to Computers, Intentional Interference with Prospective Economic Advantage, Negligent Interference with Prospective Economic Advantage, and Common Law Unfair Competition, and Unfair Competition has been alleged.

Reflex proposes the following timetable for discovery:

1. The discovery cut-off date shall be November 5, 2021 (270 days from the date of entry of this Scheduling Order).
2. Initial Disclosures pursuant to Rule 26(a)(1) shall be exchanged on or before February 22, 2021 (within 14 days after entry of this Scheduling Order).
3. The last day to amend the pleadings and add parties shall be August 6, 2021 (90 days before the close of discovery).
4. The last day to file the interim status report shall be September 3, 2021 (No later than 60 days before the discovery cut-off).
5. The last day to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2) shall be September 3, 2021 (60 days before the discovery cut-off date).
6. The last day to disclose rebuttal experts shall be October 4, 2021 (30 days after the initial disclosure of experts).
7. The last day to file dispositive motions shall be December 6, 2021 (30 days after the discovery cut-off date).
8. The last day to file the joint pretrial order shall be January 5, 2022 (30 days after the dispositive-motion deadline). In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the

Discovery Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

Wallace proposes the following timetable:

9. The discovery cut-off date shall be 270 days from the date the Court grants or denies [ECF. No. 214](#), and/or the related Supplemental Motion to Dismiss.

10. Initial Disclosures pursuant to Rule 26(a)(1) shall be exchanged within 14 days after the Court grants or denies [ECF. No. 214](#), and/or the related Supplemental Motion to Dismiss.

11. The last day to amend the pleadings and add parties shall be 90 days before the close of discovery).

12. The last day to file the interim status report shall be No later than 60 days before the discovery cut-off).

13. The last day to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2) shall be 60 days before the discovery cut-off date).

14. The last day to disclose rebuttal experts shall be 30 days after the initial disclosure of experts).

15. The last day to file dispositive motions shall be 30 days after the discovery cut-off date).

16. The last day to file the joint pretrial order shall be 30 days after the dispositive-motion deadline). In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Order, the date for filing the joint pretrial order shall be extended in accordance with the

time periods set forth in this paragraph. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

### D. Alternative Dispute Resolution:

The Parties have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. Of these processes, the Parties agree to mediate prior to trial at a time mutually agreeable to the parties.

### E. Alternative Forms of Case Disposition.

The Parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The Parties do not consent to trial by a magistrate judge, or use of the Short Trial Program.

### F. Electronic Evidence:

The Parties do not anticipate discovery issues at this time and do not foresee any issues arising from the disclosure of electronically stored information. A jury trial has been demanded, and the Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. No stipulations were reached regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system, but the Parties will readdress this before they submit a Joint Pretrial Order. The Parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

### G. Evidence Preservation

The parties have discussed the scope of anticipated discovery, including discovery of electronically stored information (*"ESI"*). The parties have conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have discussed and anticipate agreeing on

protocols for the production of ESI if necessary.

The parties have also agreed in principle to a stipulated protective order for the exchange of information. If the Court adopts Reflex's proposed timetable, the Parties will expect to submit the stipulated protective order by March 3, 2021 (30 days from submission of this Proposed Order). If, however, the Court adopts Wallace's proposed timetable, the parties will submit the stipulated protective order within 30 days of the Court's order on ECF. No. 214, and/or the related Supplemental Motion to Dismiss.

The parties will also use their best efforts to conduct discovery and depositions, particularly in light of the restrictions and circumstances related to Covid-19.

DATED: February 5, 2021               **SMITH WASHBURN, LLP**

                                                                              /s/ Mark L. Smith
Mark L. Smith
6871 Eastern Avenue., Suite 101
Las Vegas, NV 89119
Telephone:(725) 666-8701
Facsimile: (725) 666-8710
msmith@smithwashburn.com

*Attorneys for Reflex Media, Inc.*

DATED: February 5, 2021               **SPIEGEL & UTRERA, P.A.**

                                                                              /s/ Michael Carrigan
Michael Carrigan, Esq.
SPIEGEL & UTRERA, P.A.
2545 Chandler Avenue, Suite 4
Las Vegas, NV 89120
attorneycarrigan@amerilawyer.com

                                                                              /s/ Nicolas Spigner
Nicolas W. Spigner, Esq.
SPIEGEL & UTRERA, P.C.
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045
attorneyspigner@amerilawyer.com

*Attorneys for Aaron Wallace*

ORDER

Before the Court is the parties' proposed discovery plan and scheduling order.  The parties offer different position on which discovery deadlines should control.

The Court has wide discretion in controlling discovery and, more broadly, "the pretrial phase of litigation." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Redeker v. Cox, 2017 WL 2728030, at *1 (D. Nev. June 23, 2017) (citing Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)).  Having considered the parties' positions, the Court finds that plaintiff's proposed schedule is appropriate at this juncture.  IT IS THEREFORE ORDERED that Reflex Media' proposed discovery deadlines shall control.

**IT IS SO ORDERED**

**DATED:**  4:47 pm, February 08, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**