Mark L. Smith (NV Bar. No. 4762)
msmith@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, Nevada 89120
Telephone: (725) 666-8700
Facsimile: (725) 666-8710

*Attorneys for Reflex Media, Inc.*

Michael Carrigan (NV Bar No.: 9997)
attorneycarrigan@amerilawyer.com
**SPIEGEL & UTRERA, P.A.**
1785 E Sahara Ave
Las Vegas, NV 89104
Telephone: 702-364-2200
Fax: 702-458-2100
*Associate Resident of Nevada Counsel*

Nicolas W. Spigner (CA Bar No. 312295)
attorneyspigner@amerilawyer.com
**SPIEGEL & UTRERA, P.C.**
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045
Telephone: 800-603-3900
Fax: (800) 520-7800
*Pro Hac Vice*

*Attorneys for Aaron Wallace*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>AARON WALLACE, an individual, *et al.*,<br><br>    Defendant. | Case No. 2:18-cv-02423-RFB-BNW<br><br>**STIPULATION AND JOINT MOTION TO MODIFY THE SCHEDULING ORDER AND TO CONTINUE DISCOVERY DEADLINES AND RELATED PRE-TRIAL DATES**<br><br>**(FIRST JOINTLY REQUESTED MODIFICATION TO SCHEDULING ORDER (ECF NO. 216))** |

Plaintiff Reflex Media, Inc. (**"Reflex"**) and Defendant Aaron Wallace (**"Wallace"**) (jointly referred to as **"Parties"**), pursuant to Fed. R. Civ. P. 16(b)(4), L.R. 16-1 and L.R. 26-3, respectfully submit this Stipulation and Joint Motion to Modify the Scheduling Order and to Continue Discovery Deadlines and Related Pre-Trial Dates. This is the Parties' first joint request to modify the current Scheduling Order (**"Scheduling Order"**) (ECF No. 216).[1]

## I. INTRODUCTION

By this stipulation and joint motion, the Parties request that the Court modify the scheduling order to continue the discovery cut-off, dispositive motion deadline and related pre-trial dates. Good cause exists to grant the continuance, as the parties have been actively preparing their respective cases and otherwise advanced this litigation. Reflex, however, has moved to amend its complaint to add new parties (ECF No. 224), and that motion is now fully briefed and awaiting the Court's decision. The parties anticipate that if that motion is granted additional time will be needed to take discovery on the new parties and otherwise include them in the litigation. Moreover, given the motion practice, the Parties will need additional time to complete the discovery between them. Under the current Scheduling Order, however, the Parties are fast approaching the deadlines. To accommodate the pending motion to amend and the completion of discovery, the Parties seek to modify the Scheduling Order.

## II. RELEVANT PROCEDURAL HISTORY

### A. THE STATUS OF THE OPERATIVE PLEADINGS

Reflex's operative complaint—the Second Amended Complaint— was filed on February 26, 2019.[2] On March 11, 2020, jurisdictional discovery was ordered in this case.

---

[1] Long prior to the issuance of the current Scheduling Order (on January 15, 2019), Reflex filed for an extension of time on discovery to locate additional defendants (ECF No. 64). On May 14, 2020, Reflex ask to extend jurisdictional discovery deadlines (the parties at that time were briefing the threshold issue of the Court's jurisdiction) (ECF. 168).

[2] The Original Complaint was filed on August 16, 2018 (ECF No. 1). The First Amended Complaint was filed on October 16, 2018 (ECF No. 33). The case was transferred from the United States District Court for Northern California on December 26, 2018 (ECF No. 62).

(ECF No. 164).

Discovery in this case, except for jurisdictional discovery, had previously been stayed until the Court's ruling on jurisdiction on January 22, 2021 (ECF No. 213). On January 22, 2021, this Court moved this case into general discovery and denied Reflex's first Motion to Amend (ECF No. 198) without prejudice, allowing Reflex additional time to conduct discovery and file another motion to amend. (ECF No. 213 at pp. 2–3). The Parties were ordered to submit a Proposed Joint Discovery Plan and Scheduling Order. *Id.* The Parties filed the Joint Discovery Plan and Scheduling Order on February 5, 2021 (ECF No. 215). The Court approved the current Scheduling Order on February 8, 2021 and set forth therein the discovery cut-off dates and related pre-trial deadlines for dispositive motion practice and pre-trial filings.

On February 5, 2021, Wallace filed his Motion for Leave to File Supplemental Motion to Dismiss and Stay Discovery Pending Resolution of the Motion(s) (ECF No. 214). This motion was denied on July 17, 2021 (ECF No. 225). On July 16, 2021, Reflex filed its Motion for Leave to File Third Amended Complaint (the **"Motion for Leave to Amend"**) (ECF No. 224); Wallace opposed that motion on July 30, 2021 (ECF No. 226), and Reflex replied on August 6, 2021 (ECF No. 227). The parties await the Court's ruling on the Motion for Leave to Amend. The Motion for Leave to Amend requests to add two additional parties and, if granted, Reflex will need additional time to translate the Third Amended Complaint (one new party is located in Pakistan) and serve the additional parties.

**B.   THE STATUS OF DISCOVERY**

Pursuant to L.R. 26-3, the Parties provide the following recitation regarding discovery in this matter. The Parties, while litigating issues related to the pleadings, have also been engaged in discovery. Reflex (on February 22, 2021) and Wallace (on February 23, 2021) exchanged their initial disclosures. Reflex sent its First Set of Requests for Production to Wallace on July 20, 2021. On September 9, 2021, Wallace responded to Reflex's First Set of Requests for Production.

The Parties anticipate engaging in more discovery once the Court rules on the

Motion for Leave to Amend. This discovery will include further written discovery, fact witness depositions, PMK depositions, and expert discovery and depositions. The investigation and naming of new parties as well as the attendant motion practice related to amending the complaints, however, has delayed the Parties' completion of discovery. The likelihood that more parties will be added to the complaint also necessitates an extension of the deadlines so that the parties may serve the new defendants, oppose any related motion practice thereto, and begin discovery against the new parties.

### III.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard looks to the "reasonable diligence" of the moving parties. *Noyes v. Kelly Services*, 488 F.3d 1163, 1174, n.6 (9th Cir. 2007). The Parties agree and submit that good cause exists to modify the Scheduling Order to continue the discovery deadline and pre-trial deadlines. The Parties were subject to a stay of general discovery until the end of January 2021, have been actively engaged in extensive motion practice regarding amendments to the pleadings, are currently awaiting the Court's ruling on a motion that will add parties who will need to be served and materially impact discovery, and have been pursuing formal and informal discovery since the Court lifted the stay.

Given the procedural posture of the case, the Parties request the Court modify the Scheduling Order to continue the discovery and pre-trial deadlines in accordance with the following agreed upon schedule. The current deadlines in the Scheduling Order are:

(1) Expert Disclosure Deadline: September 3, 2021;

(2) Expert Rebuttal Disclosure Deadline: October 4, 2021;

(3) Discovery Deadline: November 5, 2021;

(4) Dispositive Motion Deadline: December 6, 2021; and

(5) Pre-Trial Deadline: January 5, 2022.

The Parties have stipulated and agreed to the following modification to the Scheduling Order to accommodate the pending Motion to Amend:

      (1) Modified Expert Disclosure Deadline: January 6, 2023;

      (2) Modified Rebuttal Disclosure Deadline: February 10, 2023;

      (1) Modified Discovery Deadline: April 7, 2023;

      (2) Modified Dispositive Motion Deadline: March 12, 2023; and

      (3) Modified Pre-Trial Deadline: July 14, 2023.

This modification and extension will allow the Parties to complete discovery and motion practice amongst themselves, to address the service of the amended complaint, and to begin and complete pleading motions, dispositive motions and discovery with the newly added parties.

## IV. CONCLUSION

      For these reasons, the Parties stipulate and jointly motion the Court to modify the Scheduling Order to continue the discovery deadlines and all pre-trial deadlines.

DATED: October 13, 2021

**SF FIRM, LLP**

    /s/ Mark L. Smith

Mark L. Smith (NV Bar. No. 4762)
msmith@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, Nevada 89120
Telephone: (725) 666-8700
Facsimile:    (725) 666-8710

*Attorneys for Reflex Media, Inc.*

DATED: October 13, 2021

**SPIEGEL & UTRERA, P.C.**

    /s/ Michael Carrigan

Michael Carrigan (NV Bar No.: 9997)
attorneycarrigan@amerilawyer.com
**SPIEGEL & UTRERA, P.A.**
1785 E Sahara Ave
Las Vegas, NV 89104
Telephone: 702-364-2200
Fax: 702-458-2100
*Associate Resident of Nevada Counsel*

///

DATED: October 13, 2021

**SPIEGEL & UTRERA, P.C.**

/s/ Nicolas W. Spigner

Nicolas W. Spigner (CA Bar No. 312295)
attorneyspigner@amerilawyer.com
**SPIEGEL & UTRERA, P.C.**
8939 S. Sepulveda Blvd., Suite 400
Telephone: 800-603-3900
Fax: (800) 520-7800
Los Angeles, CA 90045
*Pro Hac Vice*

*Attorneys for Aaron Wallace*

### Order

IT IS ORDERED that ECF No. 229 is DENIED without prejudice. The Court is unsure whether the parties intentionally stipulated to extend discovery deadlines into 2023 or whether there was a typographical error. The Court is not inclined to extend discovery deadlines into 2023 absent exceptional circumstances demonstrating good cause. But if the parties are requesting to extend discovery deadlines into 2022, based on the reasons provided in this stipulation (ECF No. 229), the Court is inclined to find good cause.

**IT IS SO ORDERED**

**DATED:** 2:54 pm, October 14, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2021, the foregoing **STIPULATION AND JOINT MOTION TO MODIFY THE SCHEDULING ORDER AND TO CONTINUE DISCOVERY DEADLINES AND RELATED PRE-TRIAL DATES** was served on the person(s) named below via the Court's electronic filing system:

Michael Carrigan
SPIEGEL & UTRERA, P.C.
1785 E. Sahara Avenue, Suite 490
Las Vegas, NV 89104
attorneycarrigan@amerilawyer.com

Nicolas W. Spigner
SPIEGEL & UTRERA, P.C.
8939 S. Sepulveda Blvd., Suite 400
Los Angeles, CA 90045
attorneyspigner@amerilawyer.com

*Attorneys for Aaron Wallace*

              /s/ Melina Casack