UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Reflex Media, Inc., <br><br>  Plaintiff, <br><br>  v. <br><br> Doe No. 1, *et al*., <br><br>  Defendants. | Case No. 2:18-cv-02423-RFB-BNW <br><br> **ORDER re ECF No. 242** |

Plaintiff Reflex Media, Inc. ("Reflex") moves the Court for an order granting permission to (1) serve Defendant Arman Ali d/b/a D4 Solutions BD and/or D-4 Solutions BD ("Ali") by social media and e-mail, and (2) serve Defendant Yaseen Rehman ("Rehman") by international courier. ECF No. 242.

**I.    Background**

This is a case about extortion. Plaintiff alleges that it operates several dating sites and that Defendants initiated a scheme to extort their users. Specifically, Plaintiff alleges that Defendants' scheme goes like this: Some Defendants join one of Plaintiff's dating sites and pose as legitimate members to gather the personal information of other users. This information is then posted to another website where the users are accused of offering sex for money and/or are associated with child predation. The targeted users are then referred to a website where, for a fee, they can have their personal information removed from the "extortion website." As a result of this alleged scheme, Plaintiff filed suit in August of 2018. *See* ECF No. 1. Plaintiff filed its First Amended Complaint in October 2018 (ECF No. 33), its Second Amended Complaint in February 2019 (ECF No. 84), and its Third Amended Complaint on November 22, 2021 (ECF No. 236).

Plaintiff now moves to serve the summons and the Third Amended Complaint on Ali by e-mail and social media and to serve the new added Defendant Rehman by international courier.

## II.  Service by Alternative Means on Ali

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* Still, "without substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

Rule 4(f) and Rule 4(h)(2) govern service on an individual in a foreign country and on a foreign business entity, respectively. Rule 4(f)(3), in turn, allows for service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders."

Accordingly, service is proper under Rule 4(f)(3) so long as it is (1) ordered by the court; (2) not prohibited by international agreement; and (3) reasonably calculated, under the circumstances, to apprise the party of the action.

Plaintiff initially served Ali with a copy of the summons and Second Amended Complaint at a physical address, certain e-mail addresses, and Facebook pursuant to this Court's previous order permitting alternative service. ECF Nos. 157 and 158. Plaintiff represents Ali never answered or appeared in the case after being served with the original complaint or the Second Amended Complaint.

While attempting to serve the Third Amended Complaint, Plaintiff discovered that Ali was no longer at the physical address at which he was previously served and that the building was vacant. ECF No. 242-3. Plaintiff represents the hired process server spoke with neighbors, and

none were aware of him. *Id*. It appears the process server also called the telephone numbers on the D4 Solutions banner at ECF 242-2. Two of the listed telephone numbers were operable, and each person who answered said he had no way to get a hold of Ali and did not know his current whereabouts. ECF No. 242-3. Plaintiff then asked the same process service company to investigate Ali's whereabouts. That investigation is still ongoing. ECF No. 242-7. Plaintiff also conducted additional research to find an alternate address for Ali but has been unsuccessful to date. *Id*.

Plaintiff did, however, discover that Ali's Facebook page (at https://www.facebook.com/arman.ali.77582) has been updated since service of the Second Amended Complaint. *Id*.

The Court finds that alternative service under Rule 4(f)(3) is appropriate in this case.

The first element of Rule 4(f)(3) is met because the Court is ordering alternative service on Ali.

The second element of Rule 4(f)(3)—the method of service requested is not prohibited by international agreement—is also met. There is no international agreement between Bangladesh (where Ali resides) and the United States and, thus, there is no international agreement prohibiting service via e-mail and international courier. *See* Service of Process, U.S. Department of State – Bureau of Consumer Affairs (November 7, 2018), https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last visited January 11, 2022) (the United States is a party to two treaties on service of process, the Hague Service Convention and the Inter-American Convention on Letters Rogatory and Additional Protocol); Service of Process, U.S. Department of State – Bureau of Consumer Affairs (March 28, 2018), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Bangladesh.html (lasted visited January 11, 2022) (Bangladesh is not a party to either of these two treaties).

The third element of Rule 4(f)(3)—requiring that service be reasonably calculated to apprise Ali of the litigation—will also be met by serving Ali through his Facebook. *St. Francis*

*Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *1–2 (N.D. Cal. Sept. 30, 2016) (authorizing service of process through Twitter on foreign defendants located in a country that is not a signatory to a service of process treaty with the United States). Plaintiff represents this account was last accessed December 15, 2021. ECF No. 242-7, ¶ 10. Thus, service in this manner will reasonably apprise Ali of the Third Amended Complaint.

This Court has previously noted concerns regarding the e-mail addresses. ECF No. 157 at 6. However, because the Court finds that service to Ali's Facebook account is reasonably calculated to apprise Ali of this action, the Court need not determine whether this is also true for service via e-mail. Nonetheless, the Court will order Plaintiff to serve Ali at both e-mail addresses to provide additional chances for Ali to receive notice.

**III.    Service by Alternative Means on Rehman**

Unlike Bangladesh, Pakistan is a party to the Hague Service Convention and, therefore, service of a summons and complaint may be served in accordance with the provisions of the Hague and the declarations and reservations of Pakistan. HCCH Status Table, https://www.hcch.net/en/instruments/conventions/statustable/?cid=17 (last visited December 16, 2021). Service in accordance with the Hague requires the judicial officer of an originating state to send its request and documents for service to the receiving country's Central Authority. Hague Service Convention, Art. 3. The Central Authority of the receiving state must then serve the documents. Hague Service Convention, Art. 5.

In addition to service through the countries' respective authorities, the Hague allows for service by mail provided the signatory does not object. Hague Service Convention, Art. 10(a). Pakistan does not object to Article 10 of the Hague and permits service by mail. HCCH Declarations/Reservation/Notification, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=436&disp=resdn (last visited January 10, 2022).

The Supreme Court has established that service to a foreign defendant is permissible under Article 10 if two conditions are met: "[F]irst, the receiving state has not objected to service by mail; and second, service by mail is authorized by otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (citing *Brockmeyer v. May*, 383 F.3d 798 (9th Cir.

2004)). Authorization for service may be sought under Rule 4(f)(3), however, a plaintiff first "must obtain court approval for the alternative method of serving process." *Brockmeyer*, 383 F.3d at 806 (establishing that service by mail in accordance with Article 10 of the Hague may be completed so long as prior court authorization is sought under Rule 4(f)(3)).

Plaintiff has been able to discover two addresses for this Defendant: (1) H# 11 Abdullah City Opp Total Petro Faisalabad, 38000, Pakistan; and (2) Inspire Uplift IT Solutions, 1396-B, Block B People's Colony No. 1, Faisalabad, Punjab 38000, Pakistan. ECF No. 242-7. Given the above, the Court will authorize service by courier at both these addresses.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Reflex Media, Inc. shall serve a copy of the Summons and Third Amended Complaint on Defendant Arman Ali d/b/a D4 Solutions BD and/or D-4 Solutions BD ("Ali") by alternative means via e-mail and Facebook at the following addresses listed below and shall file a notice and supporting declaration with the Court confirming when service has been completed via these means.

E-mail Addresses: faarman@gmail.com and d4solutions@gmail.com

Facebook: https://www.facebook.com/arman.ali.77582

Service on Ali shall be deemed complete pursuant to Fed. R. Civ. P. 4(f)(3) when the Summons and Third Amended Complaint have been served by e-mail and Facebook at the foregoing addresses.

**IT IS FURTHER ORDERED** that Plaintiff Reflex Media, Inc. shall serve a copy of the Summons and Third Amended Complaint on Defendant Yaseen Rehman ("Rehman") by mail pursuant to Article 10(a) of the Hague Service Convention at the addresses listed below and shall file a notice and supporting declaration with the Court confirming when service has been completed.

Address No. 1: H# 11 Abdullah City Opp Total Petro Faisalabad, 38000, Pakistan.

Address No. 2: Inspire Uplift IT Solutions, 1396-B, Block B People's Colony No. 1, Faisalabad, Punjab 38000, Pakistan.

1       Service on Rehman shall be deemed complete pursuant to Fed. R. Civ. P. 4(f)(3) and the
2 Hague Service Convention when the Summons and Third Amended Complaint have been served
3 by international courier, signed receipt at any of the foregoing addresses.

5       DATED: January 11, 2022.

                                                      BRENDA WEKSLER
                                                      UNITED STATES MAGISTRATE JUDGE