# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Reflex Media, Inc., | Case No. 2:18-cv-02423-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Arman, et. al, | |
| Defendants. | |

Before the Court is Plaintiff's motion to seal for ECF No. 271. Defendant did not file a response.

## I.   Legal Standard

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

A compelling reason justifying sealing a record exists when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

On the other hand, given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir 2010). "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179).

Irrespective of the standard, the trial court has discretion to determine if the moving party has provided compelling reasons or good cause to seal the document. *Ctr. For Auto Safety,* 809 F.3d at 1097 (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 599 (1978)); *Phillips ex rel. Est. of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1211–12 (9th Cir. 2002).

## II. Analysis

Here, Plaintiff moves to seal Exhibit 5 to its motion for sanctions (ECF No. 272) and redact all information within the motion derived from this exhibit. ECF No. 271 at 1. Exhibit 5 contains records subpoenaed from Google. *See* ECF No. 271. Because this exhibit is attached to a non-dispositive motion and it is not more than tangentially related to the merits of the case, this Court will apply the good cause standard. *See Pintos*, 605 F.3d at 678.

Here, the Court finds that Plaintiff demonstrates good cause to seal Exhibit 5. Plaintiff argues that the information included is non-public such that it would be harmful to Google's business interests if released. ECF No. 271 at 2. The Court agrees. Exhibit 5 contains confidential client information related to the use of Google's emails, and sensitive recovery information related to emails in which log-in information has been lost. The Plaintiff also seeks to redact portions of the motion that contain the same sensitive information derived from Exhibit 5.[1] The public does not have a strong interest in learning about this specific information and revealing it would likely harm Google's business interests by disclosing sensitive and highly confidential information.

---

[1] The unredacted version of the motion is currently filed under seal at ECF No. 272. The redacted version is at ECF No. 271-2.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal at ECF No. 271 is **GRANTED**. The Clerk of Court is instructed that ECF No. 272 may remain sealed.

Given the unredacted version of the motion for sanctions will remain sealed, **IT IS FURTHER ORDERED** that Plaintiff must file the redacted version of such motion (currently at ECF No. 271-2) on the docket together with all the pertinent exhibits. The motion shall be titled "Redacted Version of ECF No. 272 Motion for Sanctions" and the document shall link to ECF No. 272. The only exhibit that need not be attached is Exhibit 5. Instead, Plaintiff must file a slip-sheet noting that the exhibit is under seal. The redacted version of this motion (currently at ECF No. 271-2) must be filed no later than July 20, 2022.

DATED: July 7, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE