**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Reflex Media, Inc.,<br><br>                    Plaintiff,<br><br>        v.<br><br>Doe No. 1, *et al.*,<br><br>                    Defendants. | Case No. 2:18-cv-02423-RFB-BNW<br><br>**ORDER re ECF NOS. 284, 290, & 294** |

Before the Court are Plaintiff Reflex Media, Inc.'s three unopposed Motions to Seal at ECF Nos. 284, 290, and 294.

I.      **Legal Standard**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.,* 435 U.S. 589, 597 (1978). As a result, if a party seeks to seal judicial records attached to a motion that is "more than tangentially related to the merits of a case[,]" they must provide "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016); *see also Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). But if a party seeks to seal judicial records attached to a motion that is "unrelated, or only tangentially related, to the underlying cause of action[,]" they must only show good cause. *Kamakana,* 447 F.3d at 1179–80 (internal quotation marks and citations omitted).

//

//

//

//

//

//

## II.   Analysis

### A.   Motion to Seal at ECF No. 284

Here, Plaintiff seeks to redact portions of its Reply in Support of its Motion for Sanctions and to seal Exhibit 6.[1] ECF No. 284 at 1. Because the motion for sanctions pertains to discovery and is not related to the merits of the case, the "good cause" standard applies.

Plaintiff argues that Exhibit 6 and redacted portions of the Reply that reference it should remain under seal because they contain non-party Google, LLC's confidential and proprietary information, including trade secrets. *Id.* at 2. According to Plaintiff, public disclosure of this information would harm Google's business interests. *Id.* The Court agrees.

Exhibit 6 contains confidential information related to Google subscribers' Gmail accounts. The public does not have a strong interest in learning about this information and revealing it would not only infringe on subscribers' privacy interests but may also harm Google's business interests. *See Music Grp. Macao Commercial Offshore Ltd. v. Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015); *see also Youtoo Techs., Inc. v. Twitter, Inc.*, No. 317CV00414LRHWGC, 2017 WL 3396496, at *2 (D. Nev. Aug. 7, 2017). As a result, the Court finds that good cause exists to keep Exhibit 6 under seal.

With respect to the Reply (at ECF No. 285), the currently redacted references to Exhibit 6 on pages 9 and 10 of the brief will remain redacted for the same reasons discussed above, as they contain confidential Google subscriber information. However, Plaintiff's references to Exhibit 6 on pages 1 and 8 of its Reply should not be redacted, as these pages do not reference any confidential client information or proprietary business information.

Accordingly, the Court will grant in part and deny in part Plaintiff's Motion to Seal at ECF No. 284. The Court will further order Plaintiff to refile its Reply, without the redactions on pages one and eight, and all accompanying exhibits (with the exception of Exhibit 6 which may remain sealed). This must be done within seven days of this Order.

//

---

[1] The unredacted Reply and exhibits are currently sealed and filed at ECF No. 285. The proposed redacted version is at ECF No. 284-2.

**B.    Motion to Seal at ECF No. 290**

Here, Plaintiff seeks to redact portions of its Motion for Summary Judgment and seal Exhibits 7 and 24.[2]  ECF No. 290 at 1. Because the summary judgment motion is dispositive and is directly related to the merits of the case, the "compelling reasons" standard applies.

Because Exhibit 7 contains private and confidential information obtained from Google about one of the Defendants, Plaintiff argues that its release could be used to promote public scandal or the circulation of libelous statements. *Id*. at 2. The Court agrees.

The risk of the information being used for improper purposes provides a compelling reason and outweighs the public's interest in learning the information. *See Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598) (noting that compelling reasons to seal exist when the "'court files might 'become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets'").

As to Exhibit 24,[3] Plaintiff argues that it contains an attorney's clients' personal identifying information (e.g., names, e-mail addresses). ECF No. 290 at 3. Plaintiff argues that these clients are victims of the alleged extortion business underlying this case and, as a result, release of their personal identifying information could lead to harassment, embarrassment, or ridicule. *Id.* The Court finds that compelling reasons exist to keep the personal identifying information in Exhibit 24 under seal because public disclosure of this information could be used for improper purposes. *McMillan v. Chaker*, 2017 LEXIS 163990 at *6-7 (S.D. Cal. Sept. 29, 2017). However, Plaintiff has not suggested any compelling reasons for why the *entire* exhibit should remain sealed. The Court therefore orders Plaintiff to redact all personal identifying information in Exhibit 24 and refile it.

With respect to Plaintiff's Motion for Summary Judgment (filed at ECF No. 289), the redaction on page four, which references the clients' confidential information, will remain redacted for the same reasons previously discussed.

---

[2] The unredacted Motion for Summary Judgment is currently sealed and filed at ECF No. 289. Exhibits 7 and 24 are sealed at ECF Nos. 289-9 and 289-26. The proposed redacted version of the Motion for Summary Judgment is at ECF No. 290-2.

[3] Page two of ECF No. 290 refers to Plaintiff's request to seal Exhibit 23. It is clear to the Court, however, that this was a typographical error and Plaintiff meant to refer to Exhibit 24.

1    Accordingly, the Court will grant in part and deny in part Plaintiff's Motion to Seal at

2  ECF No. 290. It will order that Plaintiff's unredacted Motion for Summary Judgment (at ECF No.

3  289) and the accompanying Exhibit 7 (filed at ECFP No. 289-9) remain under seal. It will further

4  order Plaintiff to refile ECF No. 290-2 on the docket and entitle it "Redacted Motion for

5  Summary Judgment" with all exhibits (except Exhibit 7 which may remain sealed and Exhibit 24

6  which must redact only the personal identifying information.). This must be filed within seven

7  days of this Order.

8    **C.    Motion to Seal at ECF No. 294**

9    Lastly, Plaintiff seeks to seal Exhibit 19 attached to Defendant Aaron Wallace's Motion to

10  Compel[4] (ECF No. 291) and replace it with a redacted copy of the same document (filed at ECF

11  No. 294-3). ECF No. 294 at 1.

12    Plaintiff also asks that the unredacted portions of its motion to seal; the attached

13  declaration; and the accompanying Exhibits 1 and 4 be sealed (Filed at ECF Nos. 295, 295-1,

14  295-4, and 295-5). *Id.* at 5. Each of these documents references the information contained in

15  Exhibit 19 and, for the same reasons discussed below, will be sealed.

16    Because the motion to compel pertains to discovery and is not related to the merits of the

17  case, the "good cause" standard applies.

18    Plaintiff argues that Exhibit 19 contains sensitive and confidential information about one

19  of its former employees that would cause the former employee irreparable harm if made public.

20  *Id. at 4.* The Court agrees.

21    Good cause exists to seal Exhibit 19 (and the other documents that discuss the confidential

22  information found in this exhibit) because release of the information would infringe upon

23  Plaintiff's privacy interests. *Music Grp. Macao Commercial Offshore Ltd.* 2015 WL 3993147, at

24  *2.

25    Accordingly, Exhibit 19 (filed at ECF No. 291-20) will remain sealed and be replaced

26  with the redacted copy of the same document currently filed at ECF No. 294-3. Defendant is

27  directed to refile ECF 291 with all accompanying exhibits (except that Exhibit 19 may remain

28
_____
[4] This document is currently sealed and filed at ECF No. 291-20.

1  sealed). In addition, the unredacted version of Plaintiff's Emergency Motion to Seal, the attached

2  declaration, and the accompanying Exhibits 1 and 4 (at ECF No. 295) will also remain under seal.

3  **III.    Conclusion and Order**

4         Accordingly, **IT IS ORDERED** that Plaintiff Reflex Media, Inc.'s motion to seal at ECF

5  No. 284 is GRANTED IN PART and DENIED IN PART consistent with this Order.

6         **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to maintain

7  Exhibit 6 at ECF No. 285-8 under seal.

8         **IT IS FURTHER ORDERED** that Plaintiff must refile its redacted Reply in Support of

9  Plaintiff's Motion for Sanctions Against Aaron Wallace for Failure to Comply with Court Order

10  at ECF No. 284-2 within seven days of the issuance of this Order. The motion must include all of

11  the exhibits (except for Exhibit 6 which will remain sealed).

12         **IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal at ECF No. 290 is

13  GRANTED IN PART and DENIED IN PART consistent with this Order.

14         **IT IS FURTHER ORDERED** that the Clerk of the Court is kindly directed to maintain

15  Exhibit 7 at ECF No. 289-9 under seal.

16         **IT IS FURTHER ORDERED** that Plaintiff must refile ECF No. 290-2 on the docket and

17  entitle it "Redacted Motion for Summary Judgement." This motion must contain all of the

18  exhibits and attach a redacted version of Exhibit 24. Exhibit 6 may remain sealed. This motion

19  must be refiled within seven days of the issuance of this Order.

20         **IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal at ECF No. 294 is

21  GRANTED.

22         **IT IS FURTHER ORDERED** that the Clerk if the Court is kindly directed to maintain

23  ECF Nos. 295, 295-1, 295-4, and 295-5 under seal.

24         **IT IS FURTHER ORDERED** that the Clerk of the Court is kindly directed to maintain

25  ECF No. 291-20 under seal.

26  //

27  //

28  //

1    **IT IS FURTHER ORDERED** that Defendant Aaron Wallace must refile its Motion to

2    Compel filed June 27, 2022, with all accompanying exhibits (except for Exhibit 19 which may

3    remain sealed).

4

5    DATED: July 28, 2022.

6    _____

7    BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28