UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REFLEX MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARMAN ALI, d/b/a D4 Solutions BD, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-02423-RFB-BNW <br><br> **ORDER on Motion for Sanctions** <br> **ECF 320** |

Before the Court is Defendant Wallace's Motion for Case-Dispositive Sanctions, and, Alternatively, Further Discovery and Evidentiary Sanctions against Plaintiff. (ECF No. 320). The opposition is at ECF No. 321 and the Reply is at ECF No. 324.

The parties are familiar with the nature of the case and the arguments presented. As a result, the Court does not repeat them here.

The Court would ordinarily begin to address the instant motion by determining whether case-dispositive sanctions are merited. However, in order to do that, the Court would first need to have a clear understanding of the arguments supporting such request—which, as discussed below, it does not.

Generally speaking, Defendant seeks case-dispositive sanctions based on (1) Plaintiff's failure to follow this Court's Order to respond to discovery requests and production of an improper privilege log and (2) purported deceitful conduct by Plaintiff. ECF No. 320 at 18. But the motion does not make clear (1) whether Defendant is moving to compel specific documents[1] and, if so, what the text of the request and the response as to each is (see LR 26-6(b)), (2) which

---

[1] If Defendant is intending to compel production of specific documents then his motion violates Local Rule IC 2-2(b) which requires that "for each type of relief requested . . . a separate document must be filed and a separate event must be selected for that document." Here, the motion appears to switch between establishing the grounds for sanctions and compelling the production of documents.

discovery requests put pre-litigation investigation at issue, (3) which requests are subject to the "dual purpose" doctrine, and (4) as to which requests is the log "incomplete."

Unable to determine whether Plaintiff must comply with any such requests, or whether it is in violation of this Court's order, this Court cannot proceed any further. The Court can, nevertheless, determine that Plaintiff did not withhold what defendant characterizes as "exculpatory evidence." Third-parties, Cyberactive and 247 Removal, responded to subpoenas issued by Plaintiff. The documents that they provided to Plaintiff Reflex Media were produced in February 2022 to Defendant Wallace in their native formats. Furthermore, the zipped files were also later produced in pdf format. Though Defendant claims that this was done to prevent them from opposing summary judgment, Defendant has suffered no prejudice because Plaintiff's motion for summary judgment was denied. Thus, this Court would not grant case-terminating sanctions on this basis.

Plaintiff's motion at ECF No. 320 is **DENIED without prejudice**.

To the extent Defendant seeks to re-file this motion, it must clearly delineate each argument and provide the legal principles applicable to each argument. In addition, it must be filed by October 16, 2023. Given the age of this case, should such motion be filed, this Court will treat the matter on an expedited basis.

DATED: September 25, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE